IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAJEED SEIFI & TRACEY DEAKIN,

    Plaintiffs,

v.

MERCEDES-BENZ USA, LLC,

    Defendant.

NO. C12-5493 TEH

ORDER DENYING MOTION TO TRANSFER VENUE

Presently pending before the Court is a motion by Defendant Mercedes-Benz USA, LLC ("Mercedes") requesting that this case be transferred to the United States District Court for the District of New Jersey. Having carefully considered the parties' papers and their oral arguments at the April 1, 2013, hearing, the Court DENIES Mercedes's motion for the reasons set forth below.

**BACKGROUND**

In this suit, Plaintiffs Majeed Seifi and Tracey Deakin ("Plaintiffs") assert claims on behalf of themselves and a proposed class of "owners and lessees within California of Mercedes vehicles equipped with either the M272 or the M273 engines." Compl. ¶ 34 (Docket No. 1). Plaintiffs reside in Northern California, while Mercedes has its principal place of business in New Jersey.

Plaintiffs allege that the Mercedes M272 and M273 engines contain defective gears that cause the vehicles to malfunction, necessitating major repairs. Specifically, they allege that a defective balance shaft gear in Seifi's 2006 Mercedes ML-350 caused an engine malfunction resulting in a $6,000 repair, and a similar problem with Deakin's 2006 Mercedes

ML-350 required a $7000 repair. Mercedes allegedly refused to cover these repairs on the ground that the vehicles were out of warranty when the engines malfunctioned. According to Plaintiffs, Mercedes knew about these defects and made misrepresentations about the reliability of its vehicles with M272 and M273 engines. Plaintiffs' complaint sets out claims for breach of warranty under California law and violations of California's Unfair Competition Law ("UCL") and the California Consumer Legal Remedies Act ("CLRA").

The same attorneys who represent the plaintiffs in this action previously brought suit against Mercedes in the District of New Jersey on behalf of a different group of named plaintiffs. *See Suddreth v. Mercedes-Benz, LLC*, No. 10-CV-5130, 2011 WL 5240965 (D.N.J. Oct. 31, 2011). In *Suddreth*, the plaintiffs sought to represent a nationwide class of Mercedes owners and complained of the same defects in Mercedes's M272 and M273 engines that are alleged in this case. The *Suddreth* complaint set out claims under New Jersey, Massachusetts, and Illinois law for breach of warranty and unjust enrichment, as well as various fraud-based and tort-based claims.

Prior to the commencement of discovery in *Suddreth*, Mercedes filed a motion to dismiss, which the district court granted, dismissing the case with prejudice on October 31, 2011. *See id.* The plaintiffs then requested post-judgment relief, including leave to file an amended complaint. Their request was denied on July 31, 2012, and they did not appeal.

Approximately three months later, on October 24, 2012, the same attorneys filed the present action in this Court. Mercedes now moves to transfer this action to the District of New Jersey.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "[G]reat weight is generally accorded plaintiff's choice of forum." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (internal citation omitted). Transfer of venue will be granted if the moving party establishes that: (1) the

2

action could have been brought in the district to which it proposes the case be transferred, and (2) that district is a "more appropriate forum for the action." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). The determination whether the proposed transferee district is a more appropriate forum is based on the court's careful consideration of the facts and circumstances of the particular case. *Id.* at 498.

**DISCUSSION**

The parties agree that Seifi could have brought this action in the District of New Jersey, and the Court finds that venue would be proper there under 28 U.S.C. § 1391. At issue is only whether Mercedes has established that the District of New Jersey is a more appropriate forum for the action than is this district, taking into account the convenience of the parties and witnesses and the interests of justice.

**A. Convenience Factors**

In determining the appropriate weight to give to a plaintiff's choice of forum, courts consider the extent of both plaintiffs' and defendants' contacts with the forum, particularly those contacts that are relevant to the plaintiff's causes of action. *Lou*, 834 F.2d at 739. Although a plaintiff's choice of forum is entitled to deference, when, as in this case, "an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Id.* This is so because "the claim of any one plaintiff that a forum is appropriate merely because it is his home is considerably weakened when there are thousands of potential plaintiffs." *Madani v. Shell Oil Co.*, No. 07-CV-4296, 2008 WL 268986, at *2 (N.D. Cal. Jan. 30, 2008).

Although the convenience of the forum to Seifi and Deakin weighs less heavily than it would have were this case not pled as a class action, the Northern District of California is indisputably a more convenient forum for members of the proposed class of California owners and lessees, as well as for the named plaintiffs and their witnesses. Seifi, Deakin, and all proposed class members are located in California, and Mercedes requests transfer not to a different district within California, but to the District of New Jersey. Plaintiffs' witnesses –

3

including third-party witnesses from the car dealerships and repair shops that serviced Plaintiffs' vehicles – are also located in California.

The District of New Jersey would be a more convenient forum for Mercedes, which is headquartered in New Jersey and has no offices or facilities in this district. Moreover, witnesses and documents that are potentially relevant to Plaintiffs' allegations with respect to Mercedes's knowledge of the alleged defects and misrepresentations about the reliability of its vehicles are located in New Jersey. However, Mercedes's vehicles are designed and manufactured in Germany, not New Jersey, so any evidence related to the existence of the alleged defects, as opposed to Mercedes's marketing, would be located either in Germany – where the vehicles were designed and manufactured, or in California – where Plaintiffs' vehicles were repaired.

The Court finds that the convenience of the parties and the witnesses weighs against transfer.

**B. Interests of Justice**

In determining whether the interests of justice favor transfer, courts look primarily at considerations of judicial economy, particularly the relative familiarity of the proposed transferor and transferee courts with the subject matter of the case and the law that governs it. *See Madani*, 2008 WL 268986, at *2. Courts also consider the need to avoid conflicting rulings and discourage forum shopping. *Wireless Consumers Alliance*, *Inc. v. T-Mobile USA*, *Inc.*, No. 03-CV-3711, 2003 WL 22387598, at *5-6 (N.D. Cal. Oct. 14, 2003).

Mercedes argues that this case is the result of forum shopping, and that Plaintiffs' choice of forum therefore should be given little deference. *Fourrand v. Federal Express Corp.*, No. 07-CV-4674, 2008 WL 276389, at *3 (N.D. Cal. Jan. 31, 2008) (observing that a plaintiff's choice of forum is given "little deference" when it appears that forum shopping has occurred). This is in part because, when a case is filed as the result of forum shopping, transfer of venue frequently permits a more efficient use of judicial resources. For example, if a case brought against the same defendant by the same plaintiff alleging the same claims is pending in a different district or division, the "possible consolidation of discovery or witness

4

testimony" counsels in favor of transfer. *Wireless Consumers Alliance*, 2003 WL 22387598, at *4. Even if the earlier-filed action is no longer pending in the proposed transferee district, judicial economy favors transfer when transfer would permit the claims to be adjudicated by a court that has invested "significant time and resources" familiarizing itself with identical facts and issues in the prior action. *Madani*, 2008 WL 268986, at *2. Similarly, if the named plaintiffs in an action reside in the district where the prior suit was brought, or if the facts giving rise to plaintiffs' claims predominantly arose in that district, the court's interest in efficient administration of the case often favors transfer. *See Fourrand*, 2008 WL 276389, at *3.

None of these fact patterns is present in this case, and on balance, considerations of judicial economy weigh against transfer, despite the appearance of forum shopping. The temporal proximity between the dismissal of *Suddreth* and the filing of the present action, the substantial similarities between the factual allegations in this case and in *Suddreth*, and the fact that the cases were filed by the same attorneys suggest that forum shopping has occurred. However, this case differs from *Suddreth* in three important respects. First, the parties are not the same: Plaintiffs do not assert claims on behalf of a nationwide class, but rather only on behalf of owners and lessees of Mercedes vehicles who are located in California. Second, the facts are not the same: Plaintiffs' complaint contains allegations based on facts uncovered after the *Suddreth* action was dismissed, and which the *Suddreth* court did not consider in granting Mercedes's motion to dismiss. And third, the claims are not the same: the complaint sets out claims under California law that were not present in the *Suddreth* action and not addressed by that Court. Since the plaintiffs are in California, many of the operative facts are tied to California, and Plaintiffs' claims are asserted under California law, this district has a greater interest in the parties and subject matter than does the District of New Jersey.

Moreover, there is no risk that this Court would issue a ruling that conflicts with the court's ruling in *Suddreth*. *Suddreth* was dismissed prior to class certification, the named plaintiffs in that action are not part of the proposed class in this case, and this action involves

claims under California law and factual allegations not present in the complaint that was dismissed in *Suddreth*.

Finally, the District Court for the District of New Jersey is unlikely to have invested a significant amount of time and energy in the *Suddreth* action, which was dismissed before the commencement of discovery. Therefore, it would be a burden on that district's resources to transfer the present action, involving exclusively claims under California law. This Court's presumptively superior familiarity with California law puts it in a better position to efficiently address the legal issues raised in Plaintiffs' complaint.

In light of the differences between *Suddreth* and the present action, the early stage of the proceedings at which *Suddreth* was dismissed, and the substantial connection between California and the operative facts alleged in Plaintiffs' complaint, the Court finds that the interests of justice also weigh against transfer.

**CONCLUSION**

Because the convenience of the parties and witnesses and the interests of justice favor keeping this action in the Northern District of California, Defendant's motion to transfer venue is DENIED.

**IT IS SO ORDERED.**

Dated: 04/02/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

6