1  Roy A. Katriel (SBN 265463)
   THE KATRIEL LAW FIRM
2  12707 High Bluff Drive, Suite 200
   San Diego, California 92130
3  Telephone: (858) 350-4342
   Facsimile:   (858) 430-3719
4  e-mail: rak@katriellaw.com

5  *Counsel for Plaintiffs*

6  *[additional Plaintiffs' Counsel listed on signature block]*

7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO DIVISION

12

13 MAJEED SEIFI AND TRACEY DEAKIN, On          CASE NO. 3:12-cv-5493-TEH
   Behalf of Themselves And All Others Similarly
14 Situated,                                    **PLAINTIFFS' OPPOSITION TO
                                                DEFENDANT'S MOTION TO DISMISS
15                Plaintiff,                    AND STRIKE CERTAIN
                                                ALLEGATIONS  OF FIRST AMENDED
16         v.                                   COMPLAINT**

17 MERCEDES-BENZ USA, LLC,                      **Hearing Date: September 30, 2013
                                                Time:          10:00 am
18                Defendant.                    Judge:         Hon. Thelton E. Henderson
                                                Courtroom:     12**

19

20

21

22

23

24

25

26

27

28 Plaintiffs' Opp. to Dft's Mtn. To                              No. 3:12-cv-5493-TEH
   Dismiss And Strike Certain Allegations            *Seifi et. al .v. Mercedes-Benz USA, LLC*
   Of First Amended Complaint

**TABLE OF CONTENTS**

INTRODUCTION AND PROCEDURAL HISTORY………………………………………..1

I.    MBUSA's ATTACK ON PLAINTIFF'S CLRA MONEY DAMAGES CLAIM IS WITHOUT MERIT……………………………………………………………………2

    A.  Plaintiffs Were Not Required To Obtain Leave Of Court To Seek Money Damages For Their CLRA Claim Because They Had A Statutory Right To Amend Without Seeking Leave Of Court…………………………………………………...……………2

    B.  Plaintiffs' CLRA Demand Letter Was Not Untimely Because Plaintiffs' Original Class Action Complaint Did Not Allege A CLRA Claim Seeking Monetary Relief…..2

    C.  MBUSA's Remaining Attack On Plaintiffs' CLRA Demand Letter Has Already Been Rejected As Part Of The Court's Order Denying MBUSA's Motion To Strike…6

    D.  Plaintiffs' CLRA Demand Letter Was Proper In All Respects…………………………7

II.   MBUSA's SEPARATE ATTACK ON PLAINTIFFS' EXPRESS WARRANTY CLAIM ALSO FAILS…………………………………………………………...………9

CONCLUSION………………………………………………………………………...…..12

# TABLE OF AUTHORITIES

**Cases:**

*Ellis v. McKinnon Broad. Co.*,
 18 Cal. App. 4th 1796 (1993)……………………………………………………………..….10

*Gunther-Wahl Productions, Inc. v. Mattel, Inc.*,
 104 Cal.App. 4th 27 (2002)……………………………………………………...……………11

*In re Apple In-App Purchase Litig.*,
 855 F. Supp.2d 1030 (N.D. Cal. 2012)……………………………………………………...8

*Meyer v. Sprint Spectrum L.P.*,
 45 Cal.4th 634 (2009)……………………………………………………………………….9

*Nyulassy v. Lockheed Martin Corp.*,
 120 Cal.App.4th 1267 (2004)……………………………………………………...…………10

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC,*
 55 Cal.4th 223 (2012)…………………………………………………………………..…………10

*Sanbrook v. Office Depot, Inc.*,
 2008 WL 1994884 (N.D. Cal. May 5, 2008)……………………………………………..……6

*Stacy v. Brinker Restaurant Corp.*,
 2012 WL 5186975 (E.D.Cal. Oct. 18, 2012)……………………………………………..……10

*United States v. Taibi*,
 2012 WL 553143 (S.D. Cal. Feb. 21, 2012)……………………………………..…………….11

**Statutes:**

Cal. Civ. Code, § 1760……………………………………………………………………………..12

Cal. Civ. Code, § 1782……………………………………………………………………..……….1, 2

Cal. Civ. Code, § 1780……………………………………………………………………..……..8-9

**INTRODUCTION AND PROCEDURAL HISTORY**

On October 24, 2012, Plaintiffs Majeed Seifi and Tracey Deakin (collectively "Plaintiffs") filed a Class Action Complaint against Defendant Mercedes-Benz USA, LLC, in which they alleged claims for: breach of express warranty; breach of implied warranty under the California Song-Beverly Act; violations of the California Legal Remedies Act ("CLRA"); and, violations of California's Unfair Competition Law ("UCL").  *See* Dkt No. 1 (original Class Action Complaint). MBUSA moved to dismiss that complaint in its entirety and to strike its class allegations.  *See* Dkt. No. 9.  On May 23, 2013, the Court entered an Order in which it dismissed with prejudice Plaintiffs' Song-Beverly Act claim, but upheld Plaintiffs' CLRA and UCL claims.  *See* Dkt. No. 42 (Order Denying in Part and Granting in Part Mtn. to Dismiss).  The Court also dismissed without prejudice Plaintiffs' express warranty claim, finding that Plaintiffs had properly pled procedural unconscionability of the express warranty, but had failed to properly allege substantive unconscionability.  *Id*. at 8:18-21. Plaintiffs were granted leave to amend to attempt to allege proper facts to support a showing of substantive unconscionability of MBUSA's express warranty's durational limits as applied to the defect alleged. *Id*. at 15:2-3;6.  The Court also denied MBUSA's motion to strike the class allegations, finding that the argument was premature and was best addressed as part of a Rule 23 class certification motion analysis.  *Id*. at 14:20-25.

On July 5, 2013, Plaintiffs filed their First Amended Complaint ("FAC"), in which they made new and additional allegations supporting their contention that MBUSA's express warranty, as applied to the defect at issue, was substantively unconscionable.  *See* FAC, at ¶¶ 55-63 and Exs. 10-15 to FAC . The FAC kept intact Plaintiffs' CLRA claim, but clarified that in this amended pleading Plaintiffs were now also seeking monetary relief, as they had served MBUSA's with the requisite CLRA demand letter more than 30 days prior to the filing of the FAC, as is required by California Civil Code, Section 1782(d). *Id*. at ¶¶ 78-79.   Consistent with the Court's Order, Plaintiffs' FAC omitted any claim under the Song Beverly Act, with that claim having been dismissed with prejudice by the Court's Order.  The class allegations of the FAC were identical to those allegations of the original complaint.

MBUSA has now moved again to dismiss both the CLRA money damages claim as well as

1

Plaintiffs' claim for breach of the express warranty, and also seeks to strike the class allegations of the FAC, as it unsuccessfully sought to do with respect to the original Class Action Complaint. This renewed motion is without merit and should be denied for the reasons detailed below.

## I. MBUSA's ATTACK ON PLAINTIFF'S CLRA MONEY DAMAGES CLAIM IS WITHOUT MERIT.

### A. Plaintiffs Were Not Required To Obtain Leave Of Court To Seek Money Damages For Their CLRA Claim Because They Had A Statutory Right To Amend Without Seeking Leave Of Court.

MBUSA's attack on Plaintiffs' CLRA money damages claim is meritless. MBUSA claims that Plaintiffs were not granted leave to amend to make this plea. *See* MBUSA's Br. at 11:16-12:5. The plain text of the CLRA statute, however, provides plaintiffs with one amendment as of statutory right, ***without further leave of Court***, in which they can plead an original CLRA claim for injunctive relief, and then upon serving the CLRA demand letter and awaiting the 30-day minimum statutory window for the defendants to accede to the demand letter, amend the complaint to seek relief for money damages. Below is the plain text of the statute, which MBUSA apparently never bothered to read:

> (d) An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a). Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), ***the consumer may amend his or her complaint without leave of court to include a request for damages***. The appropriate provisions of subdivision (b) or (c) shall be applicable if the complaint for injunctive relief is amended to request damages.

Cal. Civ. Code, § 1782(d) (emphasis added).

Because the right to amend is granted in the text of the statute itself, no further leave of Court was required. MBUSA's argument has no basis in law.

### B. Plaintiffs' CLRA Demand Letter Was Not Untimely Because Plaintiffs' Original Class Action Complaint Did Not Allege A CLRA Claim Seeking Monetary Relief.

Equally unavailing is MBUSA's contention that Plaintiffs' CLRA demand letter was untimely because it was served after Plaintiffs pled a CLRA claim for money damages in their original Class Action Complaint. This is untrue, as even a cursory review of the original Class

2

Action Complaint plainly reveals.  Therein, Plaintiffs went out of their way to plead as part of their CLRA claim (Count III) that:

> 72.   Defendant has therefore violated the Consumers Legal Remedies Act, and Plaintiffs pray *for equitable and injunctive relief authorized by that Act, and for such additional relief as is set forth below*.
>
> 73.   *Pursuant to Cal. Civ. Code §1782, in conjunction with the filing of this action, Plaintiffs' counsel is notifying Defendant by separate letter of the particular violations of the CLRA and demanding that it correct or agree to correct the actions described herein.  If Defendant fails to do so, Plaintiffs shall amend this Complaint as of right (or otherwise seek leave to amend the Complaint) to include compensatory and monetary damages to which Plaintiffs and the class are entitled.*

Dkt No. 1 (Plaintiffs' Original Class Action Complaint), at ¶¶ 72-73 (emphasis added).

Quite obviously then, any fair-minded reading of the original Class Action Complaint would reveal that Plaintiffs, in fact, expressly disavowed seeking any monetary relief as part of their CLRA claims. MBUSA conveniently ignores these plain and unambiguous allegations. MBUSA ignores these crystal clear allegations (which it does not even cite in its motion) and refers instead to other paragraphs of the Class Action Complaint pertaining to claims other than the CLRA count, in which Plaintiffs permissibly referenced or sought money damages for some of those other claims.  The sheer baselessness of MBUSA's (mis)representation is readily apparent when one looks at the paragraphs of the original Class Action Complaint that MBUSA chose to cite as part of its argument that Plaintiffs' original CLRA count sought money damages.

Again, without citing the actual paragraphs on point (i.e., paragraphs 72 and 73 of the original Class Action Complaint), MBUSA directs the Court to paragraph 36(f) of the original pleading.  That citation is baffling for not only is it a paragraph that is not part of the CLRA claim (Count III), but is a paragraph that does not purport to even seek any relief at all, but rather is pled within a section of the original complaint, entitled "Class Action Allegations" and states that:

> 36. Class certification is also appropriate because there are questions of fact and/or law that are common to the class members.  Among these common questions of fact and/or law are:
>
> . . . .

3

  f. Whether class members are entitled to the relief sought, and if so, the proper scope of such relief, including, but not limited to the proper measure of damages.

Dkt. No. 1 (Original Class Action Complaint), at ¶ 36(f) (cited in MBUSA's Br. at 10:5-6).

  Of course, that allegation does not state that Plaintiffs are seeking money damages as part of their CLRA claim. Rather, it alleges that the question of what relief all class members are entitled to is a common one for class certification purposes.

  MBUSA also cites paragraph 55 of Plaintiffs' original pleading as purported evidence that Plaintiffs' original complaint pled a money damages CLRA claim. But Paragraph 55 is drafted and found not in the CLRA count of the original complaint, but rather is the last paragraph of Count I, the express warranty claim, as part of which Plaintiffs did rightfully seek money damages. The plain language of that paragraph makes abundantly clear that the money damages sought are for MBUSA's breach of its express warranty, not for any CLRA violations:

> 55. As a proximate, foreseeable, and direct result *of Defendant's breach of its express warranty*, Plaintiffs and the class members have suffered legal and actual injury, including the expenditure of money damages to have their vehicles repaired and associated expenses, damages associated with the loss of use and enjoyment of their vehicles, and damages associated with the decreased value of their vehicles.

Dkt. No. 1 (Original Class Action Complaint), at ¶ 55 (emphasis added).

  No doubt aware of this qualifier in the very text of paragraph 55, MBUSA argues that Plaintiffs "incorporated these requests into their CLRA claim." MBUSA's Br. at 10:6-7 (citing Dkt. No. 1 at ¶ 70)). That characterization, however, does not aid MBUSA's cause. For when Plaintiffs included, as is standard pleading practice, an incorporation by reference allegation at paragraph 70 of their original complaint (which is found within the CLRA section of the pleading), what they actually pled was that, "Plaintiffs hereby incorporate by reference each of the preceding allegations *as though fully set forth herein*." Dkt. No. 1, at ¶ 70 (emphasis added). So, even if by virtue of paragraph 70 (found within the CLRA claim), paragraph 55 (not found within the CLRA claim) could be said to have been realleged by Plaintiffs within the CLRA claim section of their original complaint, that would only mean that paragraph 55 verbatim would be copied in

4

that section. So what ? Paragraph 55, by its express terms, states only that Plaintiffs have suffered money damages as a "direct result of Defendant's breach of its express warranty." Dkt. No. 1, at ¶ 55. Whether that allegation is found at page 2 or 12 of the complaint is irrelevant because that allegation assuredly does not say that Plaintiffs seek money damages as redress for MBUSA's CLRA violations.

The only other paragraph cited in MBUSA's latest motion, paragraph 67 of the original complaint, is even less on point. That paragraph was also not pled as part of the CLRA count (Count III) of the original complaint, but instead is found as part of Count II, the UCL claim. Moreover, that paragraph makes no demand for any relief. It merely asserts that as a result of MBUSA's UCL violations, Plaintiffs and class members lost money. Paragraph 67 does not purport to seek recovery of this loss as part of the CLRA claim. Here is what it actually states:

> 67. As a direct, proximate, and foreseeable result of Mercedes' unlawful and/or deceptive business practice, Plaintiffs and the putative class members have sustained an ascertainable loss and actual damages, in that: they are left with an expense of thousands of dollars to have their vehicles repaired to remedy the defective balance shaft or idle gears; their vehicles have sustained a loss or diminution of value as a result of this undisclosed defect; and, have or will incur incidental damages attributable to the loss of use of the vehicle during the time that the vehicles are being repaired.

Dkt. No. 1 (Original Class Action Complaint), at ¶ 67.

Regardless of whether paragraph 67 found within the UCL count of the original complaint is deemed to also be repeated within the CLRA section as a result of the incorporation by reference doctrine, that paragraph clearly does not state that Plaintiffs are demanding money damages as compensation for any CLRA violations.

Nor can MBUSA rely, as it attempts to do, on the original Class Action Complaint's Prayer for Relief, in order to argue that the CLRA count specifically (as opposed to the other counts of the complaint) sought money damages. *See* MBUSA's Br. at10:6 (citing Original Class Action Complaint, at Prayer for Relief, ¶(d)). That part of the original Class Action Complaint's Prayer for Relief prayed "[t]hat damages and/or restitution or disgorgement be awarded to each Plaintiff and class member according to proof." Prayer for Relief, ¶ (d). But the reference to

5

damages was clearly appropriate because damages were properly demanded in the other counts of Plaintiffs' original Class Action Complaint, and the Prayer for Relief assuredly did not assert that damages should be awarded as compensation specifically for the CLRA claims.

The fact of the matter is that, contrary to MBUSA's concocted reading of the original Class Action Complaint, Plaintiffs expressly disclaimed any claim for monetary relief as part of their original CLRA claim. That ends the inquiry. That Plaintiffs properly sought money damages as redress for other counts of their original Class Action Complaint, or even as part of a global Prayer for Relief, does not change the calculus. As this Court has held:

> [T]he court concludes that, as pleaded, plaintiff's complaint does not seek damages for the alleged CLRA violations. In her third, fifth, sixth and seventh claims, plaintiff specifies with respect to each of those claims that she is seeking damages. In contrast, she only specifies a request for equitable relief in her first, second and fourth claims. Although her global prayer for relief does not limit her damages claims to specific legal theories and thus could be read to ask for damages on her CLRA claim, the prayer is not technically part of the complaint.. Therefore, plaintiff's CLRA claim is governed by § 1782(d) and no pre-filing demand was required.

*Sanbrook v. Office Depot, Inc.*, 2008 WL 1994884, at *3 (N.D. Cal. May 5, 2008).

That same logic and result applies here. MBUSA's suggestion that Plaintiffs' CLRA demand letter was untimely, therefore, should be rejected.

**C. MBUSA's Remaining Attack On Plaintiffs' CLRA Demand Letter Has Already Been Rejected As Part Of The Court's Order Denying MBUSA's Motion To Strike.**

MBUSA also claims that Plaintiffs' CLRA demand letter was deficient because "the CLRA does not permit plaintiffs to put MBUSA on notice of CLRA violations regarding products that they have not purchased." MBUSA's Br. at 8:7-8. But this is merely a rehash of MBUSA's previously unsuccessful motion to strike Plaintiffs' class allegations of the original Class Action Complaint—a motion that the Court denied. In doing so, the Court explained that:

> The Court has some doubts about the adequacy of Deakin and Seifi to represent a class that includes owners and lessees of vehicles with a different engine type and a different allegedly defective part, the typicality of their claims, and the extent to which their claims are common to the class. However, MBUSA has yet to answer

> Plaintiffs' complaint, discovery has not commenced, and Plaintiffs have not yet moved for class certification. And even the pleadings may not yet be in their final form, as the Court has granted Plaintiffs leave to amend their complaint. This is not a case in which the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff[s'] claim. Rather, it is one in which it is necessary for the court to probe behind the pleadings before coming to rest on the certification question. *Full briefing of the issues that MBUSA raises, based on at least some discovery, will be required before the Court can determine whether the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met as a matter of law*. The Court therefore DENIES MBUSA's motion to strike class allegations.

Dkt. No. 42 (Order Granting in Part and Denying in Part Mtn. To Dismiss), at 14:11-25 (internal quotations and citations omitted, emphasis added).

Oblivious to the Court's previously expressed ruling that determining whether Plaintiffs can assert claims on behalf of owners of vehicles equipped with different engines must await "[f]ull briefing. . . based on at least some discovery," MBUSA now raises the same argument as a basis to assail Plaintiffs' CLRA demand letter. The motion to dismiss now is as premature and improper as it was when MBUSA first raised it in its original motion to dismiss and strike.

The extent to which Plaintiffs will be able to represent the CLRA claims of other owners and lessees of allegedly defective MBUSA vehicles will ultimately be determined as part of the Court's ruling on Plaintiffs' anticipated class certification motion. Because that ruling has not yet been made, there is no basis to hold that Plaintiffs' CLRA demand letter was defective in seeking to represent a class of such owners and lessees. To hold otherwise, would be to preempt the class certification argument pertaining to the CLRA claim—the very result that the Court rejected in denying MBUSA's previous motion to strike.

**D. Plaintiffs' CLRA Demand Letter Was Proper In All Respects.**

Peppered throughout MBUSA's brief are claims that Plaintiffs' CLRA demand letter was defective in what it informed or demanded. This is not so. Plaintiffs' CLRA demand letter informed MBUSA of the specific statutory CLRA subsections upon which Plaintiffs' contemplated CLRA money damages claim would rely, and provided the factual basis for these claims. *See* Dkt. No. 46-16 (CLRA Demand Letter), at 1 (specifying that Plaintiffs allege that MBUSA violated "the following statutory provisions: Cal. Civ. Code, §§ 1770(a)(5), 1770(a)(7), 1770(a)(9), and 1770(a)(14), in connection with the distribution of Mercedes vehicles equipped

7

with the M272 and M273 engines that bore defective balance shaft gears or idle gears—a defect that MBUSA failed to disclose."); *see also id*. (stating that the allegations and relief sought are referenced in Plaintiffs' "Class Action Complaint styled as *Seifi et. al. v. Mercedes-Benz USA, LLC*, No. 12-cv-5493 TEH, filed on October 24, 2012 before the United States District Court for the Northern District of California—a copy of which you have previously received under separate cover.").

As this Court has held, these type of disclosures in the CLRA demand letter, particularly where the complaint at issue is already on file and has been received by the defendant, suffice to meet the CLRA notice requirements. *See In re Apple In-App Purchase Litig.*, 855 F. Supp.2d 1030, 1038 (N.D. Cal. 2012) ("When the demand letter was sent, Defendant was on notice that it was being sued by a putative class, and thus the notice was sufficient 'to facilitate pre-complaint settlement,' which is the purpose of the CLRA notice requirements.").

Plaintiffs' CLRA demand letter also did not demand an improper or unavailable remedy, as MBUSA suggests. *See* MBUSA's Br. at 10:14-22. In this regard, MBUSA argues that Plaintiffs' CLRA demand letter inappropriately demanded that MBUSA pay Plaintiffs and class members for their loss of use and diminution of value because "[l]oss of use is not contemplated by the CLRA, and the loss of value of the vehicle extends beyond simple repair of the alleged defect." *Id*. at 10:20-21. Unsurprisingly, MBUSA cites no authorities for this proposition.

In fact, the statutory text and case law belie MBUSA's position. Specifically, California Civil Code Section 1780, provides that:

> Any consumer who suffers <u>*any damage*</u> as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following:
>
> (1) *Actual damages*, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000).
>
> (2) An order enjoining the methods, acts, or practices.
>
> (3) Restitution of property.
>
> (4) Punitive damages.
>
> (5) Any other relief that the court deems proper.

8

Cal. Civ. Code, § 1780(a)(1)-(5).

Thus, contrary to MBUSA's self-serving and conclusory statement that the CLRA does not contemplate loss of use damages, or anything "beyond simple repair of the alleged defect," (MBUSA's Br. at 10:20-21), the statute makes clear that its available monetary remedies are broadly construed to include "any damage" proximately caused by the CLRA violation. *See Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 643 (2009) (even lost opportunity costs are actionable damages under the CLRA).

Nor were Plaintiffs restricted to demanding solely a "simple repair of the alleged defect" in their CLRA demand letter.  Indeed, such a limitation would prove futile since Plaintiffs had both already had their vehicles repaired (at their own expense) by the time they filed suit.  Section 1782(d) does not limit the CLRA demand letter to merely a plea for a "simple repair," but instead permits the claimant to "[d]emand that the person correct, repair, replace, *or otherwise rectify* the goods or services alleged to be in violation of Section 1770." Cal. Civ. Code, § 1782(d).  Clearly, the means by which the harms sustained by Plaintiffs as a result of MBUSA's alleged CLRA violations could be "rectified" would be by making Plaintiffs and other putative class members whole, which is to say that they would be compensated for any damage they sustained as a result of the CLRA violation.

Because Plaintiffs' CLRA demand letter was timely and proper, their CLRA money damages claims was properly pled.  MBUSA's motion to dismiss this claim should therefore be denied.

## II. MBUSA's SEPARATE ATTACK ON PLAINTIFFS' EXPRESS WARRANTY CLAIM ALSO FAILS.

Following the Court's Order, Plaintiffs amended and repleaded their express warranty claim to include new factual allegations supporting Plaintiffs' claim that the express warranty's durational limits, as applied to the alleged defect, are unconscionable.  *See* FAC, at 55-63; Exs. 1015 to FAC.  The Court has already held that, "Plaintiffs have therefore pled facts sufficient to demonstrate procedural unconscionability." Dkt. No. 42, at 8:3-4.  The Court, however, found that

Plaintiffs "have failed to sufficiently plead substantive unconscionability." *Id*. at 8:16-17.

Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided. *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC,* 55 Cal.4th 223, 246 (2012). Substantive unconscionability can take various forms but can generally be described as unfairly one-sided. *Nyulassy v. Lockheed Martin Corp*., 120 Cal.App.4th 1267, 1281 (2004); *see Abramson v. Juniper Networks, Inc*. (2004) 115 Cal.App.4th 638, 656-658.) "Substantive unconscionability . . . refers to an overly harsh allocation of risks or costs which is not justified by the circumstances under which the contract was made." *Ellis v. McKinnon Broad. Co.*, 18 Cal. App. 4th 1796, 1803 (1993). The amount of substantive unconscionability required varies depending on the amount of procedural unconscionability present. *Stacy v. Brinker Restaurant Corp.*, 2012 WL 5186975, *6 (E.D.Cal. Oct. 18, 2012).

Thus, by way of illustrative example, the Court noted that Plaintiffs failed to plead sufficient facts showing substantive unconscionability because, for example, "Plaintiffs do not allege that MBUSA made any changes to its standard warranty as a result of knowing about the defective gears, nor do they allege any facts suggesting that MBUSA took its alleged knowledge of the defective gears into account in determining the warranty's time and mileage limitations." Dkt. No. 42, at 8:11-14.

MBUSA now argues that Plaintiffs' FAC's express warranty claim should again be dismissed because Plaintiffs have still have not alleged these specific facts. See MBUSA's Br. at 4:22-28. But read in context, it is evident that the Court's Order did not require Plaintiffs to plead those specific allegations, and only those specific allegations, as the sole means of satisfying the showing of substantive unconscionability. Rather, properly read in context, the Order merely cites these specific facts as illustrative ways that could possibly have supported a finding of substantive unconscionability, but that Plaintiffs did not allege. Nowhere did the Court's Order preclude Plaintiffs from attempting to plead substantive unconscionability through other factual allegations. At bottom, as the Court explained, substantive unconscionability hinges not on a particular factual allegation, but on the "actual terms of the agreement and evaluat[ing] whether they create 'overly

harsh' or 'one-sided' results. *Id*. at 8:7-8.

In their FAC, therefore, Plaintiffs made went about making this showing by comparing MBUSA's enforcement of its express warranty's durational limits to avoid coverage of the alleged defect with the manner in which the automotive industry has dealt with similar safety-related defects that arise after the expiration of the manufacturers' express warranty. *See* FAC, at ¶¶ 54-64; Exs. 10-15 to FAC. As alleged in the FAC, the custom in the automotive industry is that when faced with such widespread and integral safety-related defects, car manufacturers extend the durational limit of their warranties, so as to cover the repair necessitated by the emergence of these defects. *See id*. The question presented by these allegations, therefore, is whether MBUSA's decision to do the opposite of the industry custom, and to instead force its consumers to shoulder the entire cost of the defect repair is an overly harsh result.

MBUSA assails Plaintiffs' new allegations of substantive unconsionability on two grounds. First, it factually disputes that there is a custom in the industry by automobile manufacturers to extend their warranties when faced with such safety-related defects. *See* MBUSA's Br. at 6:26-7:1. But this is a factual dispute that cannot serve as the basis to dismiss a complaint.

Second, MBUSA argues that Plaintiffs cannot rely on industry custom or, indeed, on any facts extraneous to the terms of the express warranty to show Plaintiffs' reasonable expectations. *Id*. at 5:21-6:22. This is incorrect as a matter of law. *See United States v. Taibi*, 2012 WL 553143, at *4 (S.D. Cal. Feb. 21, 2012) ("contract terms may be determined by custom or reasonable expectation of the parties under California law"); *Gunther-Wahl Productions, Inc. v. Mattel, Inc.*, 104 Cal.App. 4th 27, 36 (2002) ("Evidence as to Gunther–Wahl's expectations and the custom in the industry gives a factual basis to appellants' claim of implied contract.").

Plaintiffs have now supported their substantive unconscionability claim by resort to factual allegations that show that consumers' reasonable expectations, based on the custom in the industry, is that car manufacturers confronted with a safety-related defect that arises after the expiration of their warranty's durational limits will extend the warranty to cover repairs for that defect. Plaintiffs allege that MBUSA's anomalous decision to follow an approach contrary to this

11

industry custom and that leaves them shouldering the $5,000 plus expense to repair the alleged defect is overly harsh and one-sided. *See* FAC, at ¶¶ 63-65. Having now raised these new allegations in their FAC, Plaintiffs are now entitled under the California Uniform Commercial Code to proceed and present evidence to support their unconscionability claim:

> When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable *the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination.*

Cal. Civ. Code, § 1760 (emphasis added).

Having now proffered new allegations substantiating Plaintiffs' substantive unconscionability claim, Plaintiffs have properly stated a claim for breach of MBUSA's express warranty. MBUSA's attempt to dismiss this claim should therefore be denied.

## CONCLUSION

For all the foregoing reasons, MBUSA's motion to dismiss and strike certain allegations of the FAC should be DENIED.

Dated: August 28, 2013

Respectfully submitted,

    /s/ Roy A. Katriel
Roy A. Katriel (SBN 265463)
THE KATRIEL LAW FIRM
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: (858) 350-4342
Facsimile: (858) 430-3719
e-mail: rak@katriellaw.com

*Counsel for Plaintiffs*

Additional Plaintiffs' Counsel

Gary S. Graifman, Esq. (*pro hac vice*)
KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
210 Summit Avenue
Montvale, NJ 07645
Tel | (201) 391-7000
Fax | (201) 307-1086

13