# **<u>EXHIBIT 1</u>**

1 Troy M. Yoshino, No. 197850
2 Matthew J. Kemner, No. 188124
  Chad A. Stegeman, No. 225745
  **CARROLL, BURDICK & McDONOUGH LLP**
3 44 Montgomery Street, Suite 400
  San Francisco, CA 94104
4 Telephone:     415.989.5900
  Facsimile:     415.989.0932
5 Email:         tyoshino@cbmlaw.com
               mkemner@cbmlaw.com
6              cstegeman@cbmlaw.com

7 Attorneys for Defendant
  MERCEDES-BENZ USA, LLC
8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13 MAJEED SEIFI AND TRACEY               Case No. 12-CV-05493 (TEH)
   DEAKIN, On Behalf of Themselves and
14 All Others Similarly Situated,        **MERCEDES-BENZ USA, LLC'S**
                                         **RESPONSES TO PLAINTIFF MAJEED**
15              Plaintiffs,              **SEIFI'S FIRST SET OF REQUESTS FOR**
                                         **PRODUCTION OF DOCUMENTS AND**
16        v.                             **THINGS DIRECTED AT DEFENDANT**
                                         **MERCEDES-BENZ USA, LLC**
17 MERCEDES-BENZ USA, LLC,

18              Defendant.               Complaint Filed:  October 24, 2012

19

20

21
   PROPOUNDING PARTY:       PLAINTIFF MAJEED SEIFI
22
   RESPONDING PARTY:        DEFENDANT MERCEDES-BENZ USA, LLC
23
   SET NO.:                 ONE (NUMBERS 1-25)
24

25

26

27

28

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Mercedes-

2  Benz USA, LLC ("MBUSA") hereby responds to Plaintiff Majeed Seifi's First Set of

3  Requests for Production of Document and Things Directed at Defendant Mercedes-Benz

4  USA, LLC, as follows:

**GENERAL OBJECTIONS**

6    The following general objections apply to each separate request for production

7  ("Request") and are incorporated by reference, to the extent applicable, into each specific

8  response, as if set forth in full in each numbered response.

9    1.    MBUSA has based its responses to each Request on the assumption that

10  plaintiff, in propounding these Requests, did not intend to seek information protected

11  against discovery by the attorney client privilege, the work product doctrine, or any other

12  judicially recognized privileges or protections.  To the extent that any Requests are

13  intended to elicit such information, MBUSA objects to them and asserts all applicable

14  privileges and protections to the fullest extent permitted by law.  If any information is

15  inadvertently disclosed in response to these Requests that is properly the subject of any

16  applicable privilege or protection, such inadvertent disclosure is not to be construed as a

17  waiver of such privilege or protection.

18    2.    MBUSA objects to each and every Request to the extent it seeks disclosure

19  of information where such disclosure would violate any constitutional, statutory, or

20  common law privacy right of any individual or entity; confidentiality agreement between

21  MBUSA and any individual or entity; confidentiality of settlement discussions or

22  agreements; or court order restricting the disclosure of information.

23    3.    In responding to plaintiff's Requests, MBUSA does not in any way intend to

24  waive, but rather preserves, the right to object on any ground as to:

25        a.    competency, relevancy, materiality and admissibility;

26        b.    the use of any of the responses in any subsequent proceedings,

27  including the trial of this or any other action; and

28        c.    any further Requests or other discovery.

1     4.    MBUSA objects to each and every Request to the extent it seeks information

2 beyond the scope of discovery contemplated by Rule 26(b) of the Federal Rules of Civil

3 Procedure or as limited by Court order or by agreement of the parties.

4     5.    MBUSA objects to each and every Request to the extent it seeks to require

5 MBUSA to respond on behalf of any entity other than MBUSA or to the extent it seeks

6 information not in MBUSA's possession, custody, or control. MBUSA specifically

7 objects to plaintiff's definitions of "YOU" and "YOUR" to the extent those terms include

8 any entity other than MBUSA because inclusion of other entities besides MBUSA renders

9 such definitions overbroad, unduly burdensome, harassing, and oppressive, and Requests

10 using those definitions would impermissibly seek information not within MBUSA's

11 possession, custody, and control. Accordingly, all responses herein are made by and on

12 behalf of MBUSA alone and no other entity or person.

13     6.    MBUSA objects to these Requests as unduly burdensome, harassing,

14 oppressive, and seeking information outside the proper scope of discovery and not

15 reasonably calculated to lead to the discovery of admissible evidence to the extent:

16     a.    they seek information with respect to vehicles other than putative

17 class vehicles and/or transactions that do not involve class members; and

18     b.    they seek information unrelated to the putative class as plaintiff is a

19 California resident who brings claims on behalf of himself and a putative class comprised

20 solely of California residents.

21     7.    MBUSA objects to each and every Request to the extent that it seeks

22 information presumptively within the custody or control of plaintiff or in the public

23 domain on the grounds that each such Request is unduly burdensome, harassing, and

24 oppressive.

25     8.    MBUSA's responses to plaintiff's Requests have been prepared according to

26 the Federal Rules of Civil Procedure, pursuant to a reasonable and duly diligent

27 investigation and search for responsive information and documents. To the extent that

28 these Requests purport to require more, MBUSA objects because (i) the Requests would

1   exceed the scope of permissible discovery contemplated by the Federal Rules of Civil
2   Procedure; and (ii) compliance with the Requests as phrased would be oppressive,
3   harassing, and unduly burdensome.

4       9.      MBUSA objects to each and every Request to the extent that it calls for
5   disclosure of trade secrets or other confidential research, development, commercial or
6   proprietary information.  To the extent that such information is relevant to the subject
7   matter of this litigation, and no objection otherwise has been asserted, MBUSA will
8   provide such information upon entry of a satisfactory protective order.

9       10.     MBUSA objects to these Requests to the extent they require MBUSA to
10  "identify" persons, things, or entities on the grounds that such Requests are improper under
11  Fed. R. Civ. P. 34.

12      11.     By submitting these responses, MBUSA does not in any way adopt
13  plaintiff's purported definitions of words and phrases contained in plaintiff's Requests.
14  MBUSA objects to those definitions to the extent that they are inconsistent with the
15  ordinary and customary meaning of such words and phrases.  Likewise, MBUSA objects
16  to plaintiff's purported definitions to the extent that they purport to impose upon MBUSA
17  any obligations broader than, or inconsistent with, applicable discovery rules or common
18  law.

19      12.     MBUSA objects to each and every Request to the extent it asks about
20  documents or other information created or obtained after the date of plaintiff's filing of the
21  complaint in this litigation.

22      13.     MBUSA has not yet completed its investigation of the facts related to this
23  litigation.  Consequently, all of the responses contained herein are based only on such
24  information and documentation that is presently available to MBUSA and disclose only the
25  information and contentions presently known to MBUSA.  MBUSA reserves the right to
26  amend these responses, and to offer related evidence, as additional facts are ascertained,
27  analyses are made, research is completed, and contentions become apparent.

28

14.     MBUSA objects that it has not received proper service of these Requests. Neither MBUSA nor its counsel has a record of receiving the Requests by an authorized method of service or a proof of service establishing proper service.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

DOCUMENTS sufficient to show YOUR corporate organization and structure.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

MBUSA incorporates the general objections stated above as though set forth fully in this response and also specifically objects to this Request as follows:

MBUSA objects that it has not received proper service of these Requests. Neither MBUSA nor its counsel has a record of receiving the Requests by an authorized method of service or a proof of service establishing proper service.

MBUSA objects to this Request, generally, and the terms and phrases "sufficient" and "corporate organization and structure," specifically, as unintelligible, vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, and seeking information far outside the permissible scope of discovery, unrelated to the claims or defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence.

MBUSA objects to this Request to the extent it seeks to require MBUSA to respond on behalf of any entity other than MBUSA and to the extent it seeks information not within MBUSA's possession, custody, or control.  MBUSA responds to this Request only on behalf of itself.

MBUSA objects that the Request is overly broad and outside the scope of permissible discovery because it seeks information that is irrelevant to the alleged defect and claims asserted in the case.

MBUSA objects that the information sought by this Request is equally accessible to plaintiff through public and online sources.

1    MBUSA objects to this Request to the extent it seeks information covered by the

2    attorney-client privilege, the work product doctrine, any other judicially recognized

3    privilege or protection, rights of confidentiality, privacy, or any other similar protections.

4    MBUSA objects to this Request to the extent it seeks information that would

5    require MBUSA to disclose trade secret, proprietary and/or confidential information and/or

6    would require MBUSA to disclose information that would breach any confidentiality

7    agreement between MBUSA and any other individual or entity.

8    **REQUEST FOR PRODUCTION NO. 2:**

9    DOCUMENTS sufficient to show the number of vehicles equipped with the M272

10   engine bearing an engine serial number up to 2729 ..30 468993 that were sold or leased in

11   the United States.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

13   MBUSA incorporates the general objections stated above as though set forth fully

14   in this response and also specifically objects to this Request as follows:

15   MBUSA objects that it has not received proper service of these Requests.  Neither

16   MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

17   service or a proof of service establishing proper service.

18   MBUSA objects to this Request, generally, and the terms and phrases "sufficient"

19   and "were sold or leased," specifically, as unintelligible, vague, ambiguous, overbroad,

20   unduly burdensome, harassing, oppressive, and seeking information far outside the

21   permissible scope of discovery, unrelated to the claims or defenses of the parties, and not

22   reasonably calculated to lead to the discovery of admissible evidence.

23   MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

24   on behalf of any entity other than MBUSA and to the extent it seeks information not within

25   MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

26   behalf of itself.

27

28

  
1    MBUSA objects to this Request to the extent it seeks information covered by the

2  attorney-client privilege, the work product doctrine, any other judicially recognized

3  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

4    MBUSA objects to this Request to the extent it seeks information that would

5  require MBUSA to disclose trade secret, proprietary, and/or confidential information

6  and/or would require MBUSA to disclose information that would breach any

7  confidentiality agreement between MBUSA and any other individual or entity.

8    MBUSA objects that the Request is overly broad and outside the scope of

9  permissible discovery because it seeks information irrelevant to the alleged defect and

10 claims asserted in the case.  The number of vehicles delineated in the Request that were

11 sold in the United States is irrelevant to a putative class action alleging claims only as to

12 owners and lessees of certain types of vehicles in California.

13 **REQUEST FOR PRODUCTION NO. 3:**

14    DOCUMENTS sufficient to show the number of vehicles equipped with the M272

15 engine bearing an engine serial number up to 2729 ..30 468993 that were sold or leased in

16 California by YOUR factory-authorized dealerships.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

18    MBUSA incorporates the general objections stated above as though set forth fully

19 in this response and also specifically objects to this Request as follows:

20    MBUSA objects that it has not received proper service of these Requests.  Neither

21 MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

22 service or a proof of service establishing proper service.

23    MBUSA objects to this Request, generally, and the terms and phrases "sufficient"

24 and "were sold or leased," specifically, as unintelligible, vague, ambiguous, overbroad,

25 unduly burdensome, harassing, oppressive, and seeking information far outside the

26 permissible scope of discovery, unrelated to the claims or defenses of the parties, and not

27 reasonably calculated to lead to the discovery of admissible evidence.

28

1    MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

2  on behalf of any entity other than MBUSA and to the extent it seeks information not within

3  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

4  behalf of itself.

5    MBUSA objects to this Request to the extent it seeks information covered by the

6  attorney-client privilege, the work product doctrine, any other judicially recognized

7  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

8    MBUSA objects to this Request to the extent it seeks information that would

9  require MBUSA to disclose trade secret, proprietary, and/or confidential information

10  and/or would require MBUSA to disclose information that would breach any

11  confidentiality agreement between MBUSA and any other individual or entity.

12    MBUSA objects that this Request is redundant of prior discovery requests

13  propounded by plaintiffs and therefore duplicative, unnecessary, unduly burdensome,

14  harassing, and oppressive.

15    MBUSA objects to this Request on the grounds that the age of the vehicles subject

16  to this Request renders any estimate of the number of such vehicles located in California

17  unreliable because, *i.e.*, many of the vehicles have likely been resold one or more times to

18  subsequent purchasers, including those residing in other states and/or who moved to other

19  states, and some vehicles will have been taken out of service.  MBUSA generally would

20  only have information about new vehicles sold by authorized dealers.

21    Subject to and without waiving the foregoing general and specific objections, and

22  based on its understanding of the Request, MBUSA responds as follows:  MBUSA agrees

23  to identify the number of vehicles equipped with the M272 engines subject to the DTB

24  plaintiffs put at issue which were sold or leased in California when new, by authorized

25  dealers, following entry of a protective order governing disclosure of trade secret,

26  proprietary and/or confidential information.

27

28

1  **REQUEST FOR PRODUCTION NO. 4:**

2      All COMMUNICATIONS between YOU and anyone else, including but not

3  limited to internal communications within YOUR organization, RELATING and/or

4  PERTAINING TO the balance shaft sprockets in vehicles equipped with the M272 engine.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

6      MBUSA incorporates the general objections stated above as though set forth fully

7  in this response and also specifically objects to this Request as follows:

8      MBUSA objects that it has not received proper service of these Requests.  Neither

9  MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

10  service or a proof of service establishing proper service.

11      MBUSA objects to this Request, generally, and the terms and phrases

12  "COMMUNICATIONS," "anyone else," and "internal communications," specifically, as

13  unintelligible, vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive,

14  and seeking information far outside the permissible scope of discovery, unrelated to the

15  claims or defenses of the parties, and not reasonably calculated to lead to the discovery of

16  admissible evidence.

17      MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

18  on behalf of any entity other than MBUSA and to the extent it seeks information not within

19  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

20  behalf of itself.

21      MBUSA objects that the Request is overly broad and outside the scope of

22  permissible discovery because it seeks information that is irrelevant to the alleged defect

23  and claims asserted in the case.  Furthermore, the Request has no temporal limitation and

24  so encompasses documents and information that likely would have no relevance to the

25  alleged defect.

26      MBUSA objects to this Request to the extent it seeks disclosure of information

27  where such disclosure would violate the privacy rights of any individual or entity under the

28

1   First, Third, Fourth, Fifth, and Ninth Amendments to the U.S. Constitution, and any other

2   constitutional, statutory, common law or other law respecting the right of privacy.

3        MBUSA objects to this Request to the extent it seeks information covered by the

4   attorney-client privilege, the work product doctrine, any other judicially recognized

5   privilege or protection, rights of confidentiality, privacy, or any other similar protections.

6        MBUSA objects to this Request to the extent it seeks information that would

7   require MBUSA to disclose trade secret, proprietary, and/or confidential information

8   and/or would require MBUSA to disclose information that would breach any

9   confidentiality agreement between MBUSA and any other individual or entity.

10       Subject to and without waiving the foregoing general and specific objections, and

11   based upon MBUSA's understanding of the Request, MBUSA responds as follows:  To the

12   extent any documents may exist that are responsive to this Request and are not privileged,

13   documents and electronically stored information ("ESI") are being collected for review

14   and culling.  The parties must meet and confer regarding relevant search terms for

15   electronically stored information.  The meet and confer process and agreement on search

16   terms will serve to reduce duplication in the ESI review process and permit for expeditious

17   discovery.

18   **REQUEST FOR PRODUCTION NO. 5:**

19       All versions, including drafts, updates, and revisions of the DOCUMENT attached

20   hereto as Exhibit 1, bearing Bates-stamp label SEIFI000001 – SEIFI000010.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

22       MBUSA incorporates the general objections stated above as though set forth fully

23   in this response and also specifically objects to this Request as follows:

24       MBUSA objects that it has not received proper service of these Requests.  Neither

25   MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

26   service or a proof of service establishing proper service.

27       MBUSA objects to this Request, generally, and the terms and phrases "versions,"

28   "drafts," "updates," and "revisions," specifically, as vague, ambiguous, overbroad, unduly

1    burdensome, harassing, oppressive, and seeking information far outside the permissible

2    scope of discovery, unrelated to the claims or defenses of the parties, and not reasonably

3    calculated to lead to the discovery of admissible evidence.

4        MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

5    on behalf of any entity other than MBUSA and to the extent it seeks information not within

6    MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

7    behalf of itself.

8        MBUSA objects that the Request is overly broad and outside the scope of

9    permissible discovery because it seeks information that is irrelevant to the alleged defect

10    and claims asserted in the case.

11        MBUSA objects to this Request to the extent it seeks information covered by the

12    attorney-client privilege, the work product doctrine, any other judicially recognized

13    privilege or protection, rights of confidentiality, privacy, or any other similar protections.

14        MBUSA objects to this Request to the extent it seeks information that would

15    require MBUSA to disclose trade secret, proprietary, and/or confidential information

16    and/or would require MBUSA to disclose information that would breach any

17    confidentiality agreement between MBUSA and any other individual or entity.

18        Subject to and without waiving the foregoing general and specific objections, and

19    based upon MBUSA's understanding of the Request, MBUSA responds as follows:

20    MBUSA agrees to produce copies of the DTB plaintiffs put at issue, as well as previous or

21    subsequent versions of the DTB.

22    **REQUEST FOR PRODUCTION NO. 6:**

23        DOCUMENTS sufficient to show the number of warranty claims that you have

24    received for repair or replacement of the balance shaft and/or balance shaft sprocket in

25    vehicles equipped with the M272 engine.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

27        MBUSA incorporates the general objections stated above as though set forth fully

28    in this response and also specifically objects to this Request as follows:

1        MBUSA objects that it has not received proper service of these Requests.  Neither

2   MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

3   service or a proof of service establishing proper service.

4        MBUSA objects to this Request, generally, and the terms and phrases "sufficient"

5   and "received," specifically, as unintelligible, vague, ambiguous, overbroad, unduly

6   burdensome, harassing, oppressive, and seeking information far outside the permissible

7   scope of discovery, unrelated to the claims or defenses of the parties, and not reasonably

8   calculated to lead to the discovery of admissible evidence.

9        MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

10  on behalf of any entity other than MBUSA and to the extent it seeks information not within

11  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

12  behalf of itself.

13       MBUSA objects that the Request is overly broad and outside the scope of

14  permissible discovery because it seeks information that is irrelevant to the alleged defect

15  and claims asserted in the case.  Furthermore, the Request has no temporal limitation and

16  so encompasses documents and information that likely would have no relevance to the

17  alleged defect.

18       MBUSA objects that this Request is redundant of prior discovery requests

19  propounded by plaintiffs and therefore duplicative, unnecessary, unduly burdensome,

20  harassing, and oppressive.

21       MBUSA objects to this Request to the extent it seeks information covered by the

22  attorney-client privilege, the work product doctrine, any other judicially recognized

23  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

24       MBUSA objects to this Request to the extent it seeks information that would

25  require MBUSA to disclose trade secret, proprietary, and/or confidential information

26  and/or would require MBUSA to disclose information that would breach any

27  confidentiality agreement between MBUSA and any other individual or entity.

28

1    MBUSA objects that the Request is overly broad and outside the scope of

2    permissible discovery because it seeks information irrelevant to the alleged defect and

3    claims asserted in the case.  The warranty claims are no longer at issue in this action.  Even

4    if the warranty claims were still at issue, the number of warranty claims is not restricted to

5    those claims concerning the specific alleged defect.  Moreover, the warranty claims sought

6    will involve vehicles from outside of California and other non-class vehicles.

7        Subject to and without waiving the foregoing general and specific objections, and

8    based on its understanding of the Request, MBUSA responds as follows:  MBUSA will

9    identify the number of warranty claims potentially relating to the scenario described in the

10   DTB that is set forth in plaintiffs' allegations made at California dealers by persons

11   claiming to then have California addresses upon entry of a satisfactory protective order.

12   The number of warranty claims will, however, be overinclusive for the reasons stated

13   above, and will include items not relevant to this litigation.

14   **REQUEST FOR PRODUCTION NO. 7:**

15       DOCUMENTS sufficient to show the number of warranty claims responsive to

16   Request No. 6 that were received from owners and/or lessees within California.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18       MBUSA incorporates the general objections stated above as though set forth fully

19   in this response and also specifically objects to this Request as follows:

20       MBUSA objects that it has not received proper service of these Requests.  Neither

21   MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

22   service or a proof of service establishing proper service.

23       MBUSA objects to this Request, generally, and the terms and phrases "sufficient,"

24   "responsive," and "received," specifically, as unintelligible, vague, ambiguous, overbroad,

25   unduly burdensome, harassing, oppressive, and seeking information far outside the

26   permissible scope of discovery, unrelated to the claims or defenses of the parties, and not

27   reasonably calculated to lead to the discovery of admissible evidence.

28

1    MBUSA objects to this Request to the extent it seeks to require MBUSA to respond
2    on behalf of any entity other than MBUSA and to the extent it seeks information not within
3    MBUSA's possession, custody, or control.  MBUSA responds to this Request only on
4    behalf of itself.

5    MBUSA objects that the Request is overly broad and outside the scope of
6    permissible discovery because it seeks information that is irrelevant to the alleged defect
7    and claims asserted in the case.  Furthermore, the Request has no temporal limitation and
8    so encompasses documents and information that likely would have no relevance to the
9    alleged defect.

10   MBUSA objects to this Request to the extent it seeks information covered by the
11   attorney-client privilege, the work product doctrine, any other judicially recognized
12   privilege or protection, rights of confidentiality, privacy, or any other similar protections.

13   MBUSA objects to this Request to the extent it seeks information that would
14   require MBUSA to disclose trade secret, proprietary, and/or confidential information
15   and/or would require MBUSA to disclose information that would breach any
16   confidentiality agreement between MBUSA and any other individual or entity.

17   MBUSA objects that the Request is overly broad and outside the scope of
18   permissible discovery because it seeks information irrelevant to the alleged defect and
19   claims asserted in the case.  The warranty claims are no longer at issue in this action.  Even
20   if the warranty claims were still at issue, the number of warranty claims is not restricted to
21   those claims concerning the specific alleged defect.  Moreover, the warranty claims sought
22   will involve vehicles that may now be outside California and other non-class vehicles.

23   Subject to and without waiving the foregoing general and specific objections, and
24   based on its understanding of the Request, MBUSA responds as follows:  MBUSA will
25   identify the number of warranty claims potentially relating to the scenario described in the
26   DTB that is set forth in plaintiffs' allegations made at California dealers by persons
27   claiming to then have California addresses upon entry of a satisfactory protective order.

28

Case No. 12-CV-05493 (TEH)

MBUSA'S RESPONSES TO PLAINTIFF MAJEED SEIFI'S FIRST SET OF REQUESTS FOR PRODUCTION

1  The number of warranty claims will, however, be overinclusive for the reasons stated

2  above, and will include items not relevant to this litigation.

3  **REQUEST FOR PRODUCTION NO. 8:**

4      DOCUMENTS sufficient to show the number of warranty claims responsive to

5  Request No. 7 for which the claim was not fully covered by YOUR warranty.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

7      MBUSA incorporates the general objections stated above as though set forth fully

8  in this response and also specifically objects to this Request as follows:

9      MBUSA objects that it has not received proper service of these Requests.  Neither

10  MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

11  service or a proof of service establishing proper service.

12      MBUSA objects to this Request, generally, and the terms and phrases "sufficient,"

13  "responsive," and "fully covered," specifically, as unintelligible, vague, ambiguous,

14  overbroad, unduly burdensome, harassing, oppressive, and seeking information far outside

15  the permissible scope of discovery, unrelated to the claims or defenses of the parties, and

16  not reasonably calculated to lead to the discovery of admissible evidence.

17      MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

18  on behalf of any entity other than MBUSA and to the extent it seeks information not within

19  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

20  behalf of itself.

21      MBUSA objects that the Request is overly broad and outside the scope of

22  permissible discovery because it seeks information that is irrelevant to the alleged defect

23  and claims asserted in the case.  Furthermore, the Request has no temporal limitation and

24  so encompasses documents and information that likely would have no relevance to the

25  alleged defect.

26      MBUSA objects to this Request to the extent it seeks information covered by the

27  attorney-client privilege, the work product doctrine, any other judicially recognized

28  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

1    MBUSA objects that the Request is overly broad and outside the scope of
2    permissible discovery because it seeks information irrelevant to the alleged defect and
3    claims asserted in the case.  The warranty claims are no longer at issue in this action.  Even
4    if the warranty claims were still at issue, the number of warranty claims is not restricted to
5    those claims concerning the specific alleged defect.  Moreover, the warranty claims sought
6    will involve vehicles that may now be outside California and other non-class vehicles.

7    MBUSA objects to this Request to the extent it seeks information that would
8    require MBUSA to disclose trade secret, proprietary, and/or confidential information
9    and/or would require MBUSA to disclose information that would breach any
10   confidentiality agreement between MBUSA and any other individual or entity.

11   **REQUEST FOR PRODUCTION NO. 9:**

12       All DOCUMENTS RELATING and/or PERTAINING TO any lawsuit, proceeding,
13   arbitration, mediation, governmental or agency proceeding, or dispute resolution of any
14   kind RELATING and/or PERTAINING TO allegations of the need for a repair or
15   replacement to the balance shaft or balance shaft sprocket in vehicles equipped with the
16   M272 engine.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

18       MBUSA incorporates the general objections stated above as though set forth fully
19   in this response and also specifically objects to this Request as follows:

20       MBUSA objects that it has not received proper service of these Requests.  Neither
21   MBUSA nor its counsel has a record of receiving the Requests by an authorized method of
22   service or a proof of service establishing proper service.

23       MBUSA objects to this Request, generally, and the terms and phrases "proceeding,"
24   "governmental or agency proceeding," "dispute resolution," "of any kind," and "need,"
25   specifically, as unintelligible, vague, ambiguous, overbroad, unduly burdensome,
26   harassing, oppressive, and seeking information far outside the permissible scope of
27   discovery, unrelated to the claims or defenses of the parties, and not reasonably calculated
28   to lead to the discovery of admissible evidence.

1    MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

2  on behalf of any entity other than MBUSA and to the extent it seeks information not within

3  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

4  behalf of itself.

5    MBUSA objects that the Request is overly broad and outside the scope of

6  permissible discovery because it seeks information that is irrelevant to the alleged defect

7  and claims asserted in the case, including information relating to vehicles that are not

8  encompassed within the putative class, which involves vehicles purchased or leased in

9  California.  Furthermore, the Request has no temporal limitation and so encompasses

10  documents and information that likely would have no relevance to the alleged defect.

11    MBUSA objects to this Request to the extent it seeks information covered by the

12  attorney-client privilege, the work product doctrine, any other judicially recognized

13  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

14    MBUSA objects to this Request to the extent it seeks information that would

15  require MBUSA to disclose trade secret, proprietary, and/or confidential information

16  and/or would require MBUSA to disclose information that would breach any

17  confidentiality agreement between MBUSA and any other individual or entity.

18    MBUSA objects to this Request on the grounds that it seeks information in

19  plaintiff's possession, custody, or control or otherwise publicly available and thus equally

20  available to Plaintiff.

21    Subject to and without waiving the foregoing general and specific objections, and

22  based on its understanding of the Request, MBUSA responds as follows:  Other than the

23  instant lawsuit, MBUSA obtained the dismissal of the federal court action, *Suddreth v.*

24  *Mercedes-Benz USA, LLC*, Case No. 10-cv-05130 (D.N.J.).  The putative class in *Suddreth*

25  encompassed the putative class vehicles at issue in this case, but plaintiff's counsel were

26  counsel of record for plaintiffs in *Suddreth*, so documents will not be produced in

27  connection with this action.  There has been no proceeding before a governmental agency

28  (*e.g.*, NHTSA, CARB), lawsuit, arbitration, or mediation involving the putative class

1  vehicles in this case that involved the purported "defect" put at issue by plaintiffs'

2  Complaint.

3  **REQUEST FOR PRODUCTION NO. 10:**

4       All DOCUMENTS RELATING and/or PERTAINING TO any changes,

5  modifications, repairs, or remedial measures undertaking with respect to the balance shaft

6  and/or balance shaft sprocket of the M272 engines.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

8       MBUSA incorporates the general objections stated above as though set forth fully

9  in this response and also specifically objects to this Request as follows:

10      MBUSA objects that it has not received proper service of these Requests.  Neither

11 MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

12 service or a proof of service establishing proper service.

13      MBUSA objects to this Request, generally, and the terms and phrases "changes,"

14 "modifications," "repairs," "remedial measures," and "undertaking," specifically, as

15 unintelligible, vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive,

16 and seeking information far outside the permissible scope of discovery, unrelated to the

17 claims or defenses of the parties, and not reasonably calculated to lead to the discovery of

18 admissible evidence.

19      MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

20 on behalf of any entity other than MBUSA and to the extent it seeks information not within

21 MBUSA's possession, custody, or control.  As plaintiffs' counsel have known for years,

22 from both this case and the previously-dismissed *Suddreth* action, MBUSA does not

23 design or manufacture the subject vehicles or any of their component parts.  MBUSA

24 responds to this Request only on behalf of itself.

25      MBUSA objects to this Request on the grounds of relevance.  As a whole, and

26 taking the plain meaning of the words and phrases included in this Request, the Request is

27 unrelated to the claims or defenses of the parties, and is not reasonably calculated to lead

28 to the discovery of admissible evidence.  Furthermore, the Request has no temporal

1  limitation and so encompasses documents and information that likely would have no

2  relevance to the alleged defect.

3        MBUSA objects to this Request to the extent it seeks information covered by the

4  attorney-client privilege, the work product doctrine, any other judicially recognized

5  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

6        MBUSA objects to this Request to the extent it seeks information that would

7  require MBUSA to disclose trade secret, proprietary, and/or confidential information

8  and/or would require MBUSA to disclose information that would breach any

9  confidentiality agreement between MBUSA and any other individual or entity.

10       MBUSA objects to this Request because it assumes untrue facts.  Specifically, the

11  Request incorrectly assumes that MBUSA participates in the manufacturing process of

12  Mercedes-Benz vehicles as well as their internal components.

13       Subject to and without waiving the foregoing general and specific objections, and

14  based on its understanding of the Request, MBUSA responds as follows:  MBUSA agrees

15  to produce copies of the DTB plaintiffs put at issue, as well as previous or subsequent

16  versions of the DTB.

17  **REQUEST FOR PRODUCTION NO. 11:**

18       All engineering diagrams, blueprints, schematics, specifications, materials list,

19  composition, design DOCUMENTS and/or manufacturing DOCUMENTS of any kind

20  RELATING and/or PERTAINING TO the balance shaft and/or balance shaft sprocket of

21  the M272 engine.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

23       MBUSA incorporates the general objections stated above as though set forth fully

24  in this response and also specifically objects to this Request as follows:

25       MBUSA objects that it has not received proper service of these Requests.  Neither

26  MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

27  service or a proof of service establishing proper service.

28

1    MBUSA objects to this Request, generally, and the terms and phrases "engineering

2  diagrams," "blueprints," "schematics," "specifications," "materials list," "composition,"

3  "design DOCUMENTS," "manufacturing DOCUMENTS," and "of any kind,"

4  specifically, as unintelligible, vague, ambiguous, overbroad, unduly burdensome,

5  harassing, oppressive, and seeking information far outside the permissible scope of

6  discovery, unrelated to the claims or defenses of the parties, and not reasonably calculated

7  to lead to the discovery of admissible evidence.

8    MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

9  on behalf of any entity other than MBUSA and to the extent it seeks information not within

10  MBUSA's possession, custody, or control.  As plaintiffs' counsel have known for years,

11  from both this case and the previously-dismissed *Suddreth* action, MBUSA does not

12  design or manufacture the subject vehicles or any of their component parts.  MBUSA

13  responds to this Request only on behalf of itself.

14    MBUSA objects to this Request on the grounds of relevance.  As a whole, and

15  taking the plain meaning of the words and phrases included in this Request, the Request is

16  unrelated to the claims or defenses of the parties, and is not reasonably calculated to lead

17  to the discovery of admissible evidence.  Furthermore, the Request has no temporal

18  limitation and so encompasses documents and information that likely would have no

19  relevance to the alleged defect.

20    MBUSA objects to this Request to the extent it seeks information covered by the

21  attorney-client privilege, the work product doctrine, any other judicially recognized

22  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

23    MBUSA objects to this Request to the extent it seeks information that would

24  require MBUSA to disclose trade secret, proprietary, and/or confidential information

25  and/or would require MBUSA to disclose information that would breach any

26  confidentiality agreement between MBUSA and any other individual or entity.

27

28

1  MBUSA objects to this Request because it assumes untrue facts. Specifically, the
2  Request incorrectly assumes that MBUSA participates in the manufacturing process of
3  Mercedes-Benz vehicles as well as their internal components.
4  Subject to and without waiving the foregoing general and specific objections, and
5  based on its understanding of the Request, MBUSA responds as follows: MBUSA did not
6  design or manufacture the class vehicles or any of its component parts. The requested
7  information is not in MBUSA's possession, custody, or control.
8  **REQUEST FOR PRODUCTION NO. 12:**
9  All DOCUMENTS RELATING and/or PERTAINING TO any testing, evaluations,
10 measurements, inspections, or reviews of any kind of balance shafts and/or balance shaft
11 sprockets of the M272 engines that were performed by YOU or at YOUR request or
12 direction (note that the definition of YOU and YOUR includes not only Mercedes-Benz
13 USA, LLC but also its corporate affiliates).
14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**
15 MBUSA incorporates the general objections stated above as though set forth fully
16 in this response and also specifically objects to this Request as follows:
17 MBUSA objects that it has not received proper service of these Requests. Neither
18 MBUSA nor its counsel has a record of receiving the Requests by an authorized method of
19 service or a proof of service establishing proper service.
20 MBUSA objects to this Request, generally, and the terms and phrases "testing,"
21 "evaluations," "measurements," "inspections," "reviews," "of any kind," "performed,"
22 "request or direction," and "corporate affiliates," specifically, as unintelligible, vague,
23 ambiguous, overbroad, unduly burdensome, harassing, oppressive, and seeking
24 information far outside the permissible scope of discovery, unrelated to the claims or
25 defenses of the parties, and not reasonably calculated to lead to the discovery of admissible
26 evidence.
27 MBUSA objects to this Request to the extent it seeks to require MBUSA to respond
28 on behalf of any entity other than MBUSA and to the extent it seeks information not within

1  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

2  behalf of itself.

3          MBUSA objects that the Request is overly broad and outside the scope of

4  permissible discovery because it seeks information that is irrelevant to the alleged defect

5  and claims asserted in the case.  For instance, plaintiff's request for "measurements" is not

6  only vague and unclear, it is overbroad as the requested item has nothing to do with the

7  alleged defect and could encompass various items without relevance to this litigation.

8  Furthermore, the Request has no temporal limitation and so encompasses documents and

9  information that likely would have no relevance to the alleged defect.

10          MBUSA objects to this Request to the extent it seeks disclosure of information

11  where such disclosure would violate the privacy rights of any individual or entity under the

12  First, Third, Fourth, Fifth, and Ninth Amendments to the U.S. Constitution, and any other

13  constitutional, statutory, common law or other law respecting the right of privacy.

14          MBUSA objects to this Request to the extent it seeks information covered by the

15  attorney-client privilege, the work product doctrine, any other judicially recognized

16  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

17          MBUSA objects to this Request to the extent it seeks information that would

18  require MBUSA to disclose trade secret, proprietary, and/or confidential information

19  and/or would require MBUSA to disclose information that would breach any

20  confidentiality agreement between MBUSA and any other individual or entity.

21          Subject to and without waiving the foregoing general and specific objections, and

22  based on its understanding of the Request, MBUSA responds as follows:  MBUSA has not

23  made any determinations as to the possible causes of the alleged failure of the part in

24  plaintiffs' vehicles at this time.  To the extent MBUSA has tested, evaluated, inspected, or

25  reviewed balance shafts in M272 engines, it did so in connection with pending litigation at

26  the direction of counsel, and that information is privileged.  MBUSA does not have

27  possession, custody, or control of any documents responsive to this Request that were

28  prepared outside of litigation.

1   **REQUEST FOR PRODUCTION NO. 13:**

2         All DOCUMENTS RELATING and/or PERTAINING TO the statement found at

3   the DOCUMENT attached hereto Exhibit 1 at Bates-stamp page SEIFI000002 to the effect

4   that, "[t]he material for the balance shaft sprocket and timing chain guide wheel (idler) was

5   modified on engines past the serial numbers listed above."

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

7         MBUSA incorporates the general objections stated above as though set forth fully

8   in this response and also specifically objects to this Request as follows:

9         MBUSA objects that it has not received proper service of these Requests.  Neither

10  MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

11  service or a proof of service establishing proper service.

12        MBUSA objects to this Request, generally, and the term and phrase "to the effect

13  that," specifically, as unintelligible, vague, ambiguous, overbroad, unduly burdensome,

14  harassing, oppressive, and seeking information far outside the permissible scope of

15  discovery, unrelated to the claims or defenses of the parties, and not reasonably calculated

16  to lead to the discovery of admissible evidence.

17        MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

18  on behalf of any entity other than MBUSA and to the extent it seeks information not within

19  MBUSA's possession, custody, or control.  As plaintiffs' counsel have known for years,

20  from both this case and the previously-dismissed *Suddreth* action, MBUSA does not

21  design or manufacture the subject vehicles or any of their component parts.  MBUSA

22  responds to this Request only on behalf of itself.

23        MBUSA objects to this Request to the extent it seeks information covered by the

24  attorney-client privilege, the work product doctrine, any other judicially recognized

25  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

26        MBUSA objects to this Request to the extent it seeks information that would

27  require MBUSA to disclose trade secret, proprietary, and/or confidential information

28

1 and/or would require MBUSA to disclose information that would breach any

2 confidentiality agreement between MBUSA and any other individual or entity.

3       MBUSA objects to this Request because it assumes untrue facts.  Specifically, the

4 Request incorrectly assumes that MBUSA participates in the manufacturing process of

5 Mercedes-Benz vehicles as well as their internal components.

6       Subject to and without waiving the foregoing general and specific objections, and

7 based on its understanding of the Request, MBUSA responds as follows:  MBUSA agrees

8 to produce copies of the DTB plaintiffs put at issue, as well as previous or subsequent

9 versions of the DTB.

10 **REQUEST FOR PRODUCTION NO. 14:**

11       All COMMUNICATIONS between YOU and anybody else RELATING and/or

12 PERTAINING TO the lawsuit styled as *Suddreth et. al. v. Mercedes-Benz USA, LLC*, No.

13 10-51030 (DMC) (JAD) (D.N.J.).

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

15       MBUSA incorporates the general objections stated above as though set forth fully

16 in this response and also specifically objects to this Request as follows:

17       MBUSA objects that it has not received proper service of these Requests.  Neither

18 MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

19 service or a proof of service establishing proper service.

20       MBUSA objects to this Request, generally, and the term and phrase

21 "COMMUNICATIONS," specifically, as unintelligible, vague, ambiguous, overbroad,

22 unduly burdensome, harassing, oppressive, and seeking information far outside the

23 permissible scope of discovery, unrelated to the claims or defenses of the parties, and not

24 reasonably calculated to lead to the discovery of admissible evidence.

25       MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

26 on behalf of any entity other than MBUSA and to the extent it seeks information not within

27 MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

28 behalf of itself.

1   MBUSA objects that the Request is overly broad and outside the scope of

2   permissible discovery because it seeks information that is irrelevant to the alleged defect

3   and claims asserted in the case.

4   MBUSA objects to this Request to the extent it seeks disclosure of information

5   where such disclosure would violate the privacy rights of any individual or entity under the

6   First, Third, Fourth, Fifth, and Ninth Amendments to the U.S. Constitution, and any other

7   constitutional, statutory, common law or other law respecting the right of privacy.

8   MBUSA objects to this Request to the extent it seeks information covered by the

9   attorney-client privilege, the work product doctrine, any other judicially recognized

10   privilege or protection, rights of confidentiality, privacy, or any other similar protections.

11   Subject to and without waiving the foregoing general and specific objections, and

12   based on its understanding of the Request, MBUSA responds as follows: Non-privileged

13   information as to *Suddreth* is in the public files for that case and/or already has been served

14   on plaintiffs' counsel—who also were counsel in the now-dismissed *Suddreth* class action.

15   **REQUEST FOR PRODUCTION NO. 15:**

16   All COMMUNICATIONS between YOU and anybody else, including but not

17   limited to internal communications within your organization, RELATING and/or

18   PERTAINING TO this lawsuit (i.e., the lawsuit styled as *Majeed Seifi et. al. v. Mercedes-*

19   *Benz USA, LLC*, No. 12-cv-5493-THE (N.D. Cal.)).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

21   MBUSA incorporates the general objections stated above as though set forth fully

22   in this response and also specifically objects to this Request as follows:

23   MBUSA objects that it has not received proper service of these Requests.  Neither

24   MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

25   service or a proof of service establishing proper service.

26   MBUSA objects to this Request, generally, and the terms and phrases

27   "COMMUNICATIONS" and "internal communications," specifically, as unintelligible,

28   vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, and seeking

1  information far outside the permissible scope of discovery, unrelated to the claims or

2  defenses of the parties, and not reasonably calculated to lead to the discovery of admissible

3  evidence.

4      MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

5  on behalf of any entity other than MBUSA and to the extent it seeks information not within

6  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

7  behalf of itself.

8      MBUSA objects to this Request to the extent it seeks disclosure of information

9  where such disclosure would violate the privacy rights of any individual or entity under the

10  First, Third, Fourth, Fifth, and Ninth Amendments to the U.S. Constitution, and any other

11  constitutional, statutory, common law or other law respecting the right of privacy.

12      MBUSA objects to this Request to the extent it seeks information covered by the

13  attorney-client privilege, the work product doctrine, any other judicially recognized

14  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

15      MBUSA objects to this Request because it seeks information created or obtained

16  after the date of plaintiff's filing of the complaint in this litigation, relating to this

17  litigation.

18      Subject to and without waiving the foregoing general and specific objections, and

19  based on its understanding of the Request, MBUSA responds as follows: Non-privileged

20  information as to *Seifi* is in the public files for that case and/or already has been served on

21  plaintiffs' counsel.

22  **REQUEST FOR PRODUCTION NO. 16:**

23      All DOCUMENTS RELATING and/or PERTAINING TO any tracking, studies,

24  evaluations, reports, or observations on any kind PERTAINING or RELATING TO the

25  rate of failure of balance shafts and/or balance shaft sprockets in the M272 engines.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

27      MBUSA incorporates the general objections stated above as though set forth fully

28  in this response and also specifically objects to this Request as follows:

1    MBUSA objects that it has not received proper service of these Requests. Neither

2    MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

3    service or a proof of service establishing proper service.

4    MBUSA objects to this Request, generally, and the terms and phrases "tracking,"

5    "studies," "evaluations," "reports," "observations," "on any kind," and "the rate of

6    failure," specifically, as unintelligible, vague, ambiguous, overbroad, unduly burdensome,

7    harassing, oppressive, and seeking information far outside the permissible scope of

8    discovery, unrelated to the claims or defenses of the parties, and not reasonably calculated

9    to lead to the discovery of admissible evidence.

10   MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

11   on behalf of any entity other than MBUSA and to the extent it seeks information not within

12   MBUSA's possession, custody, or control. MBUSA responds to this Request only on

13   behalf of itself.

14   MBUSA objects that the Request is overly broad and outside the scope of

15   permissible discovery because it seeks information that is irrelevant to the alleged defect

16   and claims asserted in the case. Furthermore, the Request has no temporal limitation and

17   so encompasses documents and information that likely would have no relevance to the

18   alleged defect.

19   MBUSA objects to this Request to the extent it seeks information covered by the

20   attorney-client privilege, the work product doctrine, any other judicially recognized

21   privilege or protection, rights of confidentiality, privacy, or any other similar protections.

22   MBUSA objects to this Request to the extent it seeks information that would

23   require MBUSA to disclose trade secret, proprietary, and/or confidential information

24   and/or would require MBUSA to disclose information that would breach any

25   confidentiality agreement between MBUSA and any other individual or entity.

26   Subject to and without waiving the foregoing general and specific objections, and

27   based on its understanding of the Request, MBUSA responds as follows: MBUSA does

28   not have such documents relating to the failure rates of the balance shaft and/or balance

1  shaft sprockets in the M272 engines in its possession, custody, or control prepared outside
2  of litigation.

3  **REQUEST FOR PRODUCTION NO. 17:**

4      All DOCUMENTS RELATING and/or PERTAINING TO any goodwill or other
5  customer assistance offers that YOU and/or YOUR dealers have offered to owners and/or
6  lessees of vehicles equipped with the M272 engine whose balance shafts and/or balance
7  shaft sprockets required replacement and/or repair pursuant to which such owners and or
8  lessees received any payment, credit, or any other type of consideration.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

10     MBUSA incorporates the general objections stated above as though set forth fully
11 in this response and also specifically objects to this Request as follows:

12     MBUSA objects that it has not received proper service of these Requests.  Neither
13 MBUSA nor its counsel has a record of receiving the Requests by an authorized method of
14 service or a proof of service establishing proper service.

15     MBUSA objects to this Request, generally, and the terms and phrases "goodwill,"
16 "customer assistance offers," "YOUR dealers," "offered," "pursuant to which," "received,"
17 and "any payment, credit, or any other type of consideration," specifically, as
18 unintelligible, vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive,
19 and seeking information far outside the permissible scope of discovery, unrelated to the
20 claims or defenses of the parties, and not reasonably calculated to lead to the discovery of
21 admissible evidence.

22     MBUSA objects to this Request to the extent it seeks to require MBUSA to respond
23 on behalf of any entity other than MBUSA and to the extent it seeks information not within
24 MBUSA's possession, custody, or control.  MBUSA does not know why a particular
25 dealership may or may not provide goodwill to a customer for claims regarding the balance
26 shaft in their vehicle; the Request requires MBUSA to speculate as to those reasons.

27     MBUSA objects that the Request is overly broad and outside the scope of
28 permissible discovery because it seeks information that is irrelevant to the alleged defect

1   and claims asserted in the case. Furthermore, the Request has no temporal limitation and

2   so encompasses documents and information that likely would have no relevance to the

3   alleged defect.

4       MBUSA objects that the Requests calls for speculation as to the motivation of

5   independent authorized dealerships in covering some portion of the costs.

6       MBUSA objects to this Request to the extent it seeks information covered by the

7   attorney-client privilege, the work product doctrine, any other judicially recognized

8   privilege or protection, rights of confidentiality, privacy, or any other similar protections.

9       MBUSA objects to this Request to the extent it seeks information that would

10  require MBUSA to disclose trade secret, proprietary, and/or confidential information

11  and/or would require MBUSA to disclose information that would breach any

12  confidentiality agreement between MBUSA and any other individual or entity.

13      MBUSA objects that plaintiff's request is an improper fishing expedition that seeks

14  evidence of misconduct by MBUSA, even though plaintiff has no basis for alleging such

15  misconduct. MBUSA will not produce irrelevant information regarding goodwill and

16  customer assistance that has no bearing on the instant litigation or on plaintiff's claims.

17  **REQUEST FOR PRODUCTION NO. 18:**

18      DOCUMENTS sufficient to show any and all differences between the balance shaft

19  sprockets among the various Mercedes-Benz model vehicles equipped with the M272

20  engine sold within the United States.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

22      MBUSA incorporates the general objections stated above as though set forth fully

23  in this response and also specifically objects to this Request as follows:

24      MBUSA objects that it has not received proper service of these Requests. Neither

25  MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

26  service or a proof of service establishing proper service.

27      MBUSA objects to this Request, generally, and the terms and phrases "sufficient,"

28  "show any and all differences," "various," and "sold," specifically, as unintelligible,

1  vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, and seeking

2  information far outside the permissible scope of discovery, unrelated to the claims or

3  defenses of the parties, and not reasonably calculated to lead to the discovery of admissible

4  evidence.

5      MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

6  on behalf of any entity other than MBUSA and to the extent it seeks information not within

7  MBUSA's possession, custody, or control. As plaintiffs' counsel have known for years,

8  from both this case and the previously-dismissed *Suddreth* action, MBUSA does not

9  design or manufacture the subject vehicles or any of their component parts. MBUSA

10 responds to this Request only on behalf of itself.

11     MBUSA objects to this Request on the grounds of relevance. As a whole, and

12 taking the plain meaning of the words and phrases included in this Request, the Request is

13 unrelated to the claims or defenses of the parties, and is not reasonably calculated to lead

14 to the discovery of admissible evidence.

15     MBUSA objects that the Request is overly broad and outside the scope of

16 permissible discovery because it seeks information that is irrelevant to the alleged defect

17 and claims asserted in the case. The "differences between the balance shaft sprockets

18 among the various Mercedes-Benz model vehicles equipped with the M272 engine sold

19 within the United States" is irrelevant to a putative class action alleging claims only as to

20 owners and lessees of certain types of vehicles in California. Furthermore, the Request has

21 no temporal limitation and so encompasses documents and information that likely would

22 have no relevance to the alleged defect.

23     MBUSA objects to this Request to the extent it seeks information covered by the

24 attorney-client privilege, the work product doctrine, any other judicially recognized

25 privilege or protection, rights of confidentiality, privacy, or any other similar protections.

26     MBUSA objects to this Request to the extent it seeks information that would

27 require MBUSA to disclose trade secret, proprietary, and/or confidential information

28

1   and/or would require MBUSA to disclose information that would breach any

2   confidentiality agreement between MBUSA and any other individual or entity.

3        MBUSA objects to this Request because it assumes untrue facts. Specifically, the

4   Request incorrectly assumes that MBUSA participates in the manufacturing process of

5   Mercedes-Benz vehicles as well as their internal components.

6        Subject to and without waiving the foregoing general and specific objections, and

7   based on its understanding of the Request, MBUSA responds as follows: MBUSA did not

8   design or manufacture the class vehicles or any of its component parts. The requested

9   information is not in MBUSA's possession, custody, or control.

10   **REQUEST FOR PRODUCTION NO. 19:**

11        All DOCUMENTS PERTAINING and/or RELATING TO the treatment of owners

12   and/or lessees in Germany of vehicles equipped with the M272 engine whose vehicles

13   required repair and/or replacement of the M272 engine.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

15        MBUSA incorporates the general objections stated above as though set forth fully

16   in this response and also specifically objects to this Request as follows:

17        MBUSA objects that it has not received proper service of these Requests. Neither

18   MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

19   service or a proof of service establishing proper service.

20        MBUSA objects to this Request, generally, and the terms and phrases "treatment,"

21   "required repair," or "replacement of the M272 engine," specifically, as unintelligible,

22   vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, and seeking

23   information far outside the permissible scope of discovery, unrelated to the claims or

24   defenses of the parties, and not reasonably calculated to lead to the discovery of admissible

25   evidence.

26        MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

27   on behalf of any entity other than MBUSA and to the extent it seeks information not within

28

1  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

2  behalf of itself.

3        MBUSA objects that the Request is overly broad and outside the scope of

4  permissible discovery because it seeks information that is irrelevant to the alleged defect

5  and claims asserted in the case.  The "treatment of owners and/or lessees in Germany" is

6  irrelevant to a putative class action alleging claims only as to owners and lessees of certain

7  types of vehicles in California.  Moreover, the Request encompasses "repair and/or

8  replacement of the M272 engine" that has nothing to do with the alleged defect plaintiffs

9  have put at issue.  An engine may fail for any number of reasons, and plaintiff's request for

10  information in connection with every type of failure is improper, harassing, overbroad and

11  unduly burdensome.  Furthermore, the Request has no temporal limitation and so

12  encompassed documents and information that likely would have no relevance to the

13  alleged defect.

14        Subject to and without waiving the foregoing general and specific objections, and

15  based on its understanding of the Request, MBUSA responds as follows:  MBUSA is not

16  in possession, custody, or control of documents relating to the "treatment" of owners

17  and/or lessees in Germany of vehicles equipped with the M272 engine whose vehicles

18  required repair and/or replacement of the M272 engine.  MBUSA is not the distributor or

19  warrantor as to any such vehicles.

20  **REQUEST FOR PRODUCTION NO. 20:**

21        All DOCUMENTS PERTAINING and/or RELATING TO the treatment of owners

22  and/or lessees outside the United States of vehicles equipped with the M272 engine whose

23  vehicles required repair and/or replacement of the M272 engine.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

25        MBUSA incorporates the general objections stated above as though set forth fully

26  in this response and also specifically objects to this Request as follows:

27

28

1   MBUSA objects that it has not received proper service of these Requests. Neither
2   MBUSA nor its counsel has a record of receiving the Requests by an authorized method of
3   service or a proof of service establishing proper service.

4   MBUSA objects to this Request, generally, and the term and phrase "treatment,"
5   specifically, as vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive,
6   and seeking information far outside the permissible scope of discovery, unrelated to the
7   claims or defenses of the parties, and not reasonably calculated to lead to the discovery of
8   admissible evidence.

9   MBUSA objects to this Request to the extent it seeks to require MBUSA to respond
10  on behalf of any entity other than MBUSA and to the extent it seeks information not within
11  MBUSA's possession, custody, or control. MBUSA responds to this Request only on
12  behalf of itself.

13  MBUSA objects that the Request is overly broad and outside the scope of
14  permissible discovery because it seeks information that is irrelevant to the alleged defect
15  and claims asserted in the case. The "treatment of owners and/or lessees outside the
16  United States" is irrelevant to a putative class action alleging claims only as to owners and
17  lessees of certain types of vehicles in California. Moreover, the Request encompasses
18  "repair and/or replacement of the M272 engine" that has nothing to do with the alleged
19  defect plaintiffs have put at issue. An engine may fail for any number of reasons, and
20  plaintiff's request for information in connection with every type of failure is improper,
21  harassing, overbroad and unduly burdensome. Furthermore, the Request has no temporal
22  limitation and so encompassed documents and information that likely would have no
23  relevance to the alleged defect.

24  Subject to and without waiving the foregoing general and specific objections, and
25  based on its understanding of the Request, MBUSA responds as follows: MBUSA is not
26  in possession, custody, or control of documents relating to the "treatment" of owners
27  and/or lessees outside the United States of vehicles equipped with the M272 engine whose
28

1  vehicles required repair and/or replacement of the M272 engine.  MBUSA is not the

2  distributor or warrantor as to any such vehicles.

3  **REQUEST FOR PRODUCTION NO. 21:**

4       All DOCUMENTS YOU received and/or sent to any supplier of the balance shaft

5  and/or balance shaft sprocket in the M272 engine.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

7       MBUSA incorporates the general objections stated above as though set forth fully

8  in this response and also specifically objects to this Request as follows:

9       MBUSA objects that it has not received proper service of these Requests.  Neither

10  MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

11  service or a proof of service establishing proper service.

12       MBUSA objects to this Request, generally, and the terms and phrases "received,"

13  "sent," and "supplier," specifically, as unintelligible, vague, ambiguous, overbroad, unduly

14  burdensome, harassing, oppressive, and seeking information far outside the permissible

15  scope of discovery, unrelated to the claims or defenses of the parties, and not reasonably

16  calculated to lead to the discovery of admissible evidence.

17       MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

18  on behalf of any entity other than MBUSA or seeks information not in MBUSA's

19  possession, custody, or control.  As plaintiffs' counsel have known for years, from both

20  this case and the previously-dismissed *Suddreth* action, MBUSA does not design or

21  manufacture the subject vehicles or any of their component parts.  MBUSA responds to

22  this Request only on behalf of itself.

23       MBUSA objects that the Request is overly broad and outside the scope of

24  permissible discovery because it seeks information that is irrelevant to the alleged defect

25  and claims asserted in the case.  The Request is grossly overbroad and irrelevant because it

26  is not bounded by the alleged defect and so would improperly include information that has

27  nothing to do with the alleged defect or the issues in this case.  Furthermore, the Request

28

1   has no temporal limitation and so encompassed documents and information that likely

2   would have no relevance to the alleged defect.

3        MBUSA objects to this Request to the extent it seeks information covered by the

4   attorney-client privilege, the work product doctrine, any other judicially recognized

5   privilege or protection, rights of confidentiality, privacy, or any other similar protections.

6        MBUSA objects to this Request to the extent it seeks information that would

7   require MBUSA to disclose trade secret, proprietary, and/or confidential information

8   and/or would require MBUSA to disclose information that would breach any

9   confidentiality agreement between MBUSA and any other individual or entity.

10       MBUSA objects to this Request because it assumes untrue facts.  Specifically, the

11  Request incorrectly assumes that MBUSA participates in the manufacturing process of

12  Mercedes-Benz vehicles as well as their internal components.

13       Subject to and without waiving the foregoing general and specific objections, and

14  based on its understanding of the Request, MBUSA responds as follows:  MBUSA did not

15  receive or send documents to suppliers of balance shafts and/or balance shaft sprockets in

16  the M272 engine, so it is not in possession, custody, or control of documents.

17  **REQUEST FOR PRODUCTION NO. 22:**

18       DOCUMENTS sufficient to IDENTIFY each supplier YOU have had for the

19  balance shaft and/or balance shaft sprocket found in vehicles sold within the United States

20  that are powered by the M272 engine.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

22       MBUSA incorporates the general objections stated above as though set forth fully

23  in this response and also specifically objects to this Request as follows:

24       MBUSA objects that it has not received proper service of these Requests.  Neither

25  MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

26  service or a proof of service establishing proper service.

27       MBUSA objects to this Request, generally, and the terms and phrases "sufficient,"

28  "supplier," "have had,"  and "powered," specifically, as unintelligible, vague, ambiguous,

1  overbroad, unduly burdensome, harassing, oppressive, and seeking information far outside

2  the permissible scope of discovery, unrelated to the claims or defenses of the parties, and

3  not reasonably calculated to lead to the discovery of admissible evidence.

4      MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

5  on behalf of any entity other than MBUSA or seeks information not in MBUSA's

6  possession, custody, or control.  As plaintiffs' counsel have known for years, from both

7  this case and the previously-dismissed *Suddreth* action, MBUSA does not design or

8  manufacture the subject vehicles or any of their component parts.  MBUSA responds to

9  this Request only on behalf of itself.

10      MBUSA objects that the Request is overly broad and outside the scope of

11  permissible discovery because it seeks information that is irrelevant to the alleged defect

12  and claims asserted in the case.  Furthermore, the Request has no temporal limitation and

13  so encompasses documents and information that likely would have no relevance to the

14  alleged defect.

15      MBUSA objects to this Request to the extent it seeks information covered by the

16  attorney-client privilege, the work product doctrine, any other judicially recognized

17  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

18      MBUSA objects to this Request to the extent it seeks information that would

19  require MBUSA to disclose trade secret, proprietary, and/or confidential information

20  and/or would require MBUSA to disclose information that would breach any

21  confidentiality agreement between MBUSA and any other individual or entity.

22      MBUSA objects to this Request because it assumes untrue facts.  Specifically, the

23  Request incorrectly assumes that MBUSA participates in  the manufacturing process of

24  Mercedes-Benz vehicles as well as their internal components.

25      Subject to and without waiving the foregoing general and specific objections, and

26  based on its understanding of the Request, MBUSA responds as follows:  MBUSA is not

27  in possession, custody, or control of documents sufficient to respond to this Request.

28

1  **REQUEST FOR PRODUCTION NO. 23:**

2       All documents, terms, and/or DOCUMENTS RELATING and/or PERTAINING

3  TO indemnification, contribution, surety, insurance, and/or joint and/or several liability

4  PERTAINING and/or RELATING TO any claim found within the First Amended

5  Complaint in this lawsuit.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

7       MBUSA incorporates the general objections stated above as though set forth fully

8  in this response and also specifically objects to this Request as follows:

9       MBUSA objects that it has not received proper service of these Requests.  Neither

10  MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

11  service or a proof of service establishing proper service.

12       MBUSA objects to this Request, generally, and the terms and phrases

13  "indemnification," "contribution," "surety,"  "insurance," "joint and/or several liability,"

14  and "any claim," specifically, as unintelligible, vague, ambiguous, overbroad, unduly

15  burdensome, harassing, oppressive, and seeking information far outside the permissible

16  scope of discovery, unrelated to the claims or defenses of the parties, and not reasonably

17  calculated to lead to the discovery of admissible evidence.

18       MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

19  on behalf of any entity other than MBUSA and to the extent it seeks information not within

20  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

21  behalf of itself.

22       MBUSA objects that the Request is overly broad and outside the scope of

23  permissible discovery because it seeks information that is irrelevant to the alleged defect

24  and claims asserted in the case.  Furthermore, the Request has no temporal limitation and

25  so encompasses documents and information that likely would have no relevance to the

26  alleged defect.

27

28

1   MBUSA objects to this Request to the extent it seeks information covered by the
2   attorney-client privilege, the work product doctrine, any other judicially recognized
3   privilege or protection, rights of confidentiality, privacy, or any other similar protections.
4   MBUSA objects to this Request to the extent it seeks information that would
5   require MBUSA to disclose trade secret, proprietary, and/or confidential information
6   and/or would require MBUSA to disclose information that would breach any
7   confidentiality agreement between MBUSA and any other individual or entity.

8   **REQUEST FOR PRODUCTION NO. 24:**

9   All DOCUMENTS RELATING and/or PERTAINING TO any corporate policies
10  that allow or prevent Mercedes-Benz USA, LLC from accessing DOCUMENTS from any
11  of its corporate affiliates.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

13  MBUSA incorporates the general objections stated above as though set forth fully
14  in this response and also specifically objects to this Request as follows:

15  MBUSA objects that it has not received proper service of these Requests.  Neither
16  MBUSA nor its counsel has a record of receiving the Requests by an authorized method of
17  service or a proof of service establishing proper service.

18  MBUSA objects to this Request, generally, and the terms and phrases "corporate
19  policies," "accessing," and "corporate affiliates," specifically, as unintelligible, vague,
20  ambiguous, overbroad, unduly burdensome, harassing, oppressive, and seeking
21  information far outside the permissible scope of discovery, unrelated to the claims or
22  defenses of the parties, and not reasonably calculated to lead to the discovery of admissible
23  evidence.

24  MBUSA objects to this Request to the extent it seeks to require MBUSA to respond
25  on behalf of any entity other than MBUSA and to the extent it seeks information not within
26  MBUSA's possession, custody, or control.  MBUSA responds to this Request only on
27  behalf of itself.

28

1    MBUSA objects that the Request is overly broad and outside the scope of

2  permissible discovery because it seeks information that is irrelevant to the alleged defect

3  and claims asserted in the case.  Furthermore, the Request has no temporal limitation and

4  so encompasses documents and information that likely would have no relevance to the

5  alleged defect.

6    MBUSA objects to this Request to the extent it seeks information covered by the

7  attorney-client privilege, the work product doctrine, any other judicially recognized

8  privilege or protection, rights of confidentiality, privacy, or any other similar protections.

9    MBUSA objects to this Request to the extent it seeks information that would

10  require MBUSA to disclose trade secret, proprietary, and/or confidential information

11  and/or would require MBUSA to disclose information that would breach any

12  confidentiality agreement between MBUSA and any other individual or entity.

13    Subject to and without waiving the foregoing general and specific objections, and

14  based on its understanding of the Request, MBUSA responds as follows:  MBUSA does

15  not have any documents in its possession, custody, or control reflecting the requested

16  "corporate policy," but states that corporate affiliates of MBUSA treat their confidential

17  information confidentially and therefore, for example, do not share sensitive design and

18  manufacturing information with MBUSA.

19  **REQUEST FOR PRODUCTION NO. 25:**

20    All Technical Services Bulletins, Dealer Technical Bulletins, or any other

21  DOCUMENTS of any kind disseminated to YOUR dealers alerting them about potential

22  issues, and/or repair and/or replacement procedures RELATING and/or PERTAINING TO

23  the balance shaft and/or balance shaft sprocket in the M272 engine.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

25    MBUSA incorporates the general objections stated above as though set forth fully

26  in this response and also specifically objects to this Request as follows:

27

28

1    MBUSA objects that it has not received proper service of these Requests.  Neither

2    MBUSA nor its counsel has a record of receiving the Requests by an authorized method of

3    service or a proof of service establishing proper service.

4    MBUSA objects to this Request, generally, and the terms and phrases "of any

5    kind," "disseminated," "YOUR dealers," "alerting," "potential issues," and "repair and/or

6    replacement procedures," specifically,  as unintelligible, vague, ambiguous, overbroad,

7    unduly burdensome, harassing, oppressive, and seeking information far outside the

8    permissible scope of discovery, unrelated to the claims or defenses of the parties, and not

9    reasonably calculated to lead to the discovery of admissible evidence.

10   MBUSA objects to this Request to the extent it seeks to require MBUSA to respond

11   on behalf of any entity other than MBUSA and to the extent it seeks information not within

12   MBUSA's possession, custody, or control.  MBUSA responds to this Request only on

13   behalf of itself.

14   MBUSA objects that the Request is overly broad and outside the scope of

15   permissible discovery because it seeks information that is irrelevant to the alleged defect

16   and claims asserted in the case.  Furthermore, the Request has no temporal limitation and

17   so encompasses documents and information that likely would have no relevance to the

18   alleged defect.

19   MBUSA objects to this Request to the extent it seeks information covered by the

20   attorney-client privilege, the work product doctrine, any other judicially recognized

21   privilege or protection, rights of confidentiality, privacy, or any other similar protections.

22   MBUSA objects to this Request to the extent it seeks information that would

23   require MBUSA to disclose trade secret, proprietary, and/or confidential information

24   and/or would require MBUSA to disclose information that would breach any

25   confidentiality agreement between MBUSA and any other individual or entity

26   Subject to and without waiving the foregoing general and specific objections, and

27   based upon MBUSA's understanding of the Request, MBUSA responds as follows:

28

1    MBUSA agrees to produce copies of the DTB plaintiffs put at issue, as well as previous or

2    subsequent versions of the DTB.

3

4    Dated:  December 23, 2013                    CARROLL, BURDICK & McDONOUGH LLP

5

6

7                                                By _____ /s/ *Troy M. Yoshino* _____

                                                        TROY M. YOSHINO
8                                                   Attorneys for Defendant
                                                 MERCEDEZ-BENZ USA, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### *SERVICE LIST*

2   *SEIFI V. MERCEDES-BENZ USA, LLC*
    *12-CV-05493 (TEH)*
3

4

## PROOF OF SERVICE

5      At the time of service, I was over 18 years of age and not a party to this action.  I am
6   employed in the County of San Francisco, State of California.  My business address is 44
    Montgomery Street, Suite 400, San Francisco, CA 94104.

7      On December 23, 2013, I served true copies of the following document(s) described as:

8   **MERCEDES-BENZ USA, LLC's RESPONSES TO PLAINTIFF MAJEED SEIFI'S FIRST SET OF**
9   **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED AT DEFENDANT**
    **MERCEDES-BENZ USA, LLC;**

10
    **DOCUMENT PRODUCTION, SEIFIMBUSA000001 – SEIFIMBUSA000259**
11

12  on the interested parties in this action as follows:

13  Roy A. Katriel                              Counsel for Plaintiffs
    THE KATRIEL LAW FIRM
14  4225 Executive Square, Suite 600
    La Jolla, California 92037
15  Telephone: (858)242-5642

16     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
    persons at the addresses listed in the Service List and placed the envelope for collection and
17  mailing, following our ordinary business practices.  I am readily familiar with the practice of
    Carroll, Burdick & McDonough LLP for collecting and processing correspondence for mailing.
18  On the same day that correspondence is placed for collection and mailing, it is deposited in the
    ordinary course of business with the United States Postal Service, in a sealed envelope with
19  postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The
    envelope was placed in the mail at San Francisco, California.
20

21     I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.
22

23     Executed on December 23, 2013, at San Francisco, California.

24

25                                             Dorothy M. Gatmen

26

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF612121-1