Roy A. Katriel (SBN 265463)
THE KATRIEL LAW FIRM
4225 Executive Square, Suite 600
La Jolla, California 92037
Telephone: (858) 242-5642
Facsimile: (858) 430-3719
e-mail: rak@katriellaw.com

*Counsel for Plaintiffs*

*[additional Plaintiffs' Counsel listed on signature block]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAJEED SEIFI AND TRACEY DEAKIN, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | **CASE NO. 3:12-cv-5493-TEH**<br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>**Judge: Hon. Thelton E. Henderson**<br>**Hearing Date: January 12, 2015**<br>**Time: 10:00 am**<br>**Location: Courtroom 12, 19th Floor**<br><br>**REDACTED PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION……………………………………………………………1

MEMORANDUM IN SUPPORT………………………………………………………………..…1

INTRODUCTION AND FACTUAL BACKGROUND…………………………………………....1

ARGUMENT……………………………………………………………………………………....2

I.      PLAINTIFFS MEET THE SUMMARY JUDGMENT STANDARDS………….….…….2

II.     PLAINTIFFS' PROOF OF MBUSA'S CLRA LIABILITY IS UNDISPUTED…………..4

      A.  MBUSA'S Own Confidential Document Acknowledges The Defect, Its Nature And Extent, As Well As MBUSA's Early Knowledge Of It……………………………4

      B.  MBUSA's Own Warranty Terms Confirm That The Parts Were "Defective" As A Result Of MBUSA's "Fault."…………………………………………..……………6

III.    IT IS UNDISPUTED THAT MBUSA FAILED TO DISCLOSE THE SUBJECT DEFECT TO PLAINTIFFS OR CLASS MEMBERS……………………………….....…7

IV.   MBUSA'S LEGAL DUTY UNDER CALIFORNIA LAW TO DISCLOSE THE DEFECT IS UNDISPUTED……………………………………………………...……..9

V.    PARTIAL SUMMARY JUDGMENT OR SUMMARY ADJUDICATION AS TO MBUSA'S LIABILITY UNDER THE CLRA SHOULD LEAD TO THE SAME RESULT FOR PLAINTIFFS' SEPARATE UCL CLAIM………………………………...11

CONCLUSION…………………………………………………………………………………11

# TABLE OF AUTHORITIES

**Cases:**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)……………………………………………………………………...3

*Bendich v. JBS Development Corp.*,
    1987 WL 65070 (N.D. Cal. Jun. 16, 1987)……………………………………...…….3

*BMW of North America, Inc. v. Gore*,
    517 U.S. 559 (1996)……………………………………………………….………..4

*Board of Trustees of Teamsters and Employers Trust Fund v. Flemming Food West, Inc.*,
    1991 WL 325282 (N.D. Cal. Apr. 11, 1991)……………………………………………………………………………3

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)…………………………………………………………………..3

*Daugherty v. American Honda Motor Co., Inc.*,
    144 Cal. App. 4th 824 (2006)………………………………………………....…..9, 10

*Ehrlich v. BMW of North America, LLC*,
    801 F. Supp.2d 908 (N.D. Cal. 2010)……………………………………...………10

*Falk v. General Motors Corp.*,
    496 F. Supp.2d 1088 (N.D. Cal. 2007)…………………………………………….10

*Mendez v. Gearan*,
    956 F. Supp. 1520 (N.D. Cal. 1997)……………………………………………………3

*United States v. Honeywell Int'l, Inc.*,
    542 F. Supp.2d 1188 (E.D. Cal. 2008)……………………………………………...3

**Statutes and Rules:**

Fed. R. Civ. P. 56……………………………………………………………...………1, 2

Cal. Civ. Code, § 1770………………………………………………………...………….9

Cal. Civ. Code, § 1780……………………………………………………………...………4

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on January 12, 2015 at 10:00 am, or at such other time as this matter may be heard, at Courtroom 12, 19th Floor of the United States District Court for the Northern District of California's San Francisco Division, Plaintiffs Majeed Seifi and Tracey Deakin, by and through their undersigned counsel, will and do hereby move pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment on liability or, in the alternative, for summary adjudication. This motion is based on the facts and arguments set forth in the accompanying Memorandum in Support, the Declaration of Roy A. Katriel and its respective exhibits, all of which are being filed herewith, arguments of counsel, as well as all other filings in this case, and such other matters as the Court may otherwise consider.

**MEMORANDUM IN SUPPORT**

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs Majeed Seifi and Tracey Deakin (collectively "Plaintiffs") hereby move, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment as to liability or, in the alternative, summary adjudication because the record establishes that the requisite elements of Defendant Mercedes Benz USA, LLC's ("MBUSA" or "Defendant") liability is undisputed. Plaintiffs filed this action on October 24, 2012, alleging that a defect in certain engines powering Mercedes-Benz vehicles, known as the M272 and M273 engines, caused key parts of those engines to fail prematurely, such that the whole engine had to be disassembled in order to have the defective parts replaced. *See* Dkt. No. 1 [Class Action Complaint], at ¶ 1. This, in turn, involved a repair cost of more than $5,000—a cost that Plaintiffs and the putative class members were left to bear because the nature of this undisclosed defect was such that it almost always caused the parts to fail shortly after the 4 year/50,000 mile MBUSA New Vehicle Limited Warranty had expired. *Id*. at ¶¶ 1, 5, 6.

Plaintiffs, California residents whose own Mercedes ML-350 vehicles suffered this fate, sought to represent a class of all California consumers of Mercedes vehicles equipped with the M272 and M273 engines falling within an identified serial number range that corresponds to

engines manufactured with the allegedly defective parts. *Id*. at ¶¶ 5, 6, 34. The defect at issue involves the balance shaft sprocket gear in the M272 engine, or the idle gear in the M273 engine, and it was alleged that a defective manufacture of these parts from an unsuitable sintered steel material cause them to fail prematurely. Plaintiffs' original Class Action Complaint pled claims for breach of MBUSA's express warranty, breach of the Song-Beverly implied warranty of merchantability, violation of the California Consumer Legal Remedies Act ("CLRA"), and violation of California's Unfair Competition Law ("UCL"). *Id*. at ¶¶ 42-73.

In response to MBUSA's repeated motions to dismiss, the Court dismissed the warranty claims but let stand Plaintiffs statutory CLRA and UCL counts. *See* Dkt. Nos. 42 and 63 [Court's Order Granting in Part and Denying In Part MBUSA's motions to dismiss Original and First Amended Class Action Complaint, respectively]; *see also* Dkt. No. 46 [First Amended Complaint ("FAC")]. Plaintiffs now move for partial summary judgment as to liability or, in the alternative, summary adjudication because the undisputed evidence—often found in MBUSA's own documents—establishes the existence of a defect, MBUSA's knowledge of it, and MBUSA's non-disclosure of the defect in violation of its duty to disclose and in violation of the CLRA and UCL. Entering partial summary judgment as to liability now, or alternatively summary adjudication as to those elements of Plaintiffs' claims that are not subject to dispute, would leave only the remedies phase to be adjudicated on behalf of Plaintiffs and the class members.

Because, as set forth below, the record shows an absence of dispute as to the material facts of Plaintiffs' claims, Plaintiffs' motion should be granted.

## ARGUMENT

**I.    PLAINTIFFS MEET THE SUMMARY JUDGMENT STANDARDS.**

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is properly granted when no genuine and disputed issues of material fact remain; or, when viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.

2

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). The moving party bears the burden of showing that there is no material factual dispute. The Court must regard as true the opposing party's evidence, but only if it is supported by evidentiary material. *Celotex,* 477 U.S. at 324.

Material facts that may preclude summary judgment are only those which, under the substantive law, may affect the outcome of the case. The substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Under Federal Rule of Civil Procedure 56(g), "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). "The standard that applies to a motion for summary adjudication is the same as that which applies to . . . summary judgment." *United States v. Honeywell Int'l, Inc.*, 542 F. Supp.2d 1188, 1196 (E.D. Cal. 2008). This Court has previously entered summary adjudication orders that address a defendant's liability and leave the remedies to be adjudicated. *See, e.g., Board of Trustees of Teamsters and Employers Trust Fund v. Flemming Food West Inc.*, 1991 WL 325282, at *1 (N.D. Cal. Apr. 11, 1991) (noting that "Judge Thelton Henderson issued an Order, granting plaintiff's motion for summary adjudication that defendant breached its collective bargaining agreement and violated § 515 of ERISA and § 301 of LMRA; and instructing the parties to determine the precise amount of contributions owed by defendant along with interest, liquidated damages, costs, and reasonable attorney's fees."); *Bendich v. JBS Development Corp.*, 1987 WL 65070, at *1 (N.D. Cal. Jun. 16, 1987) (Henderson, J.,) (granting plaintiff's motion for summary adjudication as to liability of one *Mendez v. Gearan*, 956 F. Supp. 1520, 1529-30 (N.D. Cal. 1997) (Henderson, J.,) (granting in part parties' cross motions for summary adjudication).

Because there is no material fact in dispute respecting Defendant MBUSA'S liability, Plaintiffs Seifi and Deakin are entitled to partial summary judgment. Alternatively, even if the Court were to find that some material dispute exists as to particular elements of Plaintiffs' claims, Plaintiffs are still entitled to summary adjudication on those elements that are not in dispute.

Entry of partial summary judgment as to liability now would leave the question of remedies available to Plaintiffs, including without limitation compensatory and punitive damages under the

3

CLRA,[1] equitable and injunctive relief under both the CLRA and UCL, to be adjudicated. Further, entry of partial summary judgment or summary adjudication now would also enhance judicial efficiency by streamlining the upcoming motion for class certification. If, for example, the Court were to rule that MBUSA's liability has been summarily established, or that certain key elements of liability are undisputed, these finding would necessarily predominate over any classwide issues in the classwide proceeding.

## II. PLAINTIFFS' PROOF OF MBUSA'S CLRA LIABILITY IS UNDISPUTED.

Plaintiffs' CLRA claim centers around the allegations that: the balance shaft in certain Mercedes M272 engines and the idle gear in certain Mercedes M273 engines were defective; MBUSA knew of this defect; MBUSA failed to disclose this defect to unsuspecting consumers, even though it had a legal duty to do so; and, Plaintiffs and the Class members were harmed as a result. *See* FAC, at ¶¶ 67-73. Plaintiffs' UCL claim is largely derivative of the CLRA claim, and relies on the same allegations. *See id.* at ¶¶ 74-80. Plaintiffs' own documents, discovery responses, and testimony, now establish that the veracity of these allegations is undisputed.

### A. MBUSA's Own Confidential Document Acknowledges The Defect, Its Nature And Extent, As Well As MBUSA's Early Knowledge Of It.

The defect at issue being alleged in the FAC is that the balance shaft and idle gear in the M272 and M273 engines, respectively, was subject to premature wear as a result of a defect in its material composition. *See* FAC, at ¶ 19. █████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

---

[1] Punitive damages, for example, are expressly countenanced and allowed by the statutory text of the CLRA. *See* Cal. Civ. Code, § 1780(a)(4) ("Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against such person to recover or obtain any of the following: . . . (4) punitive damages."). And, it is telling that one of the seminal Supreme Court cases involving punitive damages awards was, like this action, a class action brought under state law involving an automobile manufacturer's failure to disclose a latent defective condition of the subject vehicles. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 585 (1996) (holding that state trial and appellate courts' determination that BMW should be subject to punitive damages was subject to affirmance but remanding case for determination of proper amount of punitive damages to be awarded consistent with constitutional proscriptions).



[text redacted]

### B. MBUSA'S Own Warranty Terms Confirm That The Parts Were "Defective" As A Result OF MBUSA's "Fault."

The foregoing document which provides a [redacted] establishes, in and of itself, that a defect existed in the affected parts of the M272 and M273 engines. Aside from that document, however, the defective nature of the parts at issue and MBUSA's responsibility for it are independently confirmed by the terms of MBUSA's New Vehicle Limited Warranty for the 2006 Mercedes ML-350 vehicle model owned by both plaintiffs. Under those terms, which MBUSA itself drafted, MBUSA makes the scope of its warranty repair obligations clear:

> Our intention is to repair under warranty, without charge to you, anything that goes wrong with your truck during the warranty period ***which is our fault***.

Ex. 2 to Katriel Decl. at Bates-stamped page SEIFIWARRANTY000019, at first paragraph (emphasis added).

That same page of MBUSA's own written warranty makes it clear, however, that:

> ***MBUSA's obligation is limited to the authorization to exchange or repair at its option such parts <u>as are acknowledged by it to be defective</u>.***

*Id.* at last paragraph (emphasis added).

So, under the express and unambiguous terms of MBUSA's own warranty, there are at least two conditions precedent to trigger MBUSA's legal obligation to repair or replace parts of the vehicles under the warranty: the part must have "go[ne] wrong during the warranty period" as a result of MBUSA's "fault" and MBUSA's obligation to replace any parts is limited only to "such parts as are acknowledged by it to be defective" *Id.*

MBUSA's Rule 30(b)(6) corporate designee testified in deposition on behalf of MBUSA that ███████████████████████████████████████████████████████ Either way, there is simply no dispute that a defect to the balance shaft and idle gear parts existed and that MBUSA was aware of this defect—and that its awareness existed at a time ████████████████████████████

### III. IT IS UNDISPUTED THAT MBUSA FAILED TO DISCLOSE THE SUBJECT DEFECT TO PLAINTIFFS OR CLASS MEMBERS.

Bates-stamped page SEIFIMBUSA002809 establishes that ██████████████████████████████████████████████████ Had MBUSA disclosed that defect to the absent Class members at that time, all affected vehicle owners would have been able to seek repair or replacement of these acknowledged defective parts under MBUSA's warranty. So, the pertinent question is: what did MBUSA disclose to the putative Class members about the defect? MBUSA disclosed nothing.

Instead, MBUSA's internal documents and emails show that MBUSA was engaged in a campaign and effort to keep this acknowledged defect entirely under wraps. By doing so, MBUSA knew that the majority of the defective parts in the half million potentially affected vehicles would fail only after the 4 year or 50,000 mile limits of the MBUSA New Vehicle Limited Warranty had

expired, and MBUSA could thereby seek to absolve itself of any repair obligation for a defect of its own making.

8



MBUSA's intentional non-disclosure of the defect is undisputed, and Plaintiffs are entitled to partial summary judgment or summary adjudication as to this legal element.

## IV. MBUSA'S LEGAL DUTY UNDER CALIFORNIA LAW TO DISCLOSE THE DEFECT IS UNDISPUTED.

There is also no dispute that MBUSA had a legal duty under California law to disclose the defect affecting the balance shaft and idle gears of the M272 and M273 engines, respectively. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). To state a claim under the CLRA, a consumer must show "that a defendant's conduct was deceptive" and that the deception caused the alleged harm. *McAdams v. Monier, Inc.*, 182 Cal. App. 4th 174, 183 (2010) (internal quotation marks and citation omitted); *see also* Cal. Civ. Code § 1780. Deception based on a fraudulent omission, as is at issue in this case, may be (and is being) shown by Plaintiffs by showing that the information undisclosed by MBUSA "pertains to a 'fact that the defendant was obligated to

9

disclose.'" [Dkt. No. 42] [[Order Denying In Part Mtn. To Dismiss, at 11:1] (quoting *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App.4th 824, 834-35 (2006)).

     Here, Plaintiffs can (and do) show that MBUSA was "obligated to disclose" the defect to the balance shaft and idle gears of the M272 and M273 engines, respectively, because the defect poses a safety-related risk. *See Ehrlich v. BMW of North America, LLC*, 801 F. Supp.2d 908, 918 (N.D. Cal. 2010) ("Consistent with *Falk* and *Daugherty* the Court concludes that a safety-based exception exists that might create a duty to disclose a defect even after the period of an express warranty expires and Plaintiff has sufficiently alleged that the defective windshields in the MINIs create an unreasonable safety risk that would be material to a reasonable consumer.") (citing *Falk v. General Motors Corp.*, 496 F. Supp.2d 1088, 1094(N.D. Cal. 2007) and *Daugherty*, 144 Cal. App.4th at 144 Cal. App.4th at 836).

     Here, MBUSA's own documents have acknowledged the safety-related risks posed by the defects to the balance shaft and idle gear of the M272 and M273 engines, respectively. Recall, that in its submission to the federal government, MBUSA informed the government that, "[t]his condition will result in the activation of the malfunction indicator lamp (MIL)." Ex. 1 to Katriel Decl. at Bates-stamped page SEIFIMBUSA002807. The consequence of this result was unambiguously communicated to consumers by MBUSA's own Owner's Manual for the vehicle, which alerts and cautions the owner that:

> **Warning !**
>
> All categories of messages contain important information which should be taken note of (and where a malfunction is indicated, addressed as soon as possible at an authorized Mercedes-Benz Light Truck Center).
>
> Failure to repair condition noted may cause damage not covered by the Mercedes-Benz Limited Warranty, or result in property damage ***or personal injury***.

Ex. 6 to Katriel Decl. at p. 395 (emphasis added).

     This warning of a danger of resulting personal injury that may come about once the Malfunction Indicator Light is illuminated was precisely what was understood by Plaintiffs. As Mr. Deakin, who is a licensed pilot, testified in deposition, "[a]ny time you see a red light, it kind of says safety. . . . I mean, red light means danger." Ex. 7 to Katriel Decl. [Deakin Dep. Tr.], at

44:16-21.

Thus, MBUSA's own official communication to the consumer is that the illumination of the Malfunction Indicator Lamp is a warning that the condition causing the illumination of that lamp—the very condition that MBUSA failed to disclose in this case—is one that may "result in property damage of personal injury." *Id*. Having directed that warning itself to the consumer, MBUSA cannot now attempt to argue that the defective condition does not pose a safety-related risk sufficient to impose a duty on MBUSA to disclose the defect. Because MBUSA's duty to disclose the alleged defect—a legal question informed by the undisputed facts—is not subject to dispute based on this record, Plaintiffs are also entitled to partial summary judgment or summary adjudication of this element of MBUSA's liability.

### V. PARTIAL SUMMARY JUDGMENT OR SUMMARY ADJUDICATION AS TO MBUSA'S LIABILITY UNDER THE CLRA SHOULD LEAD TO THE SAME RESULT FOR PLAINTIFFS' SEPARATE UCL CLAIM.

Plaintiffs' separate UCL claim relies on the same factual allegations underlying Plaintiffs' CLRA claim. Because, as shown, Plaintiffs are entitled to partial summary judgment as to liability, or least to summary adjudication with respect to their CLRA claim, the same result should also ensue with respect to their separate UCL claim.

### CONCLUSION

For all the foregoing reasons, Plaintiffs' motion for partial summary judgment or, in the alternative, summary adjudication should be GRANTED.

Dated: November 24, 2014							Respectfully submitted,

                      _____/s/ Roy A. Katriel_____
                      Roy A. Katriel (SBN 265463)
THE KATRIEL LAW FIRM
4225 Executive Square, Suite 600
La Jolla, California 92037
Telephone:  (858) 242-5642
Facsimile:   (858) 430-3719
e-mail: rak@katriellaw.com

Gary S. Graifman, Esq. (*pro hac vice*)
Robert A. Lubitz, Esq. (*pro hac vice*)
KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
210 Summit Avenue
Montvale, New Jersey 07645
Telephone: (201) 391-7000
Facsimile: (201) 307-1086
e-mail: ggraifman@kgglaw.com
e-mail: rlubitz@kgglaw.com

*Counsel for Plaintiffs*