UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJEED SEIFI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MERCEDES-BENZ U.S.A., LLC,<br><br>　　　　Defendant. | Case No. 12-cv-05493-TEH   (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL DOCUMENTS**<br><br>Dkt. Nos. 92-4, 104 & 122 |

Plaintiffs Marjeed Seifi and Tracy Deakin bring this putative class action against Defendant Mercedes-Benz USA, LLC, alleging certain defects in vehicles equipped with two particular engines. In the discovery dispute currently pending before the Court Plaintiffs contend that Defendant should be required to produce documents of Daimler AG, Defendant's parent company. (Dkt. No. 92-4.) Having had the benefit of oral argument on November 6, 2014, and having considered the parties' initial joint letter brief and their supplemental briefs regarding Defendant's legal right to documents in its parent corporation's possession, the Court DENIES Plaintiffs' motion to compel.

## BACKGROUND

Plaintiffs filed this putative class action under the Class Action Fairness Act seeking to represent a class of similarly situated individuals who purchased or leased certain Mercedes-Benz vehicles equipped with M272 and M273 engines for (1) breach of express warranty; (2) violations of the Unfair Competition Law ("UCL"); and (3) violations of the Consumer Legal Remedies Act

("CLRA"). Plaintiffs contend that Defendant sold vehicles containing a defect which causes the balance shift gear of the M272 engine and the idle gear of M273 engine to wear prematurely, repair of which is very expensive. Plaintiffs allege that Defendant was aware of the defect at the time the vehicles were sold, but concealed it from consumers. The district court granted a motion to dismiss the breach of warranty claim and any damages claims under the CLRA as to vehicles containing the M273 engine and referred the case to this Magistrate Judge for discovery.

## DISCUSSION

Plaintiffs seek to compel Defendant to produce documents of Daimler AG, "the German parent company and manufacturer of Mercedes-Benz vehicles at issue in this action." (Dkt. No. 92-4.) In particular, Plaintiffs take issue with Defendant's general objection to its Interrogatories and Document Requests which states that

> MBUSA objects to each and every Request to the extent it seeks to require MBUSA to respond on behalf of any entity other than MBUSA or to the extent it seeks information not in MBUSA's possession, custody, or control. MBUSA specifically objects to plaintiff's definitions of "YOU" and "YOUR" to the extent those terms include any entity other than MBUSA because inclusion of other entities besides MBUSA renders such definitions overbroad, unduly burdensome, harassing, and oppressive, and Requests using those definitions would impermissibly seek information not within MBUSA's possession, custody, and control. Accordingly, all responses herein are made by and on behalf of MBUSA alone and no other entity or person.

(Dkt. No. 97-1 at 4 (Defendant's Document Request Responses, Objection 5) & Dkt. No. 97-2 (Defendant's Interrogatory Responses, Objection 5).) Although Plaintiffs did not initially move to compel with respect to any particular document request, and instead, challenged Defendant's general objection, Plaintiffs' supplemental brief identifies nine document requests that they contend demand documents that are within Defendant's control.

### A. The Legal Control Test in the Ninth Circuit

Under Federal Rule of Civil Procedure 34, a party must produce any documents under its "possession, custody, or control." The party seeking the documents bears the burden of demonstrating that the responding party exercises such control. *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). In the Ninth Circuit, a

"practical ability to obtain the requested documents" from a related organization is not enough to constitute control because the related organization "could legally—and without breaching any contract—[ ] refuse to turn over such documents." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999). Instead, "control" is defined as "the legal right to obtain documents upon demand." *Id.* at 1107-08.

Plaintiffs' reliance on a decision in a related class action brought in the United States District Court for the Western District of Louisiana to show Defendant's "control" of its parent corporation's documents is unavailing.[1] *See Dugas et al v. Mercedes-Benz USA, LLC*, No. 12-2885 (W.D. La. Aug. 5, 2014) (Dkt. No. 123). In considering whether Mercedes-Benz was obligated to produce Daimler AG documents, the *Dugas* court held that "a sufficiently intimate relationship between subsidiary and parent [exists] to justify disregarding the formal corporate separation for the limited purpose of civil discovery." (Dkt. No. 97-3 at 9.) The court concluded that Mercedes-Benz had such control because (1) it was undisputed that there was a commonality of ownership;[2] (2) the two corporations exchanged documents during the ordinary course of business; and (3) Daimler was involved in the transaction from which the lawsuit arose (manufacture of the vehicles at issue). *Dugas'* holding, however, is contrary to the Ninth Circuit's legal control test as it is, in effect, a holding that Defendant has the practical ability to obtain from its parent the sought-after documents. Under binding Ninth Circuit law, such a showing is not enough. *In re Citric Acid Litig.*, 191 F.3d. at 1107-08.

Plaintiffs' citation to *AFL Telecommunications LLC v. SurplusEQ.com Inc.*, No. 11-1086, 2012 WL 2590557, at *2 (D. Ariz. July 5, 2012), is likewise unpersuasive. (Dkt. No. 92-4 at 3:6-4:3.) Although the *AFL* court noted the Ninth Circuit's *Citric Acid* legal control test, it applied a "more expansive" definition of legal control, relying on the Third Circuit's decision in *Gerling International Insurance Co. v. Commissioner*, 839 F.2d 131, 140–41 (3rd Cir. 1988). *AFL*

---

[1] An appeal of this decision is currently pending with the district court. It was fully briefed on October 9, 2014.
[2] In so concluding, the court noted that the United States Supreme Court recently held that Mercedes-Benz USA is Daimler's exclusive importer and distributor in the United States. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 752 (2014).

3

*Telecommunications LLC*, 2012 WL 2590557, at *2. In particular, the *AFL* court adopted language from *Gerling* observing that "[w]here the relationship is thus such that the agent-subsidiary can secure documents of the principal-agent to meet its own business needs and documents helpful for use in the litigation, the courts will not permit the agent-subsidiary to deny control for purposes of discovery by an opposing party." *Id.* (citing *Gerling*, 839 F.2d at 140). The court suggested that under *Gerling* the legal control test would capture a subsidiary that was the exclusive seller of its parent's products in the United States. *AFL Telecommunications LLC*, 2012 WL 2590557, at *2. Based on evidence that the plaintiff was a wholly-owned subsidiary of the parent corporation whose documents were sought, as well as the exclusive authorized United States distributor, and that the exclusive licensee relationship between the parent corporation and plaintiff-subsidiary corporation was formed just so plaintiff could bring the lawsuit, the court found that plaintiff had sufficient legal control over the source code sought and ordered it produced.

*AFL*'s interpretation of the legal control test is contrary to that of other district courts within the Ninth Circuit, including several within this district which have "required parties to establish that a subsidiary has a legal right to obtain documents from its parent on demand before compelling those parties to produce documents." *Dugan v. Lloyds TSB Bank*, *PLC*, No. 12-02549, 2013 WL 4758055, at *2 (N.D. Cal. Sept. 4, 2013) (collecting cases regarding the same). Further, even if the Court were to find *AFL's* rationale persuasive—which it is not—Plaintiff has not made the same showing here. Plaintiffs have simply alleged that Mercedes-Benz is a United States distributor and subsidiary of Daimler AG. Plaintiff also suggests that because Defendant has produced some Daimler AG documents it must have access to all such documents and databases. This falls well below the showing necessary to establish legal control: Plaintiffs must show that Defendant has the legal right to compel production of the documents from Daimler. Further, Plaintiffs provide no response to Defendant's contention that it is a "sales and servicing subsidiary, so it has some items on, e.g., replacing parts…[b]ut [it] does not design or manufacture the parts at issue… and [t]his type of information is very sensitive,… and cannot be demanded by [Defendant] as [Defendant] has no reason to know how a part is designed or made (as opposed to

4

replaced)." (Dkt. No. 92-4 at 6:13-18 (internal quotes and emphasis omitted).)

### B. The Interplay Between the Legal Control Test and NHTSA Regulations

At oral argument, Plaintiffs raised a new argument suggesting that regulations enacted by the National Highway Transportation and Safety Administration (NHTSA) give Defendant the requisite legal control.[3] Specifically, Plaintiffs contend that NHTSA regulations give Defendant a legal right to obtain the documents sought here because the regulations mandate that Defendant provide such documents to NHTSA in connection with any inquiry or investigation conducted by that federal agency. (Dkt. No. 104 at 3:19-23.) In particular, Plaintiffs point to the Notice of Proposed Rulemaking ("NPRM") entitled "Reporting of Information and Documents About Potential Defects Retention of Records That Could Indicate Defects," which is codified at 49 C.F.R. Parts 573, 574, 576, and 579. (Dkt. No. 104-2 (the NPRM).) The Court is not persuaded that these regulations provide Defendant with the necessary legal control over the documents at issue here.

As an initial matter, the regulations give *NHTSA* the right to demand the documents—not Defendant. Thus, while the regulations indisputably cover Daimler AG—"we propose to define the covered entity – the manufacturer – inclusively to include corporate parents, subsidiaries, and affiliates"—they do not alter the legal relationship between Daimler AG and Defendant in connection with this lawsuit. (Dkt. No. 104-2 at 10.) Rather, they require Daimler AG to ensure that the necessary documents are provided to NHTSA in the event of an investigation. To put it another way, notwithstanding the regulations, Daimler AG could legally—and without breaching any contract or violating any law—refuse to provide the documents to Defendant for use in this case. *See In re Citric Acid Litig*., 191 F.3d 1090, 1107-08 (9th Cir. 1999).

Second, the regulations set up a reporting framework whereby multinational corporations which manufacture vehicles sold in the United States are required to report certain information to the NHTSA either directly or through "that corporation's designated reporting entity, so that the designated entity timely provides the information to NHTSA." (Dkt. No. 104-2 at 9.) Notably, "a

---

[3] The Court granted the parties leave to submit supplemental briefing regarding this matter.

multinational corporation would be violating the law if it designated its U.S. importer as its reporting entity but failed to assure that the importer was provided with the information required to be reported." (*Id*.; *see also* 66 Fed. Reg. 66190-01 ("A multinational corporation must ensure that all relevant information on matters for which reports are required throughout the world are made available to whatever entity makes those reports so that its designated entity timely provides the information to NHTSA.").) However, Plaintiffs have not established that Daimler AG designated Defendant as the reporting entity.

Further, even if Defendant was the reporting entity for Daimler AG, the regulations themselves do not establish a legal mechanism for Defendants to demand the documents from Daimler AG. Courts interpreting the legal control test require a specific means by which the information can be obtained; that is, "proof of theoretical control is insufficient; a showing of actual control is required." *In re Citric Acid Litig*., 191 F.3d at 1107. Thus, the court in *In re NCAA Student-Athlete Name & Likeness Litig*., No. 09-CV-01967, 2012 WL 161240, at *3 (N.D. Cal. Jan. 17, 2012), found that the NCAA lacked sufficient legal control over documents possessed by its member institutions because "[n]either the NCAA Constitution nor the Bylaws grants the NCAA the right to take possession of its members' documents." *See also Doe v. AT & T W. Disability Benefits Program,* No. C-11-4603, 2012 WL 1669882, at *3 (N.D. Cal. May 14, 2012) (finding that legal control was established in light of a contract between defendant and the third-party which granted "defendant extensive ownership rights over information and documents created during the claims administration process"); *Micron Tech., Inc. v. Tessera, Inc*., No. 06-80096, 2006 WL 1646133, at *2 (N.D. Cal. June 14, 2006) (finding no legal control where there was no "mechanism [] to compel [the third-party] to produce those documents"). The regulations here specify that the manufacturer, whether foreign or domestic, must provide certain information to NHTSA. They do not create "a legally enforceable arrangement" by which Defendant can compel this same information from Daimler AG. *Micron Tech*, 2006 WL 1646133 at *1.

Finally, by Plaintiffs' own admission, NHTSA could only require the production of the requested documents under circumstances not present here; namely, if an NHTSA investigation is pending—which Plaintiffs concede is not.

6

Thus, Plaintiffs have failed to provide "factual support for [their] conclusion that the requested documents are within Defendants' custody or control" and the motion to compel must be denied. *Lopez v. Flores*, No. 08-CV-01975, 2013 WL 2385240, at *6 (E.D. Cal. May 30, 2013).[4] The result might be different if Defendant had already produced the documents to NHTSA in connection with an investigation and thus Defendant had the documents in its actual possession, but that is not the case here.

**CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiffs' motion to compel. (Dkt. No. 93.)

The Administrative Motions to Seal filed in connection with this discovery dispute (Dkt. Nos. 92, 94, and 95) are GRANTED.

This Order disposes of Docket Nos. 92, 93, 94, 95, and 104.

**IT IS SO ORDERED**.

Dated: December 16, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[4] Because the Court finds that Plaintiffs have not demonstrated Defendant's legal control, it need not and does not consider Defendant's argument that the documents Plaintiffs seek are not in any event covered by the NHTSA regulations.

7