UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAJEED SEIFI, et al.,

    Plaintiffs,

v.

MERCEDES-BENZ U.S.A., LLC,

    Defendant.

Case No. 12-cv-05493-TEH

**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE DEFENDANT'S MOTION; ORDER TO SHOW CAUSE**

**I. PLAINTIFFS' ADMINISTRATIVE MOTION IS GRANTED**

On December 8, 2014, Defendant Mercedes-Benz U.S.A. ("MBUSA") filed its opposition to Plaintiffs' motion for partial summary judgment, along with a separately filed motion to strike much of Plaintiffs' evidence in support of that motion. Docket Nos. 114, 115. On December 10, Plaintiffs filed an administrative motion to strike MBUSA's motion to strike, because the latter was filed in violation of the Civil Local Rules. Docket No. 116. MBUSA timely filed an opposition to Plaintiffs' administrative motion. Docket No. 118.

Having carefully considered the arguments of the parties in the papers submitted, the Court now GRANTS Plaintiffs' administrative motion to strike Defendant's motion. The Civil Local Rules require that "[a]ny evidentiary and procedural objections to [a] motion must be contained within the brief or memorandum" filed in opposition. Civil L.R. 7-3(a). The Local Rules also require that "such brief or memorandum may not exceed 25 pages of text." *Id.*

In spite of these clear rules, MBUSA separately filed a 23-page opposition to Plaintiffs' motion and an eleven-page motion to strike Plaintiffs' exhibits. In doing so, they exceeded the page limits of their opposition briefing by nine pages and caused Plaintiffs to respond, so far merely in the form of an administrative motion, although Plaintiffs' opposition would be due on December 22.

MBUSA's arguments that it did not violate these rules are unavailing. It argues that Plaintiffs cannot complain because they did not suffer prejudice, yet responding to a separately noticed motion with eleven additional pages of arguments is clearly prejudicial. It argues that, under Federal Rule of Civil Procedure 83, the filing requirements of Local Rule 7-3 cannot prohibit it from filing a separately noticed motion under Local Rule 7-2, but such an interpretation of Rule 83 would render page limits powerless, because a party could evade them by filing separately noticed motions with additional arguments. And it argues that Plaintiffs' administrative motion itself was improperly filed under Local Rule 7-11, because an administrative motion is only available where an issue is "not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge," Civil L.R. 7-11, and Plaintiffs' opposition here was governed by Local Rule 7-3. However, this issue is not "governed" by Local Rule 7-3, because Plaintiffs seek to avoid responding to an improperly filed motion altogether.

MBUSA's Local Rule 7-11 argument is especially bold, because it could have invoked that rule ahead of time to seek leave to file additional pages for its opposition briefing. Civil L.R. 7-11 ("These motions would include matters such as motions to exceed otherwise applicable page limitations . . . ."). However, MBUSA chose to seek forgiveness, rather than permission.

The Court recognizes that "[o]nly admissible evidence may be considered in deciding a motion for summary judgment." *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). The Court will independently review the admissibility of Plaintiffs' evidence, as do other courts in this district when similar circumstances arise. *See, e.g., Hennighan v. Insphere Ins. Solutions, Inc.*, No. 13–cv–00638–WHO, 2014 WL 1600034 at *5-6 (N.D. Cal. Apr. 21, 2014).

For the reasons set forth above, Plaintiffs' administrative motion to strike MBUSA's improperly filed motion is GRANTED. MBUSA's motion to strike evidence in support of Plaintiffs' motion is VACATED.

2

## II. ORDER TO SHOW CAUSE

This is not the only time that MBUSA's counsel has violated the local rules in this case. MBUSA's administrative motion to file under seal, Docket No. 113, includes more than six pages of text, even though the local rules clearly indicate that "[a] motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages . . . ." Civil L.R. 7-11; *see also* Civil L.R. 79-5(d)(1). The Court is concerned that counsel is not sufficiently familiar with the local rules. Accordingly, IT IS HEREBY ORDERED that MBUSA's counsel shall show cause on **January 12, 2015**, at 10:00 AM, as to why monetary sanctions should not issue for failure to comply with the local rules. Counsel shall file a sworn declaration stating that he has read and is familiar with the Civil Local Rules of the Northern District of California no later than **January 5, 2015**.

**IT IS SO ORDERED.**

Dated: 12/17/14 _____
THELTON E. HENDERSON
United States District Judge

3