UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAJEED SEIFI, et al.,

    Plaintiffs,

v.

MERCEDES-BENZ U.S.A., LLC,

    Defendant.

Case No. 12-cv-05493-TEH

**ORDER RE: JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The parties shall either submit a joint statement in response to the following questions, or else shall be prepared to discuss them at the April 27, 2015 hearing on their joint motion for preliminary approval of class action settlement:

1. Will MBUSA pay 100% of the cost of any Settlement Class Members' repairs, as indicated by the motion? *Compare* Mot. at 3 (Docket No. 142) *with* Settlement Agreement at ¶ 4.2 (Docket No. 142-2). If so, where does the Settlement Agreement provide for 100% payment, and which Settlement Class Members would receive it?

2. Will the 45-day deadline to object or opt-out of the Settlement restart for Class Members for whom notice is returned under ¶ 5.7 of the Settlement Agreement?

3. The Court believes that it lacks jurisdiction to stay active proceedings in other federal district courts, and that concerns of comity militate against such a stay. Newberg on Class Actions § 10:40 (5th ed. 2013); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). By what authority do the parties request the stay described in ¶¶ 8.1 and 12.14 of the Settlement Agreement and ¶ 19 of the proposed order? What efforts have the parties made to obtain a voluntary stay in any related cases?

1  4.   Does the LI repair code cover all repairs that may be required in relation to the
2  Subject Sprockets?  If not, does the Settlement Agreement release claims for repairs that
3  the LI code does not cover?

**IT IS SO ORDERED.**

Dated:   03/25/15

_____
THELTON E. HENDERSON
United States District Judge