UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJEED SEIFI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MERCEDES-BENZ U.S.A., LLC,<br><br>　　　　Defendant. | Case No. 12-cv-05493-TEH<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, VACATING HEARING, AND SETTING FAIRNESS HEARING** |

Plaintiffs moved this Court for an Order preliminarily approving the parties' settlement, certifying a settlement class, appointing settlement class counsel, setting a hearing on the final approval of the settlement, and directing notice to the class (the "Motion"). Mercedes-Benz USA, LLC ("MBUSA") joined in Plaintiffs' request for an order preliminarily approving the parties' settlement. Upon considering the Motion, the parties' Class Action Settlement Agreement and Release, an Addendum, and all exhibits thereto (collectively, the "Settlement Agreement" or "Settlement"), the materials previously submitted in this case, and other materials relevant to this matter, it is hereby ORDERED that:

　　1.　　The Court grants preliminary approval of the Settlement based upon the terms set forth in the Settlement Agreement filed with the Motion.

　　2.　　The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Notice according to the Notice Plan.[1] This determination is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a determination that there is good cause to submit the proposed Settlement Agreement to Settlement Class Members and to hold a hearing concerning final approval of the proposed settlement, and ultimately approve the settlement.

---

[1] To the extent capitalized terms are not defined in this Order, they shall have the meaning set forth in the Settlement Agreement.

3. The parties have made a sufficient showing, under the provisions of Rule 23 of the Federal Rules of Civil Procedure, as applicable in the context of settlement classes, to establish reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing to determine if a Class should be certified for settlement purposes only, consisting of persons who meet the following criteria:

> All current and former owners and lessees of Mercedes-Benz branded automobiles equipped with M272 or M273 engines bearing serial numbers up to 2729..30 468993 or 2739 ..30 088611, found in the Subject 2005 – 2007 Model Year Vehicles respectively (the "Subject Vehicles"), who purchased or leased their Subject Vehicles within the United States.

> Excluded from the Settlement Class are: Persons who validly and timely exclude themselves; Persons who have settled with, released, or otherwise had claims adjudicated on the merits against MBUSA that are substantially similar to those alleged in this matter; Persons with only claims relating to personal injury, wrongful death or property damage (relating to property other than the Subject Vehicles) as a result of the defects alleged; employees of MBUSA; insurers or other providers of extended service contracts or warranties for the vehicles owned by settlement class members; and the Honorable Thelton E. Henderson and the Honorable Jacqueline Scott Corley and members of their respective families.

If, for any reason, the proposed settlement is not approved, any order certifying a settlement class shall be vacated nunc pro tunc and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to the parties' rights to either request or oppose class certification for purposes of litigation.

4. In making the findings set forth in Paragraph 3, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. Named Plaintiffs Majeed Seifi, Tracey Deakin and Ronald Reyner are designated as the Class Representatives.

5. The Court hereby appoints the following attorneys as counsel for the Settlement Class: Roy A. Katriel of the Katriel Law Firm, and Gary S. Graifman of Kantrowitz Goldhamer & Graifman, P.C., and the successors of these law firms (collectively, "Class Counsel"). For purposes of these settlement proceedings, the Court finds that the Katriel Law Firm and Kantrowitz Goldhamer & Graifman, P.C., are

competent and capable of exercising their responsibility as Class Counsel.

6. This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all parties before it.

7. The Settlement Agreement is for settlement purposes only. Neither the fact of, any provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and Settlement Class Members in the Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the Released Persons. The Settlement Agreement shall not be offered or be admissible in evidence by or against Defendant or the Released Persons or cited or referred to in any other action or proceeding, except one (1) brought by or against the parties to enforce or otherwise implement the terms of the Settlement Agreement, or (2) involving any Plaintiff or Settlement Class Member to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

8. The Notice and provisions for disseminating notice substantially as described in and attached to the Settlement Agreement and the parties' Joint Statement submitted on March 30, 2015 (Docket No. 147) are hereby approved. The Court approves the Notice attached as Exhibit 1 to the Settlement Agreement, as well as the Claim Form, attached as Exhibit 2 to the Settlement Agreement.[2] These materials (a) provide the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear, object to, or exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully comply with federal law, the United States Constitution, and all other applicable laws.

---

[2] The parties shall modify Section 12 of the Notice to reflect the location of the Fairness Hearing set forth in Section 20 of this Order.

9. KCC Class Action Services, LLC ("KCC"), selected pursuant to the terms of the Settlement Agreement, shall be responsible for providing notice of the proposed settlement to the Settlement Class Members in accordance with the provisions referenced above and as directed under the Class Action Fairness Act (28 U.S.C. § 1715). MBUSA will pay KCC's fees and costs.

10. To comply with their obligations under the Settlement Agreement, the parties must obtain vehicle registration information for Settlement Class Members for the purpose of disseminating notice of the proposed settlement to those persons and entities. MBUSA and KCC are hereby authorized to obtain vehicle registration information concerning Settlement Class Members from R. L. Polk or a similar vendor for the sole purpose of providing notice to those persons and entities.

11. KCC shall mail the Notice to the identified Settlement Class Members per the Notice Plan within thirty-five (35) days of the entry of this Order. On the same date, KCC will make an informational settlement website available to the public, which website will include a copy of this Order, the Notice, the Settlement Agreement (including all Addenda thereto), the Claim Form, and other important documents. Within fifteen (15) days after the deadline to mail the Notice, KCC shall file declarations to the Court, attesting to the measures undertaken to provide Notice to the Settlement Class and as directed by CAFA.

12. Anyone who wishes to be excluded from the Settlement Class must submit a written request for exclusion (as described in the Notice and Settlement Agreement) by sending it to KCC Class Action Services, LLC, by First-Class U.S. mail to the address provided in the Notice. Requests for exclusion must contain all information described in the Settlement Agreement. The envelope containing the Request for Exclusion must be postmarked on or before the date set forth in the Notice, which shall be forty-five (45) days after the completion of mailing (or re-mailing, in the case of Notices returned undeliverable) of the Notice pursuant to the Settlement Agreement. The Court shall rule on the validity of exclusions at the Fairness Hearing.

4

13. Anyone who falls within the Settlement Class definition and does not submit a Request for Exclusion in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall remain a Settlement Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

14. Any Settlement Class Member who wishes to object to the proposed Settlement must send or file an Objection with this Court. Objections must contain all information described in the Settlement Agreement. The envelope containing the Objection to the Settlement must be postmarked on or before the date set forth in the Notice, which shall be forty-five (45) days after completion of mailing (or re-mailing, in the case of Notices returned undeliverable) of the Notice pursuant to the Settlement Agreement. Objections may otherwise be filed within forty-five (45) days after completion of mailing (or re-mailing) of the Notice pursuant to the Settlement Agreement. Only Settlement Class Members may object to the Settlement. A copy of such papers being filed in support of any Objection shall also be mailed to Class Counsel and Defense Counsel within the forty-five (45) day period set forth herein.

15. Any Settlement Class Member who does not submit an Objection to the Settlement in complete accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the settlement.

16. Any objecting Settlement Class Member may appear at the hearing on the fairness of the proposed settlement (the "Fairness Hearing") held by the Court, in person or by counsel, to show cause why the Settlement Agreement should not be approved as fair, reasonable and adequate, or to object to any petitions for attorney fees and reimbursement of litigation costs and expenses; provided, however, that the objecting Settlement Class Member must mail or file with the Clerk of the Court, a notice of intention to appear at the Fairness Hearing (a "Notice of Intention to Appear") on or before the date set forth in the Notice, which shall be forty-five (45) days after the completion of mailing (or re-mailing) of the Notice pursuant to the Settlement Agreement. The Notice of Intention to Appear

1  must include all information and documents required by the Settlement Agreement.  Any
2  Settlement Class Member who does not provide a Notice of Intention to Appear in
3  complete accordance with the deadlines and other specifications set forth in the Settlement
4  Agreement, and who has not filed an Objection to the Settlement in complete accordance
5  with the deadlines and other specifications set forth in the Settlement Agreement, will be
6  barred from speaking or otherwise presenting any views at any Fairness Hearing.

   17.   KCC shall also have the obligations otherwise enumerated in the Settlement Agreement.

   18.   Class Counsel shall file with the Court their motion for payment of attorneys' fees and reimbursement of litigation costs and expenses no later than fourteen (14) days before the expiration of the deadline for submitting opt-outs from and Objections to the Settlement Agreement for Notices that were not returned undeliverable.  This request shall be consistent with the provisions of Section 9 of the Settlement Agreement.

   19.   Fourteen (14) days prior to the date set for the Fairness Hearing, Plaintiffs shall file a motion for judgment and final approval of the Settlement.  The parties shall file their briefs in support of settlement approval, as well as any supplemental briefs supporting Class Counsel's motion for attorney's fees and reimbursement of litigation costs, at that time.  The briefing shall include the parties' responses to any Objections, as well as a declaration setting forth the number of Settlement Class Members who opted-out of the Settlement Class.  Such briefing shall be served on any other attorneys who have entered an appearance in this proceeding, and on any member of the Settlement Class to whose Objection to the Settlement the memoranda or other briefing responds.

   If any Settlement Class Members object or opt-out after Plaintiffs file the motion for final approval, the parties shall file supplemental briefing no later than seven (7) days prior to the date set for the Fairness Hearing, setting forth the parties' responses to such Objections and the number of opt-outs.  If appropriate, the parties shall include supplemental briefing on Class Counsel's motion for attorney's fees at that time.

20. On **August 17, 2015, at 10:00 AM**, the Court will hold the Fairness Hearing. It shall be held in **Courtroom 2, on the 17th floor** of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102. This time and place shall be set forth in the Mailed Notice. The Fairness Hearing may be continued or rescheduled by the Court without further notice to the class members. At the Fairness Hearing, or as soon thereafter as practicable, the Court will determine whether the proposed settlement is fair, reasonable, and adequate and should be approved by the Court. At the Fairness Hearing, the Court will also consider the amount of attorney fees and expenses that should be awarded to Class Counsel. If appropriate, the Court will issue a Final Order and Judgment memorializing its decision, in the form contemplated by the Settlement Agreement.

21. Pending further orders by this Court, all proceedings in this case shall be stayed, except for proceedings pursuant to this Order. However, the Court declines to stay proceedings in any other active cases concerning substantially similar claims, or to enjoin Settlement Class Members from prosecuting such claims. "[A] court only has the discretion to stay its own action – not to order a stay in another forum . . . ." Rubenstein, 3 NEWBERG ON CLASS ACTIONS § 10:40 (5th ed. 2013). Moreover, "preliminary approval is neither necessary for such an [anti-suit] injunction to be justified, nor often, standing alone, sufficient to justify one." Rubenstein, 4 NEWBERG ON CLASS ACTIONS § 13:19 (5th ed. 2014).

The parties' citation to *Hanlon v. Chrysler Corp*, 150 F.3d 1011 (9th Cir. 1998) in support of their requested injunction is unpersuasive. *Hanlon* addressed the power of a federal district court to enjoin parallel state court class actions under the All-Writs Act and the Anti-Injunction Act, where the class representative in one subsequently-filed state court suit attempted to opt-out a statewide class from the federal suit. *Id.* at 1024-25. *Hanlon* does not stand for the proposition that an anti-suit injunction is appropriate whenever one of a set of parallel class actions approaches settlement; rather, it supports the narrower proposition that a federal court has the discretion to enjoin state court class actions that threaten the federal court's jurisdiction. *Id.* at 1025. "When an injunction

sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases." *Bergh v. Washington*, 535 F.2d 505, 507 (9th Cir. 1976).  This is not such a case.

22. The case management conference set for April 13, 2015, and the preliminary approval hearing set for April 27, 2015, are vacated.

**IT IS SO ORDERED.**

Dated:   04/08/15                    _____
                                     THELTON E. HENDERSON
                                     United States District Judge

8