# EXHIBIT 1 TO JOINT DECLARATION OF GARY S. GRAIFMAN AND ROY A. KATRIEL

1  Troy M. Yoshino, No. 197850
   Matthew J. Kemner, No. 188124
2  Chad A. Stegeman, No. 225745
   **CARROLL, BURDICK & McDONOUGH LLP**
3  44 Montgomery Street, Suite 400
   San Francisco, CA 94104
4  Telephone:     415.989.5900
   Facsimile:     415.989.0932
5  Email:         tyoshino@cbmlaw.com
                  mkemner@cbmlaw.com
6                 cstegeman@cbmlaw.com

7  Attorneys for Defendant
   MERCEDES-BENZ USA, LLC
8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13  MAJEED SEIFI, TRACEY DEAKIN, and      Case No. 12-CV-05493 (TEH)
    RONALD REYNER, On Behalf of
14  Themselves and All Others Similarly   **CLASS ACTION SETTLEMENT**
    Situated,                             **AGREEMENT AND RELEASE**

15                Plaintiffs,

16          v.                            Hon. Thelton E. Henderson

17  MERCEDES-BENZ USA, LLC,

18                Defendant.

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    This Agreement is made and entered into by and between the Plaintiffs and Class
2  Counsel, on behalf of themselves and the Settlement Class, on the one hand, and
3  Defendant Mercedes-Benz USA, LLC ("MBUSA"), on the other hand, to settle and
4  compromise the Litigation and settle, resolve, and discharge the Released Claims, as those
5  terms are defined below, according to the terms and conditions herein.

6    WHEREAS, MBUSA is a limited liability company organized under the laws of the
7  State of Delaware;

8    WHEREAS, on behalf of a class of similarly situated persons, Plaintiffs have
9  alleged damages arising out of alleged defects concerning balance shaft sprockets and idle
10  gears in certain Mercedes-Benz vehicles with M272 and M273 engines;

11    WHEREAS, MBUSA denies all of the material allegations made by Plaintiffs in the
12  Litigation and denies any wrongdoing or liability of any kind.  MBUSA maintains that
13  there is no defect and that its M272 and M273 engines, along with the balance shaft
14  sprockets and idle gears, respectively, are of high quality, are not defective, and do not
15  violate any standard or law;

16    WHEREAS, the Settling Parties have vigorously litigated their respective positions
17  in connection with all aspects of the Litigation;

18    WHEREAS, as a result of years of the Litigation, the Settling Parties and their
19  counsel are thoroughly familiar with the factual and legal issues presented by their
20  respective claims and defenses and recognize the uncertainties as to the ultimate outcome
21  of the Litigation, and that any final result would require years of further complex litigation
22  and substantial expense;

23    WHEREAS, Plaintiffs and their counsel have, during the course of the Litigation
24  reviewed thousands of pages of documents; consulted with an expert; taken and reviewed
25  deposition testimony of employees of Defendant; litigated two motions to dismiss, a
26  motion to transfer venue, a motion to compel production of documents and a motion for
27  partial summary judgment, and have prepared to file a class certification motion;

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                    -1-                    Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1    WHEREAS, Class Counsel believe that the claims Plaintiffs have asserted have
2  merit; however, Class Counsel also recognize that (a) it would be necessary to continue
3  prosecuting the Litigation against MBUSA through a trial and, even if successful there,
4  through the series of appeals which MBUSA has indicated it would take, including appeals
5  from the class certification order, from any judgment or from any jury verdict (and any
6  further trials that might be necessary in the wake of an initial appeal), all of which would
7  delay substantially the Settlement Class Members' receipt of benefits from the Litigation,
8  and (b) that there are significant risks in this Litigation, whose outcome is uncertain;
9  therefore, balancing the costs, risks, and delay of continued litigation against the benefits
10  of the settlement to the Settlement Class, Class Counsel have concluded that settlement as
11  provided in this Agreement will be in the best interests of the Settlement Class as defined
12  herein;

13    WHEREAS, this Agreement was entered into after extensive arms'-length
14  discussions and negotiations between Class Counsel and Defense Counsel on numerous
15  occasions over several months, including formal in-person settlement conferences and
16  multiple telephone conferences before a third-party mediator the Honorable Edward
17  Infante (Ret.) of JAMS throughout the entire process;

18    WHEREAS, Defense Counsel and Class Counsel agree that the settlement
19  contemplated by this Agreement is a fair, reasonable, and adequate resolution of the
20  Litigation;

21    WHEREAS, the Settling Parties desire to compromise and settle all issues and
22  claims that have been brought, or that could have been brought, against MBUSA in this
23  Litigation;

24    WHEREAS, the Settling Parties desire and intend to seek Court approval of the
25  settlement of the Litigation as set forth in this Agreement and, upon such judicial approval,
26  the Settling Parties intend also to seek a Final Order and Judgment from the Court
27  dismissing the claims of all Plaintiffs and Settlement Class Members with prejudice;

28

1     NOW, THEREFORE, it is agreed that in consideration of the promises and mutual

2   covenants set forth in this Agreement and the entry by the Court of a Final Order and

3   Judgment approving the terms and conditions of the settlement as fair, adequate and

4   reasonable as set forth in this Agreement, and providing for dismissal with prejudice of the

5   claims asserted in the Litigation under the terms and conditions contained herein.

6     **1. DEFINITIONS**

7     As used in this Agreement (which, as defined below, includes the accompanying

8   Exhibits), the following terms have the meanings set forth below.

9     1.1.   "Agreement" means this Class Action Settlement Agreement and Release,

10   including the notices and other documents contemplated by this Class Action Settlement

11   Agreement and Release, and any amendments thereto.  The Agreement may alternatively

12   be referred to as the "Settlement."

13     1.2.   "Attorneys' Fees, Costs and All Other Expenses" means the settlement

14   amounts approved by the Court for payment to Class Counsel to cover attorneys' fees,

15   costs, and all other expenses, including but not limited to incentive awards for any

16   Plaintiffs, all costs and expenses of addressing objections and appeals, any claims for

17   attorneys' fees or costs and all other possible expenses by others, except for those items

18   specifically assigned as MBUSA's responsibility under this Agreement.

19     1.3.   "Authorized Mercedes-Benz  Dealer" means any dealership specifically

20   authorized to provide warranty services for Mercedes-Benz vehicles, which dealerships are

21   identifiable by zipcode at http://www.mbusa.com/mercedes/dealers/locator#!layout=/

22   dealers/locator&businessType=DEALERS&radius=25&expandRadius=false&searchType

23   =byZip&zip=.

24     1.4.   "Class Counsel" means Roy A. Katriel of the Katriel Law Firm and Gary S.

25   Graifman of Kantrowitz Goldhamer & Graifman, P.C.

26     1.5.   "Claim Form" means the claim form, with the language and substantially in

27   the form set forth in **Exhibit 2** to this Agreement, which form must be timely completed

28   and submitted for a Settlement Class Member to be eligible for the remedies provided

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                     -3-                     Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1 under the terms of this Agreement, including but not limited to reimbursement of out-of-
2 pocket expenses and other compensation.

3    1.6.    "Claims Period" means the time during which Settlement Class Members
4 may submit a Claim Form under the Settlement, which is set forth in Paragraph 6.8.

5    1.7.    "Claim Validation Process" shall mean the process approved by the Court as
6 contemplated in Section 6.

7    1.8.    "Court" means the Honorable Thelton E. Henderson of the United States
8 District Court for the Northern District of California, or the Judge of the Northern District
9 of California assigned to preside over the Litigation if not Judge Henderson.

10   1.9.    "Defense Counsel" means MBUSA's counsel of record in the Litigation,
11 Troy M. Yoshino, Matthew J. Kemner, and Chad A. Stegeman of Carroll, Burdick &
12 McDonough LLP.

13   1.10.   "Effective Date" means the first date by which any Final Order and
14 Judgment entered pursuant to the Agreement becomes final.  The Final Order and
15 Judgment entered pursuant to this Agreement becomes final on the date on which all
16 appellate rights with respect to that Final Order and Judgment have expired or have been
17 exhausted in a manner that conclusively affirms the Final Order and Judgment.

18   1.11.   "Final Order and Judgment" means the Order and Judgment of the Court
19 dismissing this matter with prejudice as to MBUSA and approving this Agreement, which
20 order and judgment shall be in a form agreed upon by the Settling Parties.

21   1.12.   "In Service Date" means the date a Settlement Class Vehicle is delivered to
22 either the original purchaser or the original lessee; or if such vehicle is first placed in
23 service as a "demonstrator" or "company" car, the date such vehicle is placed in service.

24   1.13.   "LI" refers to the Local Information document labeled LI03.30-P-050027
25 providing diagnostic and further repair instructions relating to the replacement of Subject
26 Sprockets.

27
28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1          -4-          Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1    1.14.  "Litigation" means *Seifi et al. v. Mercedes-Benz USA, LLC*, Case No. 12-
2    CV-05493 (N.D. Cal.), pending in the United States District Court for the Northern
3    District of California.

4    1.15.  "Notice" means the Court-approved form of notice of this settlement to the
5    Settlement Class, as described in Section 5 below and **Exhibit 1**.

6    1.16.  "Notice Plan" means the plan for disseminating Notice to the Settlement
7    Class and as required by the Class Action Fairness Act (28 U.S.C. § 1715), as described in
8    Section 5 below.

9    1.17.  "Plaintiffs" means the named plaintiffs in the Litigation, *i.e.*, Majeed Seifi,
10   Tracey Deakin, and Ronald Reyner.

11   1.18.  "Person" means an individual, corporation, partnership, limited partnership,
12   limited liability company, association, joint stock company, estate, legal representative,
13   trust, unincorporated association, government or any political subdivision or agency
14   thereof, any business or legal entity, and such individual's or entity's spouse, heirs,
15   predecessors, successors, representatives, and assignees.

16   1.19.  "Preliminary Approval Order" means the order to be entered by the Court
17   pursuant to the Settlement, substantially in the form attached hereto as **Exhibit 3**.

18   1.20.  "Proof of Replacement" means, pursuant to the claims procedure described
19   in Section 6 below, proof that a qualifying balance shaft or idle gear replacement was
20   performed on a Settlement Class Vehicle and proof of payment.  Such proof shall require
21   that a Settlement Class Member verify all of the following:  (1) Vehicle Identification
22   Number; (2) Engine Serial Number; (3) approximate dates of ownership/lease (purchase
23   and disposition dates); (4) submission of itemized repair orders (or similar itemized
24   invoices) establishing per the procedures specified in the LI that the vehicle required
25   repairs to the balance shaft sprocket or idle gear and that the required replacement was
26   performed; (5) proof of payment for the repairs created at or near the time of the repairs
27   and as part of the same transaction; (6) proof that the balance shaft sprocket or idle gear
28   replaced was a Subject Sprocket, and not previously repaired in or after November 2006;

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                          -5-                    Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1   (7) specific averment under penalty of perjury that the vehicle was maintained in
2   accordance with the guidelines set forth by the manufacturer; and (8) a signed claim form
3   under penalty of perjury averring to the accuracy and truthfulness of all facts set forth.

4       1.21. "Released Claims" means any and all claims, demands, rights, liabilities, and
5   causes of action of every nature and description whatsoever, known or unknown, suspected
6   or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden
7   from existence, asserted or unasserted, or based upon any theory of law or equity now
8   existing or coming into existence in the future, including, but not limited to, conduct which
9   is negligent, intentional, with or without malice, or a breach of any duty, law or rule,
10  without regard to the subsequent discovery or existence of different or additional facts, that
11  any Plaintiff or Settlement Class Member has or may have against the Released Parties that
12  arises out of or is related in any way to the subject matter of this Litigation.  The Released
13  Claims expressly do not include claims for personal injury, wrongful death or property
14  damage to property other than the Subject Vehicle.

15      1.22. "Settlement Administrator" means KCC Class Action Services, LLC, the
16  qualified third-party selected to administer the settlement, including implementation of the
17  Notice Plan and certain aspects of the Claim Validation Process.

18      1.23. "Settlement Class" means:

19      All current and former owners and lessees of Mercedes-Benz branded automobiles
20  equipped with certain M272 or M273 engines bearing serial numbers up to 2729..30
21  468993 or 2739 ..30 088611, respectively (the "Subject Vehicles"), who purchased or
22  leased their Subject Vehicles within the United States.

23      Excluded from the Settlement Class are:

24      a)    Persons who validly and timely exclude themselves using the procedure set
25  forth in Paragraphs 7.3-7.4;

26      b)    Persons who have settled with, released, or otherwise had claims adjudicated
27  on the merits against MBUSA that are substantially similar to those alleged in this matter;

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1          -6-          Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

c)      Persons with only personal injury, wrongful death or property damage (to property other than the Subject Vehicle) claims as a result of the defects alleged;

d)      Employees of MBUSA;

e)      Insurers or other providers of extended service contracts or warranties for the vehicles owned by Settlement Class Members; and

f)      The Honorable Thelton E. Henderson and the Honorable Jacqueline Scott Corley and members of their respective families.

1.24.   "Settlement Class Member" means a Person who falls within the definition of the Settlement Class, irrespective of whether such Person submits a Claim Form.

1.25.   "Settling Parties" means, collectively, the Plaintiffs, all Settlement Class Members and MBUSA.

1.26.   "Special Master" means the Person selected pursuant to Paragraph 6.7.

1.27.   "Subject 2005-2007 Model Year Vehicles" include the following:

| Chassis Number (M272) | Commercial Nameplate |
| --- | --- |
| 164.186 | ML350 |
| 171.454 | SLK280/300 |
| 171.456 | SLK350 |
| 203.052 | C230 |
| 203.054 | C280 |
| 203.056 | C350 |
| 203.087 | C350 4Matic |
| 203.092 | C280 Wagon 4Matic |
| 209.356 | CLK350 |
| 209.456 | CLK350 Cabriolet |
| 211.056 | E350 |
| 211.087 | E350 4Matic |
| 211.256 | E350 Wagon |
| 211.287 | E350 4Matic Wagon |
| 251.156 | R350 |
| 251.165 | R350 4Matic |

| Chassis Number (M273) | Commercial Nameplate |
| --- | --- |
| 164.172 | ML550 4Matic |
| 164.871 | GL450 4Matic |
| 164.886 | GL550 4Matic |
| 209.372 | CLK550 |
| 209.472 | CLK550 (Cabriolet) |

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1          -7-          Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

| 211.072 | E550 |
|---------|------|
| 211.090 | E550 4Matic |
| 216.371 | CL550 |
| 219.372 | CLS550 |
| 221.171 | S550 |
| 221.186 | S550 4Matic |
| 230.471 | SL550 |

1.28. "Subject Sprockets" means the original balance shaft sprockets or idle gears incorporated into the M272 and M273 engines, respectively, bearing serial numbers up to 2729..30 468993 or 2739 ..30 088611, respectively. "Subject Sprockets" also refers to any balance shaft sprocket or idle gear incorporated into the M272 and M273 engines produced prior to November 2006.

1.29. The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

## 2. DENIAL OF ANY WRONGDOING AND LIABILITY

2.1. MBUSA denies the material factual allegations and legal claims asserted by the Plaintiffs and Settlement Class Members in the Litigation, including, but not limited to, any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

## 3. THE BENEFITS OF SETTLEMENT

3.1. Class Counsel have satisfied their due diligence duty to the Settlement Class, and conducted a thorough examination and investigation of the law and facts, including substantial discovery relating to the matters set forth in the class action complaint and any amendments thereto giving rise to this Agreement and the claims set forth therein. For example, Plaintiffs and Class Counsel have, during the course of the litigation reviewed thousands of pages of documents; consulted with an expert; taken and reviewed deposition testimony of employees of Defendant; litigated two motions to dismiss, a motion to transfer venue, a motion to compel production of documents and a motion for partial summary judgment, and have prepared to file a class certification motion. Class Counsel, as well as the Plaintiffs recognize and acknowledge the expense, effort, and length of

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1     -8-     Case No. 12-CV-05493 (TEH)

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1  continued proceedings that would be necessary to prosecute the Litigation against MBUSA
2  through trial and appeals. They also took into account the uncertain outcome and the risk
3  of any litigation, especially in complex actions such as this nationwide class action
4  Litigation, as well as the difficulties and delays inherent in such litigation. They are
5  mindful of the inherent problems of proof of, and possible defenses to, the claims asserted
6  in the Litigation. Class Counsel believe that the proposed settlement confers substantial
7  benefits upon the Settlement Class. Based on their evaluation of all of these factors, Class
8  Counsel, as well as the Plaintiffs have determined that the settlement is in the best interests
9  of the Plaintiffs, as well as the Settlement Class. Arms'-length, adversarial settlement
10  negotiations have taken place between Class Counsel and MBUSA over an extended
11  period. As a result, this Agreement has been reached, subject to Court approval.

12  ## 4.  SETTLEMENT CONSIDERATION

13  ### A.  Qualified Future Repairs

14  4.1.  Commencing from the Effective Date and subject to the exclusions in this
15  Agreement, MBUSA will offer to Settlement Class Members to make qualified repairs
16  through Authorized Mercedes-Benz Dealers, if and as needed, to the sprocket of the
17  balance shaft (M272 engines) or the idle gear (M273 engines): (i) contained in M272 or
18  M273 engines with engine serial numbers up to 2729..30 468993 (M272) or 2739 ..30
19  088611 (M273) found in the Subject 2005-2007 Model Year Vehicles; and (ii) if such
20  engines have not already received a new balance shaft sprocket/idle gear in or after
21  November 2006. These repairs are also subject to the following conditions:

22  4.2.  MBUSA will offer to perform the repair defined in the LI upon confirmation
23  of the need for repair of the sprocket of the balance shaft or the idle gear per the
24  procedures specified in the LI, and also that the conditions above in paragraph 4.1 are met.
25  Such consideration will be offered up to a maximum of 10 years or 125,000 miles,
26  whichever is less (commencing from the In Service Date), subject to the limitations in this
27  Agreement, including:

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- For balance shafts or idle gears needing replacement of the part that are repaired, and which repair date occurs up to and including the lesser of 8 years or 80,000 miles, MBUSA will cover 70% of the reasonable repair amount;

- For balance shafts or idle gears needing replacement of the part that are repaired, and which repair date occurs up to and including the lesser of 10 years or 125,000 miles, but greater than 8 years or 80,000 miles, MBUSA will cover 37.5% of the reasonable repair amount;

- For balance shafts or idle gears needing replacement of the part that are repaired, and which repair date occurs either after 10 years or after 125,000 miles, MBUSA shall not be required to offer any coverage.

4.3.    All repairs in this Section 4.A. must be performed by an Authorized Mercedes-Benz Dealer, and all claims covered by this Section 4.A. will be processed through MBUSA's standard payment processes with its dealers.

**B.    Reimbursement for Qualified Past Repairs**

4.4     Subject to the limitations in paragraphs 4.5-4.9, MBUSA agrees to reimburse Settlement Class Members who previously paid for qualified repairs to their balance shaft sprocket (M272 engines) or idle gear (M273) if such parts were produced before November 2006, because of a failure of that part, diagnosed and repaired in accord with the procedures specified in the LI up to 10 years or 125,000 miles after the In Service Date, whichever is less.  Settlement Class Members making claims also must meet the other conditions specified in this Agreement.

4.5.    To be eligible for reimbursement under paragraph 4.4, Settlement Class Members will be required to submit a timely and validly completed Claim Form, including Proof of Replacement, as defined above.

4.6.    If the repair submitted for reimbursement meets all of the criteria in this Agreement and the repair was completed,

- Up to and including the lesser of 8 years or 80,000 miles, MBUSA will offer reimbursement of 70% of the reasonable repair amount;

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1      •   Up to and including the lesser of 10 years or 125,000 miles, but greater than 8 years

2         or 80,000 miles, MBUSA will offer reimbursement of 37.5% of the reasonable

3         repair amount;

4      •   Either after 10 years or after 125,000 miles, MBUSA shall not be required to offer

5         any reimbursement.

6      4.7.    If the repair submitted for reimbursement was performed at an Independent

7 Service Provider (*i.e.*, not an Authorized Mercedes-Benz Dealer), the "reasonable repair

8 amount" will be the lesser of the actual amount charged or $4,000.

9      4.8.    Recovery described in this Section 4.B. shall take place pursuant to the

10 Claim Validation Process described in this Agreement.

11            **C.**     **No Double Recovery**

12      4.9     There shall be no double recovery under the settlement. Thus, if a

13 Settlement Class Member is eligible for, or previously received goodwill, extended

14 warranty coverage, or any other form of coverage for the repair, the total amount of any

15 coverage or reimbursement due to the Settlement Class Member shall be offset against

16 coverage/prior reimbursement, and shall not exceed the limits set forth in this Section 4

17 (*e.g.*, if the repair occurred at 7 years and 72,000 miles, and was performed at an

18 Authorized Mercedes-Benz Dealer, but 30% of the repair was previously covered by

19 goodwill or something else, the Claimant may recover only up to 40% of the reasonable

20 repair cost assuming other qualifications are met).

21            **D.**    **Plaintiffs and Settlement Class Members' Release Obligations**

22      4.10.   Upon the entry of the Final Order and Judgment, Plaintiffs, on behalf of the

23 themselves and all Settlement Class Members and their current and former/predecessor

24 agents, heirs, executors and administrators, successors, assigns, insurers, attorneys,

25 representatives, shareholders, owners associations, and any and all persons who seek to

26 claim through or in the name or right of any of them (the "Releasing Parties"), release and

27 forever discharge (as by an instrument under seal without further act by any person, and

28 upon good and sufficient consideration), MBUSA and each of its current or former

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1         -11-         Case No. 12-CV-05493 (TEH)

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister
companies/corporations, subsidiaries and affiliates (including without limitation Daimler
AG), and all other entities, including without limitation manufacturers, suppliers, and
distributors (including wholesale and retail distributors), and affiliated dealerships, and all
of the foregoing persons' or entities' respective predecessors, successors, assigns and
present and former officers, directors, shareholders, employees, agents, attorneys,
representatives, as well as their insurers (collectively, the "Released Parties") from each
and every claim of liability, on any legal or equitable ground whatsoever, including relief
under federal law or the laws of any state, regarding or related to the repair or replacement
of balance shaft sprockets or idle gears in the Subject Vehicles, including without
limitation all claims, damages, punitive or exemplary damages, fees, costs, expenses or
liability on any legal or equitable ground whatsoever, and regardless of whether such
claims might have been or might be brought directly or indirectly, or through subrogation
or assignment or otherwise, on account of or related to claims that the Subject Sprockets
are inadequate or of poor or insufficient quality or defective, due to wear or otherwise,
which were alleged or could have been alleged in the Litigation or in similar actions.

     4.11.   The releases provided for herein are as a result of membership as a
Settlement Class Member to this Agreement or status as a Person with a legal right to
assert claims of a Settlement Class Member, the Court's approval process herein, and
occurrence of the Effective Date, and are not conditional on receipt of payment by any
particular member of the Settlement Class.  It is the intent of the Settling Parties and this
Agreement that Persons who, after the date of the Preliminary Approval Order, acquire
legal rights to assert claims within the scope of this Agreement that belong initially to a
Settlement Class Member shall take such rights subject to all of the terms, time periods,
releases, caps, prohibitions against overlapping or double recoveries, and other provisions
contained herein.

     4.12.   The release provided by this Agreement shall be and is broad and expansive
and shall include the release of all damages, burdens, obligations of liability of any sort,

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                -12-                Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1  including, without limitation, penalties, punitive damages, exemplary damages, statutory
2  damages, damages based upon a multiplication of compensatory damages, court costs, or
3  attorneys' fees or expenses, which might otherwise have been made in connection with any
4  claim that the Subject Sprockets are inadequate or of poor or insufficient quality or
5  defective.  However, excluded from this release are any claims for personal injury,
6  wrongful death or property damage of property other than the Subject Vehicle.
7      4.13.  The release includes all claims that the Releasing Parties have or may
8  hereafter discover including, without limitation, claims, injuries, damages, or facts in
9  addition to or different from those now known or believed to be true with respect to any
10 matter disposed of by this settlement.  The Releasing Parties have fully, finally, and
11 forever settled and released any and all such claims, injuries, damages, or facts, whether
12 known or unknown, suspected or unsuspected, contingent or non-contingent, past or
13 future, whether or not concealed or hidden, which exist, could exist in the future, or
14 heretofore have existed upon any theory of law or equity now existing or coming into
15 existence in the future related to matters arising from or in any way related to, connected
16 with, or resulting from the Subject Sprockets, including, but not limited to, conduct which
17 is negligent, reckless, willful, intentional, with or without malice, or a breach of any duty,
18 law, or rule, without regard to the subsequent discovery or existence of such different or
19 additional facts.
20     4.14.  The Releasing Parties shall be deemed by operation of the Final Order and
21 Judgment in the Litigation to have acknowledged, that the foregoing waiver was separately
22 bargained for and a key element of the settlement of which the releases herein are a part.
23 The Releasing Parties expressly and intentionally waive any and all rights and benefits
24 which they now have or in the future may have under the terms of the law (whether
25 statutory, common law, regulation, or otherwise) of any other state or territory of the
26 United States as related to matters arising from or in any way related to, connected with, or
27 resulting from the Subject Sprockets.
28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1          -13-          Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

4.15.   Class Counsel shall cooperate with Released Parties to ensure that the releases set forth in the Final Approval Order are given their full force and effect (including by seeking the inclusion of the releases in the Final Order and Judgment and the Claims Forms) and to ensure that Releasing Parties comply with their obligations set forth in this Agreement.

4.16.   In the event that any Releasing Party seeks to invoke California Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

(or any other like provision or principle of law of any jurisdiction) in connection with the Subject Sprockets, the Releasing Parties and each of them expressly waive the provision of California Civil Code § 1542 (or any other like provision or principle of law of any jurisdiction) to the full extent that these provisions may be applicable to this release.  Each of the Releasing Parties hereby does, and shall be deemed to, have considered the possibility that the number or magnitude of all claims may not currently be known; nevertheless, each of the Releasing Parties assumes the risk that claims and facts additional, different, or contrary to the claims and facts that each believes or understands to exist may now exist or may be discovered after the settlement becomes effective.  Each of the Releasing Parties agrees that any such additional, different, or contrary claims and facts shall in no way limit, waive, or reduce the foregoing release, which shall remain in full force and effect.  Nothing in this paragraph shall be construed as modifying or limiting the other provisions of the settlement concerning the potential availability of claims.

4.17.   It is the intent of the Settlement Class Members that no Releasing Party shall recover, directly or indirectly, any sums for claims released by operation of this Agreement, including, without limitation, to the claims settled and released herein, from the Released Parties, other than sums received under this Agreement and that the Released

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                          -14-                          Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1 │ Parties shall have no obligation to make any payments to any non-parties for liability

2 │ arising out of claims released by operation of this Agreement.

3 │ **5.** **NOTICE TO THE SETTLEMENT CLASS**

4 │ 5.1. A single direct mail notice will be provided to the putative Settlement Class

5 │ Members as required by Rule 23 of the Federal Rules of Civil Procedure and agreed-upon

6 │ by the parties. MBUSA will make best efforts to obtain Settlement Class Member

7 │ information from R. L. Polk or a similar provider to facilitate the class notice.

8 │ 5.2. The Settlement Administrator will effectuate the Notice Plan. MBUSA will

9 │ pay for the class notice.

10 │ 5.3. Dissemination of Notice to the Settlement Class shall be accomplished

11 │ pursuant to the Notice Plan. The Settlement Administrator, along with Class Counsel and

12 │ MBUSA, shall be responsible for, without limitation: (i) arranging for the mailing of

13 │ Notice containing the substance set forth in the exemplar submitted as **Exhibit 1** to this

14 │ Agreement; (ii) arranging for and maintaining the settlement website

15 │ (www.BalanceShaftSettlement.com); (iii) ensuring a Claim Form containing the substance

16 │ set forth in the exemplar submitted as **Exhibit 2** to this agreement, can be accessed and

17 │ downloaded from the settlement website; (iv) maintaining (for a period running through

18 │ the claims process until such process is completed and checks are distributed to Settlement

19 │ Class Members), an e-mail address for Settlement Class Members with questions regarding

20 │ the administration of claims; and (v) fulfilling all other aspects of the Notice Plan.

21 │ 5.4. The Settlement Administrator (and any person retained by the Settlement

22 │ Administrator) shall sign a confidentiality agreement, which shall provide that the names,

23 │ addresses and other information about specific Settlement Class Members provided by

24 │ either MBUSA, Class Counsel, or by individual Settlement Class Members shall all be

25 │ treated as confidential and shall be used by the notice provider only as required by this

26 │ Agreement.

27 │ 5.5. The Settlement Administrator or person(s) under the control and supervision

28 │ of the Settlement Administrator shall mail the Notice using the same language and in

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                    -15-                  Case No. 12-CV-05493 (TEH)

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1   substantially the same form as the mailed Notice attached hereto as **Exhibit 1** by first-class

2   postage prepaid U.S. Mail, to Settlement Class Members who have addresses identified

3   through the sources specified in the Notice Plan. MBUSA shall provide a list of applicable

4   Vehicle Identification Numbers ("VINs") to the Settlement Administrator, who will obtain

5   contact information of owners associated with each VIN from R. L. Polk or a similar

6   provider, which contact information will be processed by the Settlement Administrator

7   through the National Change of Address database (where a specific owner is known), the

8   Coding Accuracy Support System and the Delivery Point Validation system for the

9   purpose of verifying and updating the addresses. Class Counsel will also be permitted to

10   supply the Settlement Administrator with the names and addresses for the Settlement Class

11   Members who contacted Class Counsel's respective offices to ensure that those individuals

12   receive the Notice, and Class Counsel will send Defense Counsel a copy of this

13   information at the time Class Counsel sends it to the Settlement Administrator.

14       5.6.   The Settlement Administrator shall include in the Notice, instructions how to

15   access a Claim Form. The Settlement Administrator shall prepare a database of VINs tied

16   to vehicles originally constructed with engines falling within the applicable range of

17   engine serial numbers, so Settlement Class Members who intend to make a claim may

18   access the settlement website, and enter the VIN to obtain a Claim Form. The Claim Form

19   shall use the same language and be substantially in the same form as the exemplar

20   submitted as **Exhibit 2**. The Settlement Administrator shall mail the Notice to the

21   Settlement Class Members within thirty-five (35) days of the entry of the Preliminary

22   Approval Order.

23       5.7   Unless the Settlement Administrator receives a Notice returned from the

24   United States Postal Service for reasons discussed below in this Paragraph, the Notice shall

25   be deemed mailed and received by the Settlement Class Member to whom it was sent five

26   (5) days after mailing. In the event that subsequent to the first mailing of the Notice, the

27   Notice is returned to the Settlement Administrator by the United States Postal Service with

28   a forwarding address for the recipient, the Settlement Administrator shall re-mail the

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1         -16-         Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1 Notice to that address, and the forwarding address shall be deemed the updated address for

2 that Settlement Class Member.  In the event that subsequent to the first mailing of the

3 Notice, the Notice is returned to the Settlement Administrator by the United States Postal

4 Service because the address of the recipient is no longer valid, and the name of the

5 Settlement Class Member is known, the Settlement Administrator shall perform a standard

6 skip trace in an effort to attempt to ascertain the current address of the particular

7 Settlement Class Member in question and, if such an address is ascertained, the Settlement

8 Administrator will promptly re-send the Notice; if no Updated Address is obtained for that

9 Settlement Class Member, the Notice shall be sent again to the last known address.  In

10 either event, the Notice shall be deemed received by the Settlement Class Member once it

11 is mailed for the second time.

12      5.8.    The Settlement Administrator shall also provide a copy of the Notice and/or

13 Claim Form to any Settlement Class Member who requests the Notice and/or Claim Form.

14      5.9.    The Settlement Administrator will ensure that, within ten (10) days after this

15 Agreement is filed in Court, it will serve upon the appropriate State official in each State

16 of the United States, and the appropriate Federal official, a notice of the proposed

17 Settlement consisting of the materials required by the Class Action Fairness Act (28 U.S.C.

18 § 1715) ("CAFA").

19      5.10.   Within fifteen (15) days after the deadline to mail the Notice to Settlement

20 Class Members in Paragraph 5.6, the Settlement Administrator shall provide declarations

21 to the Court, with a copy to Class Counsel and Defense Counsel, attesting to the measures

22 undertaken to provide Notice to the Settlement Class and as directed by CAFA.

23      5.11.   Within a reasonable period of time after preliminary approval has been

24 granted, MBUSA shall disseminate notice to its dealers advising them of the terms and

25 status of this settlement and shall provide Class Counsel with confirmation of same.

26    **6.**    **CLAIMS ADMINISTRATION AND CLAIMS PROCEDURE**

27      6.1.    Only Settlement Class Members shall be eligible to make a claim.

28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1     -17-     Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

6.2.    MBUSA shall pay the reasonable fees and expenses of the Settlement Administrator.  As a condition of its retention, the Settlement Administrator must agree that (a) it will fulfill all responsibilities and duties assigned to the Settlement Administrator under the terms of this Agreement, and (b) the Settling Parties and their Counsel, as well as the Released Parties, reserve all claims and rights for any failure by the Settlement Administrator to fulfill its responsibilities and duties.  In no event shall the Settling Parties or their Counsel or the Released Parties have any liability for claims of wrongful or negligent conduct on the part of the Settlement Administrator, the Special Master, or their agents.

6.3.    The Settlement Administrator shall:

a.    use personal information acquired as a result of this Agreement solely for purposes of evaluating and paying claims under this Agreement; and

b.    assign a manager to oversee the protection and appropriate management of personal information and review its internal system to manage the protection of personal information to ensure consistent performance and constant improvement; and

c.    take security countermeasures to prevent unauthorized access to personal information, and loss, destruction, falsification and leakage of personal information; and

d.    if outsourcing the handling of personal information, determine that outsourced companies take steps to ensure appropriate management of the information to prevent leaks of personal or confidential information, and prohibit re-use of information for other purposes; and

e.    respond immediately with appropriate measures then necessary to disclose, correct, stop using, or eliminate contents of information; and

f.    following the completion of the Claims Period and in compliance with applicable retention law, destroy all personal information obtained in connection with this settlement in a manner most likely to guarantee that such information not be obtained by unauthorized persons.

6.4.    Any Settlement Class Member who wishes to make a claim must completely fill out, sign, and submit to the mailing address specified, a Claim Form that contains a release and consent to the dismissal of any pre-existing action or proceeding in their name or others on his or her behalf relating to the Subject Sprockets and must provide the Settlement Administrator with all requested information.  The Settlement Administrator

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                     -18-                     Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1  shall perform administrative checks to ensure that Claim Forms contain all required

2  information.  The Settlement Administrator will notify Settlement Class Members who

3  submit deficient claims by first class mail.  The Settlement Class Member receiving such

4  notice will be allowed thirty (30) days from the postmarked date on the notice even if it

5  exceeds the 135-day claims period to submit materials to cure the deficiencies.  The

6  Release contained in the Claim Form and required by this paragraph shall in no way be

7  construed to limit, amend, or alter the terms of the releases provided by this Agreement.

8      6.5.    MBUSA (or its designee) shall decide whether to grant or to deny claims in

9  the first instance.  For claims due, or otherwise timely submitted within the Claims Period,

10  *before* the Effective Date of the Settlement, such determination shall be made within

11  ninety (90) days of the Effective Date of the Settlement.  In either case, payment will be

12  made in cash (in the form of a check valid for 180 days from the date of issue, sent via

13  first-class United States mail to the address shown on the Claim Form) to each Settlement

14  Class Member making a valid claim, which check shall be mailed to each such Settlement

15  Class Member with an approved claim no later than one-hundred-twenty (120) days from

16  the Effective Date of the Settlement for claims timely submitted within the Claims Period.

17  If the check issued to a Settlement Class Member under the terms of this Agreement is lost

18  or otherwise not cashed, there shall be no further obligation to make payment to such

19  Settlement Class Member.  Settlement Class Members who already have received adequate

20  compensation related to a Subject Sprocket will not be eligible for further payment.

21      6.6.    In the event MBUSA (or its designee) denies a claim, the Claimant will be

22  informed via first class mail and given thirty (30) days to appeal from the date the denial is

23  postmarked.  Class Counsel shall be given reports and documents relating to any such

24  appeals.  Any appeal will be adjudicated by a Special Master who shall independently

25  determine the validity of the claim.  The Settling Parties will have a reasonable opportunity

26  to present two-page statements to the Special Master setting forth their position about

27  whether the claim should be deemed eligible or ineligible for inclusion in the Claims

28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1          -19-          Case No. 12-CV-05493 (TEH)
                    CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1   Process.  The decisions of the Special Master pursuant to this Agreement shall be final and

2   binding on all the Settling Parties.

3        6.7.   The Special Master shall be agreed upon by Class Counsel and MBUSA if

4   any appeal is filed.  MBUSA shall be responsible for the fees of the Special Master, but

5   not for any attorney's fees or other costs incurred by Class Counsel, any Settlement Class

6   Member, or other counsel in connection with any proceeding before the Special Master.

7        6.8.   Any claim accruing prior to the date Notice is mailed, must be made within

8   one-hundred thirty-five (135) days of the date Notice is mailed ("the Claims Period").

9   Any claim accruing after the date Notice is mailed, but before the Effective Date, must be

10  submitted within forty-five (45) days of the date accrued.  No claims for reimbursement

11  can be made if the claim accrues on or after the Effective Date; rather, Settlement Class

12  Members must have applicable repairs made pursuant to Section 4.A. of this Agreement in

13  such circumstances.

14  **7.**   **OBJECTIONS AND REQUESTS FOR EXCLUSION BY**
15        **SETTLEMENT CLASS MEMBERS**

16       7.1.   Any Settlement Class Member who intends to object to the fairness,

17  reasonableness and adequacy of the settlement ("Objections") must either mail to the Court

18  a written Objection to the Settlement Administrator by first-class mail with postage paid

19  postmarked not later than forty-five (45) days after the date of the mailing of Notice, or file

20  same in person at any of the locations of the U.S. District Court for the Northern District of

21  California not later than forty-five (45) days after the date of the mailing of Notice.  In

22  his/her Objections, an objecting Settlement Class Member must:  (a) set forth his/her full

23  name, current address, and telephone number; (b) provide the Vehicle Identification

24  Number associated with the vehicle giving rise to standing to make an Objection, and the

25  dates of ownership of said vehicle; (c) state that the objector has reviewed the Settlement

26  Class definition and understands that he/she is a Settlement Class Member, and has not

27  opted out of the Settlement Class; (d) set forth a complete statement of all legal and factual

28  bases for any Objection that the objector wishes to assert; and (e) provide copies of any

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                -20-                Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1  documents that the objector wishes to submit relating to his/her position.  Copies of any

2  such Objection documents (a) through (e) above must also be mailed to Class Counsel and

3  Defense Counsel no later than the 45-day period from the date of Notice mailing.

4        7.2.    In addition to the requirements set forth in Paragraph 7.1, objecting

5  Settlement Class Members must state in writing whether the objecting Settlement Class

6  Member intends to appear at the Fairness Hearing(s) either with or without separate

7  counsel.  No Settlement Class Member shall be entitled to be heard at the Fairness Hearing

8  (whether individually or through separate counsel) or to object to the settlement, and no

9  written Objections or briefs submitted by any Settlement Class Member shall be received

10 or considered by the Court at the Fairness Hearing, unless written Notice of the Settlement

11 Class Member's intention to appear at the Fairness Hearing and copies of any written

12 Objections or briefs shall have been mailed to or filed with the Court on or before forty-

13 five (45) days after the date of the mailing of the Notice.  Settlement Class Members who

14 fail to submit timely written Objections in the manner specified above shall be deemed to

15 have waived any Objections and shall be foreclosed from making any Objection (whether

16 by appeal or otherwise) to the settlement.

17       7.3.    Settlement Class Members may elect to exclude themselves (*i.e.*, "opt-out")

18 from this Agreement, relinquishing their rights to any benefits under this Agreement.  In

19 all cases where, as of the date of the settlement, an individual or entity would be

20 considered a Settlement Class Member (but for an opt-out), there must be evidence of the

21 individual or entity's intention to opt-out of the Settlement Class.

22       7.4.    Settlement Class Members who exclude themselves from the settlement will

23 not release their claims as per Paragraphs 4.10-4.17.  All opt-outs must send to the

24 Settlement Administrator a letter including:  (a) the opt-out's name, current address, and

25 telephone number; (b) provide the Vehicle Identification Number associated with the

26 vehicle giving rise to standing to "opt out," the dates of ownership for said vehicle, and the

27 sender's status as a person who would be a Settlement Class Member but for the "opt-out;"

28 (c) provide a statement indicating that an election to be excluded from the Settlement

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1        -21-        Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1   Class; and (d) signed by the Settlement Class Member. Any request for exclusion must be

2   postmarked on or before forty-five (45) days after the date of the mailing of the Notice.

3   The date of the postmark on the return-mailing envelope shall be the exclusive means used

4   to determine whether a request for exclusion has been timely submitted. Settlement Class

5   Members who fail to submit a valid and timely request for exclusion on or before the date

6   specified in the Preliminary Approval Order and Notice, or on such other date set by the

7   Court, shall be bound by all terms of the Agreement and the Final Order and Judgment,

8   regardless of whether they have requested exclusion from the settlement. Opt-outs are not

9   effective until ruled upon by the Court, and any disputes as to the validity of a request for

10  exclusion shall be adjudicated by the Court.

11      7.4.    Any Settlement Class Member who submits a timely request for exclusion

12  may not file an Objection to the settlement and shall be deemed to have waived any rights

13  or benefits under this Agreement.

14      7.5.    The Settling Parties agree that they will not solicit, facilitate, or assist in any

15  way, requests for exclusions, Objections, or continued litigation by putative or actual

16  Settlement Class Members. Class Counsel recognize that they have an obligation to

17  support the settlement and to seek the Court's approval of its terms. Class Counsel will

18  abide by all applicable and governing ethical rules, opinions, and obligations precluding

19  their representation of opt-outs and precluding conflicts of interest with putative or actual

20  Settlement Class Members whom they represent.

21      7.6.    Not later than ten (10) days after the deadline for submission of requests for

22  exclusion, the Settlement Administrator shall provide to Class Counsel and Defense

23  Counsel a complete exclusion list together with copies of the exclusion requests ("Notice

24  of Exclusions").

25      7.7.    If in excess of one-thousand-seven-hundred-fifty (1,750) persons that are

26  within the Settlement Class elect to be excluded from the Settlement Class and submit a

27  valid request for exclusion as set forth in Paragraphs 7.3-7.4, MBUSA shall have the right

28  to withdraw from the settlement, upon written notice to Class Counsel, which must be sent

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                    -22-                    Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1 to Class Counsel via overnight mail no later than three (3) business days after the Notice of

2 Exclusions from the Settlement Administrator is provided to Class Counsel and Defense

3 Counsel.

4     7.8.    Twenty-one (21) days after expiration of the deadline for objections and/or

5 requests for exclusion from the settlement as approved by the Court and set forth in the

6 Notice, or other such date set by the Court, the Fairness Hearing shall be conducted to

7 determine final approval of the settlement, along with the amount properly payable for

8 Attorneys' Fees, Costs and All Other Expenses ("Fairness Hearing"). Upon final approval

9 of the settlement by the Court at or after the Fairness Hearing, the Settling Parties shall

10 present the Final Order and Judgment in a form agreed upon by the Settling Parties.

11     7.9.    Not less than seven (7) days prior to the date set for the Fairness Hearing,

12 Counsel for the Settling Parties shall file their briefs in support of settlement approval.

13 Counsel for the Settling Parties shall concurrently file responses to objections made by

14 Settlement Class Members.

15     **8.**    **SETTLEMENT HEARING AND STAY OF ACTIONS**

16     8.1.    Class Counsel will submit the Agreement together with its Exhibits to the

17 Court and will request that the Court issue an Order in the form attached hereto as

18 **Exhibit 3**. The form of the requested Order shall seek preliminary approval of the

19 settlement, shall request that the Court direct Notice (with the content attached hereto as

20 **Exhibit 1)** be disseminated to the Settlement Class, and shall request that the Court issue a

21 stay as to all other cases addressing the same subject matter as this Litigation, and shall

22 schedule a hearing on whether the settlement should be granted final approval and whether

23 the Fee Applications of Class Counsel should be granted.

24     8.2.    Class Counsel agree to join in or otherwise support MBUSA's requests to

25 have any other cases addressing the same subject matter stayed until the Effective Date of

26 the settlement, but the issuance of any such stay is not a condition to this agreement.

27

28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1     -23-    Case No. 12-CV-05493 (TEH)

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**9.      ATTORNEYS' FEES, COSTS, AND ALL OTHER EXPENSES**

9.1.    MBUSA agrees to pay amounts awarded by the Court to Class Counsel for Attorneys' Fees and Costs, but only so long as the total amount awarded to them by the Court does not exceed the sum of $2,475,000, and the Court's order is otherwise consistent with this Agreement. MBUSA also agrees to pay amounts awarded by the Court to Plaintiffs as incentive awards, but only so long as the total amount of incentive awards does not exceed the sum of $21,000 (comprised of $9,000 each for Messrs. Seifi and Deakin and $3,000 for Ronald Reyner) and is otherwise consistent with this Agreement. MBUSA agrees not to oppose or otherwise object to any request by Class Counsel for an award of Attorneys' Fees and Costs that does not exceed the sum of $2,475,000, and not to oppose any request for incentive awards that does not exceed the sum of $21,000 (comprised of $9,000 each for Mssrs. Seifi and Deakin and $3,000 for Ronald Reyner). Any incentive awards granted shall be distributed to the three named plaintiffs who served as representatives for the Settlement Class in recognition of the substantial time and effort each expended in reviewing pleadings, responding to discovery propounded by MBUSA, sitting for depositions, and other tasks.

9.2.    MBUSA does not oppose, and will not encourage or assist any third-party in opposing, Class Counsel's request for Attorneys' Fees and Costs in a total amount of up to $2,475,000, nor will MBUSA contest the reasonableness of the amount as long as the request is consistent with this Agreement. MBUSA does not oppose, and will not encourage or assist any third-party in opposing, Class Counsel's request for incentive awards for the Plaintiffs in a total amount of up to $21,000, nor will MBUSA contest the reasonableness of the amount as long as the request is consistent with this Agreement. Plaintiffs and Class Counsel will not seek in excess of the sums specified in Paragraph 9.1. and, in any event, Plaintiffs and Class Counsel agree that MBUSA shall not pay, nor be obligated to pay, any sum in excess of the amount specified in Paragraph 9.1 or such lesser amount as may be awarded by the Court for Attorneys' Fees, Costs, and All Other Expenses. Plaintiffs, Class Counsel and MBUSA negotiated and agreed to the amount of

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                        -24-                   Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1   Attorneys' Fees, Costs, and All Other Expenses only after reaching agreement upon all
2   other material terms of this Agreement.

3       9.3.   Plaintiffs' counsel shall file their motion for attorneys' fees and costs at latest
4   fourteen (14) days before the deadline for objecting to the settlement.

5       9.4.   The Settling Parties agree the amounts in Paragraph 9.1. represents
6   MBUSA's all-inclusive, full payment for all fees, costs, and all other expenses in relation
7   to the claims covered by the contemplated release, including but not limited to fees, costs,
8   and any other expenses incurred by any counsel in any related class action or any other
9   related cases, whether known or unknown to MBUSA, as well as any objectors,
10  intervenors or later-appearing counsel.  The amounts described in Paragraph 9.1 shall
11  constitute full satisfaction of MBUSA's obligation to pay any person, attorney or law firm
12  for attorneys' fees, costs, and all other expenses, and shall relieve MBUSA and the
13  Released Parties from any other claims or liability to any other attorney or law firm or
14  person for any attorneys' fees, costs, or other expenses to which any Plaintiff, Settlement
15  Class Member, objector, intervenor or any other person may claim that are in any way
16  related to the Released Claims.

17      9.5.   In furtherance of the agreement in this Section 9, in the event of any
18  Objections to the settlement or appeal from any order of the Court granting final approval,
19  Class Counsel agree that they will be solely responsible for responding to objectors and
20  intervenors, and defending the Court's Final Order and Judgment on appeal at their own
21  cost.  MBUSA will join in the defense of the Final Order and Judgment.  MBUSA agrees
22  not to appeal, or otherwise support any appeal, of an order or judgment entered by the
23  Court that is consistent with this provision and the terms of the settlement.  Any costs
24  incurred by Class Counsel in such appeals, including costs incurred to settle any claims by
25  objectors or intervenors, are the sole responsibility of Class Counsel.  No one may seek to
26  recover such costs from MBUSA.

27      9.6.   At the election of Class Counsel, if the following terms are met, Attorneys'
28  Fees and Costs awarded by the Court to Class Counsel shall be paid by MBUSA within

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1                    -25-              Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1   seven (7) business days of the later of Final Settlement Approval or an order awarding

2   fees, which payment is expressly conditioned upon plaintiffs' counsel securing at their cost

3   and providing proof of an irrevocable letter of credit, a bond, or other mutually agreed

4   security instrument from an agreed-upon, sufficiently capitalized provider in favor of

5   MBUSA that guarantees reimbursement of the award plus interest accruing at the post-

6   judgment interest rate set forth in California Code of Civil Procedure § 685.010.

7   Repayment to MBUSA of Attorneys' Fees and Costs will be made by Class Counsel

8   within seven (7) business days following any event that prevents the Effective Date of the

9   Settlement from occurring (*e.g.*, termination of the agreement, failure to affirm the

10  judgment on appeal). Notwithstanding any other provision in this paragraph, no portion of

11  the award shall be paid earlier than three (3) business days following MBUSA's receipt of

12  proof of the security. This provision will survive this Agreement and may be enforced

13  regardless whether the Settlement becomes effective or is otherwise terminated.

14       9.7.    Class Counsel will inform Defense Counsel within three (3) business days

15  following expiration of the objection period, whether Class Counsel elect payment of

16  Attorneys' Fees and Costs under Paragraph 9.6 (and, if so, the amount sought to be paid

17  under that Paragraph), or if they elect to wait for payment. If, and to the extent, Class

18  Counsel do not elect to receive payment of Attorneys' Fees and Costs as specified in

19  Paragraph 9.6 or otherwise do not meet the security requirements of that Paragraph, all

20  remaining portions of Attorneys' Fees and Costs shall be paid no later than five (5)

21  business days from the Effective Date of the Settlement.

22       9.7.    Any incentive awards ordered by the Court shall be paid by MBUSA within

23  five (5) business days of the Effective Date.

24  **10.**     **CONDITIONS FOR EFFECTIVE DATE; EFFECT OF**
25                **TERMINATION**

26       10.1.  If this Agreement is not approved by the Court or the settlement is

27  terminated or fails to become effective in accordance with the terms of this Agreement, the

28  Settling Parties will be restored to their respective positions in the *Seifi* action as of March

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1         -26-        Case No. 12-CV-05493 (TEH)

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1, 2015.  In such event, the terms and provisions of this Agreement will have no further force and effect and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning any award of attorneys' fees, expenses, or costs to Class Counsel will constitute grounds for cancellation or termination of this Agreement, unless the order potentially increases in any way MBUSA's financial responsibility in connection with the settlement.

## 11.   **BEST EFFORTS**

11.1.   The Settling Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the settlement, including without limitation, seeking preliminary and final Court approval of the Agreement and the Settlement embodied herein, carrying out the terms of this Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement and to carry out the terms of the Settlement.  In seeking approval of the Settlement, no Party shall be compelled to make or acquiesce in a factual statement or legal contention that the Party believes to be untrue or inaccurate.

## 12.   **MISCELLANEOUS PROVISIONS**

12.1.   The Settling Parties intend the settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement is comprised of claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the consideration provided to the Settlement Class and the other terms of the Agreement were negotiated at arms' length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

12.2.   Neither this Agreement nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement is or

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1    -27-    Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1    may be deemed to be or may be used as an admission of, or evidence of, the validity of any

2    of the Released Claims, or of any wrongdoing or liability of any Released Parties; or is or

3    may be deemed to be or may be used as an admission of, or evidence of, any fault or

4    omission of any Released Parties in any civil, criminal, or administrative proceeding in any

5    court, administrative agency or other tribunal.  Any of the Released Parties may file this

6    Agreement and/or the Final Order and Judgment in any action that may be brought against

7    it in order to support any defense or counterclaim, including without limitation those based

8    on principles of res judicata, collateral estoppel, release, good faith settlement, judgment

9    bar or reduction, or any other theory of claim preclusion or issue preclusion or similar

10   defense or counterclaim.

11        12.3.   All agreements made and orders entered during the course of the Litigation

12   relating to the confidentiality of information will survive this Agreement.

13        12.4.   Any and all Exhibits to this Agreement are material and integral parts hereof

14   and are fully incorporated herein by this reference.

15        12.5.   This Agreement may be amended or modified only by a written instrument

16   signed by or on behalf of all Settling Parties or their respective successors-in-interest.

17        12.6.   This Agreement and any Exhibits attached hereto constitute the entire

18   agreement among the Settling Parties, and no representations, warranties, or inducements

19   have been made to any Settling Party concerning this Agreement or its Exhibits other than

20   the representations, warranties, and covenants covered and memorialized in such

21   documents.  Except as otherwise provided herein, the Settling Parties will bear their own

22   respective costs.

23        12.7.   Class Counsel, on behalf of the Settlement Class, represents and warrants

24   that they are expressly authorized to take all appropriate action required or permitted to be

25   taken by the Plaintiffs or Settlement Class pursuant to this Agreement to effectuate its

26   terms, and are expressly authorized to enter into this Agreement, as well as any

27   modifications or amendments to this Agreement on behalf of the Settlement Class that

28   Class Counsel deem appropriate.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1      12.8.  Each counsel or other Person executing this Agreement or any of its Exhibits

2  on behalf of any Settling Party hereby warrants that such Person has the full authority to do

3  so.

4      12.9.  This Agreement may be executed in one or more counterparts.  All executed

5  counterparts and each of them will be deemed to be one and the same instrument.  A

6  complete set of original counterparts will be filed with the Court.

7      12.10. This Agreement will be binding upon, and inure to the benefit of, the

8  successors and assigns of the Settling Parties.

9      12.11. The Court shall retain continuing and exclusive jurisdiction over the Settling

10  Parties and all Settlement Class Members, and over the administration and enforcement of

11  the settlement.  Any disputes or controversies arising with respect to the interpretation,

12  enforcement, or implementation of this Agreement must be made by motion to the Court.

13      12.12. The Settling Parties agree that MBUSA is in no way liable for any taxes

14  Class Counsel, the Plaintiffs, Settlement Class Members or others may be required to pay

15  as a result of the receipt of settlement benefits.

16      12.13. No Settlement Class Member or other Person shall have any claim against

17  the Plaintiffs, Class Counsel, the Released Parties, Defense Counsel, the Settlement

18  Administrator, Special Master, or any agent designated by Counsel for the Settlement

19  Class based on any eligibility determinations, distributions or payments made in

20  accordance with the settlement, or based on the payments made or other relief provided

21  and made substantially in accordance with this Agreement or with further Orders of the

22  Court or any appellate court.

23      12.14. The Settling Parties hereby agree and stipulate to stay all proceedings in this

24  Litigation until the approval of this Agreement has been finally determined, *except* the stay

25  of proceedings shall not prevent the filing of any motions, declarations, and other matters

26  necessary to the approval of this Agreement.  The Settling Parties also agree and stipulate

27  that a stay in any other cases involving the same subject matter—including but not limited

28  to *Dugas v. Mercedes-Benz USA, LLC*, Case No.  6:12-CV-2885 (W.D. La.)—will conserve

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1      -29-      Case No. 12-CV-05493 (TEH)

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1 the parties' and courts' resources, minimize interference with the Court's ability to rule on

2 the proposed Settlement, avoid the risk of conflicting results, and preserve the Settlement

3 for a short period of time while class members receive notice and evaluate their options.

4 The Settling Parties agree and stipulate the Settlement provides substantial benefits to

5 Plaintiffs and the Class that will be jeopardized by ongoing competing cases covering

6 overlapping subclasses; maintaining the status quo protects the integrity of the Settlement,

7 while the Court evaluates whether it is fair, reasonable and adequate.  A standstill of

8 litigation will be efficient, promotes the public policy favoring settlement and aids

9 resolution of claims on a nationwide basis, which is in the public interest.

10     12.15. None of the Settling Parties, or their respective counsel, will be deemed the

11 drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof.

12 The language in all parts of this Agreement and its Exhibits will be interpreted according

13 to its fair meaning, and will not be interpreted for or against any of the Settling Parties as

14 the drafter thereof.

15     12.16. This Agreement and any Exhibits hereto will be construed and enforced in

16 accordance with, and governed by, the internal, substantive laws of the State of California

17 without giving effect to that State's choice-of-law principles.

18 Dated: March __, 2015          By:_____

19                                         MAJEED SEIFI
                                        Plaintiff and Class Representative

20

21 Dated: March __, 2015          By:_____

22                                         TRACEY DEAKIN
                                        Plaintiff and class Representative

23 Dated: March __, 2015          By:_____

24                                         RONALD REYNER
                                        Plaintiff and class Representative

25 Dated: March 23, 2015          KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.

26

27                              By:_____

28                                         GARY S. GRAIFMAN
                                        Attorney for Plaintiffs and the Settlement Class

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1          -30-          Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1  Dated: March 23, 2015      THE KATRIEL LAW FIRM

2

3                                    By:

4                                        ROY A. KATRIEL
                                      Attorney for Plaintiffs and the Settlement Class

5

6

7  Dated: March 17, 2015      By:
                                      THEODORE VAUGHAN

8                                        Authorized Representative for
                                      Defendant MBUSA, LLC

9

10  Dated: March 18, 2015      CARROLL, BURDICK & McDONOUGH LLP

11

12                                      By:
                                      TROY M. YOSHINO

13                                      Attorneys for Defendant MBUSA, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1             -31-         Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

The Settling Parties agree and stipulate the Settlement provides substantial benefits to Plaintiffs and the Class that will be jeopardized by ongoing competing cases covering overlapping subclasses; maintaining the status quo protects the integrity of the Settlement, while the Court evaluates whether it is fair, reasonable and adequate. A standstill of litigation will be efficient, promotes the public policy favoring settlement and aids resolution of claims on a nationwide basis, which is in the public interest.

12.15. None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Settling Parties as the drafter thereof.

12.16. This Agreement and any Exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

Dated: March 16, 2015        By: _____
                                  MAJEED SEIFI
                                  Plaintiff and Class Representative

Dated: March __, 2015        By: _____
                                  TRACEY DEAKIN
                                  Plaintiff and class Representative

Dated: March __, 2015        By: _____
                                  RONALD REYMER
                                  Plaintiff and class Representative

Dated: March __, 2015        KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.


                             By: _____
                                  GARY S. GRAIFMAN
                                  Attorney for Plaintiffs and the Settlement Class

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF652451-1        -30-        Case No. 12-CV-05493 (TEH)
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1  The Settling Parties agree and stipulate the Settlement provides substantial benefits to
2  Plaintiffs and the Class that will be jeopardized by ongoing competing cases covering
3  overlapping subclasses; maintaining the status quo protects the integrity of the Settlement,
4  while the Court evaluates whether it is fair, reasonable and adequate. A standstill of
5  litigation will be efficient, promotes the public policy favoring settlement and aids
6  resolution of claims on a nationwide basis, which is in the public interest.

7      12.15. None of the Settling Parties, or their respective counsel, will be deemed the
8  drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof.
9  The language in all parts of this Agreement and its Exhibits will be interpreted according
10 to its fair meaning, and will not be interpreted for or against any of the Settling Parties as
11 the drafter thereof.

12     12.16. This Agreement and any Exhibits hereto will be construed and enforced in
13 accordance with, and governed by, the internal, substantive laws of the State of California
14 without giving effect to that State's choice-of-law principles.

15

16 Dated: March ___, 2015        By: _____
17                                    MAJEED SEIFI
                                    Plaintiff and Class Representative
18

19 Dated: March __, 2015         By: _____
20                                    TRACEY DEAKIN
                                    Plaintiff and class Representative
21

22 Dated: March ___, 2015        By: _____
                                    RONALD REYNER
23                                  Plaintiff and class Representative

24 Dated: March __, 2015         KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.
25

26                               By: _____
27                                    GARY S. GRAIFMAN
                                    Attorney for Plaintiffs and the Settlement Class
28

# EXHIBIT 1 TO CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA
Case No. 12-cv-05493 (TEH)

**Notice of Pendency and Proposed Settlement of Class Action**

**To: Persons who have purchased or leased Mercedes-Benz vehicles Model Years 2005–2007 equipped with M272 or M273 engines bearing serial numbers up to 2729..30 468993 or 2739 ..30 088611, respectively**

Records indicate you may have owned one of the Subject Vehicles. Your rights may be affected by the Litigation and Proposed Settlement discussed in this court-authorized notice. This Notice is to inform you of the conditional certification of a settlement class, the nature of the claims at issue, your right to participate in or exclude yourself from the class, and the effect of exercising your various options. You are not being sued.

| YOUR LEGAL RIGHTS AND OPTIONS | |
| --- | --- |
| **DO NOTHING** | If you do nothing, you will be bound by the Settlement, if it is approved. |
| **FILE A CLAIM** | Review the Settlement Claim Form to see if you are eligible to make a claim. |
| **EXCLUDE YOURSELF** | Write to the Settlement Administrator if you do not want to benefit from or be bound by this settlement. You will not be permitted to object to the Settlement if you exclude yourself from the Settlement Class. |
| **OBJECT** | File an Objection with the Court if you are not satisfied with the settlement but wish to remain a Settlement Class Member if the Court approves the Settlement. |
| **GO TO A HEARING** | Ask for permission to speak in Court about the fairness of the settlement. |

Your legal rights and options --- **and the deadlines to exercise them** --- are explained in this Notice. Your legal rights may be affected whether you act or do not act. Please read this Notice carefully. Capitalized terms in this Notice have the same meaning as provided in the "Definitions" section of the Agreement of Settlement on file with the Court and viewable at www.BalanceShaftSettlement.com.

## 1.   Why did the Court issue this notice?

This Notice is given to inform you that (1) a class action is pending before the Honorable Thelton Henderson entitled *Seifi, et al. v. Mercedes-Benz USA, LLC*, No. 12-cv-05493 (TEH) ("the Litigation"); (2) you may be a Settlement Class Member; (3) the parties have proposed to settle the Litigation; (4) the Proposed Settlement may affect your legal rights; and (5) you have a number of options.

## 2.   What is this Litigation about?

Plaintiffs Majeed Seifi, Tracey Deakin, and Ronald Reyner allege a defect in balance shaft sprockets in M272 (V-6) engines and idle gears in M273 (V-8) engines in certain model year 2005-2007 Mercedes-Benz vehicles that causes the gears to wear prematurely. In their complaint, Plaintiffs contend that Mercedes-Benz USA, LLC ("MBUSA") had a duty to disclose this information to consumers at the time they purchased their vehicles. Based on this conduct, Plaintiffs allege claims for violations of the New Jersey Consumer Fraud Act, California's Consumer Legal Remedies Act and Unfair Competition Law.

MBUSA denies all of the material allegations made by Plaintiffs and denies any wrongdoing or liability of any kind. Among other things, MBUSA maintains that the balance shaft sprockets and idle gears are of high quality

and do not violate any law. Further, MBUSA denies that the balance shaft sprockets or idle gears contain defects. Accordingly, neither this Notice nor the Proposed Settlement reflect any admission by MBUSA that there is a defect in any Mercedes-Benz vehicle or that it violated any law or rights of consumers.

## 3.    How do I know if I am part of the Settlement Class?

The Court has conditionally certified a settlement class INCLUDING: All current and former owners and lessees of Mercedes-Benz branded automobiles model years 2005, 2006 and 2007 that are equipped with M272 or M273 engines bearing serial numbers up to 2729..30 468993 or 2739 ..30 088611, respectively (the "Subject Vehicles") who purchased or leased their Subject Vehicles within the United States. The engine serial number may appear on repair orders or invoices that you would need to make a claim. You may also enter the Vehicle Identification Number ("VIN") on the settlement website to determine if your vehicle was initially built with an engine that falls within the applicable range.

Even if you are or were the owner or lessee of a Subject Vehicle, you are EXCLUDED from the Settlement Class and *not* covered by this settlement if you are:

a)  Persons who validly and timely exclude themselves from the Settlement Class, using the procedure set forth below in Sections 9 and 10;
b)  Persons who have settled with, released, or otherwise had claims adjudicated on the merits against MBUSA that are substantially similar to those alleged in this matter;
c)  A member of MBUSA, its subsidiaries and affiliates, officers, directors and employees;
d)  Persons who have suffered personal injury, wrongful death or property damage (to property other than the Subject Vehicle) as a result of the defects alleged;
e)  Insurers or other providers of extended service contracts or warranties for the vehicles owned by Settlement Class Members; and
j)  The Honorable Thelton E. Henderson and the Honorable Jacqueline Scott Corley and members of their respective families.

Model years 2005-07 of the following model vehicles *may* fall within the engine serial number range above: ML350, SLK280/300, SLK 350, C230, C280, C350, C350 4Matic, C280 Wagon 4Matic, CLK350, CLK350 Cabriolet, E350, E350 4Matic, E350 Wagon, R350, R350 4Matic, ML550 4Matic, GL450 4Matic, GL550 4Matic, CLK550, CLK550 (Cabriolet), E550, E550 4Matic, CL550, CLS550, S550, S550 4Matic, SL550. Note, however, that *not* all such vehicles have qualifying engine serial numbers. To make a valid claim, you must have (among other things) an engine serial number within the range specified above.

## 4.    What are the reasons for the Settlement?

The Court did not decide in favor of the Plaintiffs or MBUSA. Instead, both sides agreed to a settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions. The parties reached this agreement only after long negotiations, many exchanges of information, and independent consideration of the risks and benefits of settlement through the assistance of an experienced Mediator.

Class Counsel have considered the substantial benefits from the Settlement that will be given to the Settlement Class Members and balanced these benefits with the risk that a trial could end in a verdict for MBUSA. They also considered the value of the immediate benefit to Settlement Class Members versus the costs and delay of litigation through trial and appeals and the risk that a class would not be certified. Even if Plaintiffs were successful in these efforts, Settlement Class Members would not receive any benefits for years.

## 5.    What does the Proposed Settlement provide?

**Benefits.** If the Proposed Settlement is ultimately approved by the Court, it will provide several forms of relief to Settlement Class Members. In return, the Settlement Class Members release their rights to pursue any claims against MBUSA and related entities relating to the facts at issue in this Litigation.

## A.   COVERAGE FOR QUALIFIED FUTURE REPAIRS UP TO 10 YEARS OR 125,000 MILES

MBUSA has agreed to offer to Settlement Class Members to make qualified repairs through Authorized Mercedes-Benz Dealers, if and as needed, to the sprocket of the balance shaft gear (M272 engines) or the idle gear (M273 engines): (i) contained in engines with the specified engine numbers found of the 2005-2007 model year vehicles set forth in the Settlement Agreement; and (ii) if such engines have not already received a new balance shaft sprocket/idle gear in or after November 2006. These repairs are also subject to the following conditions:

MBUSA will offer to perform the repair defined in LI03.30-P-050027 (the "LI") (viewable at www.BalanceShaftSettlement.com) upon confirmation of the need for repair of the sprocket of the balance shaft or the idle gear per the procedures specified in the LI, and also that the conditions above are met. Such consideration will be offered up to a maximum of 10 years or 125,000 miles, whichever is less (commencing from the In Service Date), subject to the limitations herein, including:

- For balance shafts or idle gears needing replacement of the part(s) that are repaired, and which repair date occurs up to and including the lesser of 8 years or 80,000 miles, MBUSA will cover 70% of the reasonable repair amount;

- For balance shafts or idle gears needing replacement of the part(s) that are repaired, and which repair date occurs up to and including the lesser of 10 years or 125,000 miles, but greater than 8 years or 80,000 miles, MBUSA will cover 37.5% the reasonable repair amount;

- For balance shafts or idle gears needing replacement of the part(s) that are repaired, and which repair date occurs either after 10 years or after 125,000 miles, MBUSA shall not be required to offer any coverage.

All repairs must be performed by an Authorized MBUSA Dealer to be covered.

## B.   REIMBURSEMENT OF COSTS FOR PRIOR REPLACEMENTS

MBUSA agrees to reimburse Settlement Class Members who previously paid for qualified repairs to their balance shaft sprocket (M272 engines) or idle gear (M273) if such parts were produced before November 2006, because of a failure of that part, diagnosed and repaired in accord with the procedures specified in the LI up to 10 years or 125,000 miles, whichever is less (commencing from the In Service Date). Claimants also must meet the following conditions:

1. To be eligible for reimbursement, Settlement Class Members must submit a timely and validly completed Claim Form and the required documentation. You can obtain a Claim Form by entering the VIN of the Subject Vehicle on the settlement website (www.BalanceShaftSettlement.com). If the VIN is associated with an engine within the applicable serial number range, you will be linked to a Claim Form. You can also obtain a Claim Form by letter request enclosing a self-addressed, stamped envelope to KCC Class Action Services, LLC [address].

(a) If the repair described in the Claim Form and submitted for reimbursement meets all of the criteria in the Agreement and the repair was completed,

- Between the lesser of 4 years or 50,000 miles up to and including the lesser of 8 years or 80,000 miles, reimbursement will total 70% the reasonable repair amount;

- Up to and including the lesser of 10 years or 125,000 miles, but greater than 8 years or 80,000 miles, reimbursement will total 37.5% the reasonable repair amount;

- Either after 10 years or after 125,000 miles, MBUSA shall not be required to offer any reimbursement.

(b) If the repair submitted for reimbursement was performed at an Independent Service Provider (*i.e.* a non-Authorized Mercedes-Benz Dealer), the "reasonable repair amount" will be the lesser of the actual amount charged or $4,000.

2. Any claim accruing prior to [date Notice is mailed], must be made on or before [(135) days after date Notice is mailed.] Any claim accruing after the date Notice is mailed, but before the Effective Date, must be submitted within forty-five (45) days of the date accrued. No claims for reimbursement can be made if the claim accrues on or after the Effective Date; rather, Settlement Class Members must have applicable repairs made as described in Section 5.A., above, and pursuant to the terms of this Agreement. The term "accruing" or "accrued" means the date the Settlement Class Member paid for the balance shaft sprocket or idle gear repair or replacement.

3. If the repair is required to a Subject Sprocket after the Effective Date of the Settlement, the Subject Vehicle should be brought to a Mercedes–Benz authorized dealership to have the repair performed under the terms of this Settlement.

4. There shall be no double recovery under the Proposed Settlement. Thus, if a Settlement Class Member received goodwill, extended warranty coverage, or any other form of coverage for the repair previously, the total amount of reimbursement shall be offset against prior amounts given, and shall not exceed the limits set forth above (*e.g.*, if the repair occurred at 7 years and 72,000 miles, and was performed at an Authorized Mercedes-Benz Dealer, but 30% of the repair was previously covered by goodwill or something else, the claimant may recover only up to 40% of the reasonable repair cost assuming other qualifications are met).

**Release.** Unless you exclude yourself from the Settlement Class, approval of this Settlement will result in a release by you of all claims against MBUSA and other related entities that arise out of or are related in any way to this Litigation. This release does not bar any claims for personal injury or damage to property other than your Settlement Class Vehicle.

**Proposed Payment to Named Plaintiffs Majeed Seifi, Tracey Deakin and Ronald Reyner.** Class Counsel has requested a payment to the class representatives Majeed Seifi, Tracey Deakin and Ronald Reyner, not to exceed $9,000 each for Messrs. Seifi and Deakin and $3,000 for Ronald Reyner. MBUSA has agreed not to oppose this request. This payment will not reduce any benefits recoverable by members of the Settlement Class. The award of any payment to any class representative is subject to the Court's approval.

## 6.  Do I have a lawyer in the case?

Yes. The Court has appointed the following counsel for the Class: Roy A. Katriel of the Katriel Law Firm, 4225 Executive Square, Suite 600, La Jolla, CA 92037, and Gary S. Graifman of Kantrowitz Goldhamer & Graifman, P.C., 747 Chestnut Ridge Road, Chestnut Ridge, New York 10977; Email at: MBSettlement@kgglaw.com.

## 7.  How will the lawyers for the Settlement Class be paid?

If the Court approves the Settlement, it will also determine what amount of attorneys' fees and costs should be paid to Class Counsel for their representation of Plaintiffs and the Settlement Class in this Litigation. Payment of attorneys' fees and costs to Class Counsel will not reduce any benefit available to you as part of the Settlement. MBUSA has agreed not to oppose any request by Class Counsel for attorneys' fees and costs that does not exceed the sum of $2,475,000, and to pay Class Counsel an amount to be fixed by the Court as reasonable attorneys' fees and costs, as long as the amount does not exceed $2,475,000.

## 8.  What happens if I do nothing after receiving this notice?

If you do nothing and the Court approves the Settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against MBUSA relating to the facts at issue in this Litigation.

As long as you do not request exclusion from the Settlement Class, you are entitled to the benefits described in Sections 5.A or 5.B. If you are eligible for relief under 5.B, you must complete and submit a Claim Form postmarked on or before the dates above, or your claim will not be considered. Should you need to replace your balance shaft sprocket or idle gear after the Effective Date, and your vehicle qualifies for the benefits under 5.A, you must take your car to an Authorized Mercedes-Benz Dealer and request the repair.

## 9.   What does it mean to request exclusion from the Settlement Class?

If you come within the Settlement Class definition, you will be a member of the Settlement Class and will be bound by the settlement if the Court approves it unless you exclude yourself from the Settlement Class (also known as "opting out"). Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Settlement and will not be eligible to receive any benefits from the Settlement, but they will retain the right to sue MBUSA at their own cost.

You cannot exclude yourself from the Settlement Class and the Settlement if you wish to object to the settlement and/or appear before the Court during the Fairness Hearing (see Sections 11 and 12), as you need to be a Settlement Class Member affected by the settlement to object or appear.

## 10.   How do I request exclusion?

You may exclude yourself from the Settlement Class (i.e., "opt-out") provided that your request is made in writing and postmarked before [date]. To exclude yourself, send a letter that includes (a) the opt-out's name, current address, and telephone number; (b) provide the Vehicle Identification Number associated with the vehicle giving rise to standing to "opt out," the dates of ownership for said vehicle, and the sender's status as a person who would be a Settlement Class Member but for the "opt-out;" (c) provide a statement indicating an election to be excluded from the Settlement Class; and (d) signed by the Settlement Class Member. Your written request to exclude yourself from the settlement must be sent to KCC Class Action Services, LLC [address].

You will only be excluded from the settlement if your request is *postmarked* on or before [date], and includes the required information. The Court shall rule on the validity of exclusions at the Fairness Hearing, at which time they will become effective if they meet the above criteria. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified, shall be bound by all terms of the Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

In determining whether you want to exclude yourself from the settlement, you are advised to consult your own attorney, as there may be issues particular to your circumstances that require consideration.

## 11.   What if I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement. You cannot ask the Court to change the terms of the settlement; the Court can only approve or deny the Settlement. The Objection must be in writing and must (1) clearly identify the case name and number (Seifi v. Mercedes-Benz USA, LLC, No. 12-cv-05493 (TEH)), (2) be submitted to the Court either by mailing the materials to the Class Action Clerk, U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the U.S. District Court for the Northern District of California, and (3) be filed or postmarked on or before [date]. Copies of any such Objection papers must also be mailed within the forty-five (45) days from the date of mailing of Notice to Class Counsel and Counsel for MBUSA listed in this

Notice. The Objection should: (a) set forth your full name, current address, and telephone number; (b) provide the Vehicle Identification Number associated with the vehicle giving rise to standing to make an Objection, and the dates of ownership of said vehicle; (c) state that you have reviewed the Settlement Class definition and understand that you are a Settlement Class Member, and have not opted out of the Settlement Class; (d) set forth a complete statement of all legal and factual bases for any Objection that you wish to assert; and (e) provide copies of any documents that you wish to submit relating to your position. In addition, you must indicate in writing whether you intend to appear at the Fairness Hearing either with or without separate counsel. No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written Objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Fairness Hearing, unless written notice of the Settlement Class Member's intention to appear at the Fairness Hearing and copies of any written Objections or briefs have been timely submitted and a copy has been mailed to the following addresses:

> Class Counsel: Roy A. Katriel of the Katriel Law Firm, 4225 Executive Square, Suite 600, La Jolla, CA 92037, and Gary S. Graifman of Kantrowitz Goldhamer & Graifman, P.C., 747 Chestnut Ridge Road, Chestnut Ridge, New York 10977;

> Counsel for MBUSA: Troy M. Yoshino, Carroll, Burdick & McDonough LLP, 44 Montgomery Street, Suite 400, San Francisco, California 94104.

If your Objections do not meet the requirements above, they will be deemed invalid and will be overruled.

## 12. When and where will the Court determine whether to approve the Proposed Settlement?

The Court has scheduled a Final Approval Hearing at [time] on [date], 2015, at the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 12, 19th Floor, San Francisco, CA 94102. This hearing may be continued or rescheduled by the Court without further notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses. The Court will also consider Objections and may grant permission for objectors to speak. The Court may decide these issues at the Final Approval Hearing or take them under consideration. We do not know how long these decisions will take.

## 13. Do I have to come to the hearing?

No. You are not required to come to the hearing but may come at your own expense.

Settlement Class Members who object to the Settlement do not need to attend the Final Approval Hearing for their Objections to be considered. If you wish to appear either personally or through your own attorney at the Final Approval Hearing, you must submit both a timely Objection and a notice of intention to appear as set forth in Section 11 above no later than [date].

Your notice of intention to appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present to the hearing. Settlement Class Members who do not timely submit a notice of intention to appear will be not be allowed to speak at the Final Approval Hearing.

## 14. What if the Proposed Settlement is not approved?

If the Proposed Settlement is not granted final approval, the putative Settlement Class that has been preliminarily approved, will be decertified, the *Seifi* action will proceed without further notice, and none of the agreements set forth in this Notice will be valid or enforceable.

## 15. How do I get more information about the Proposed Settlement?

This Notice summarizes the Proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at www.BalanceShaftSettlement.com, by contacting Class Counsel, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding holidays.

PLEASE DO NOT TELEPHONE THE COURT, COURT CLERK'S OFFICE, MBUSA, OR MBUSA'S COUNSEL TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

By order of [date], Judge Thelton Henderson, Judge of the United States District Court for the Northern District of California, assigned.

# EXHIBIT 2 TO CLASS ACTION SETTLEMENT AND RELEASE

# SETTLEMENT CLAIM FORM
*Seifi, et al. v. Mercedes-Benz USA, LLC,* **Case No. 12-CV-05493 (TEH)**

**Please read the Notice of Pendency and Proposed Settlement of Class Action ("Notice") AND all of the following instructions carefully before filling out your Claim Form.**

To determine whether you are a Settlement Class Member eligible to make a claim, or for more information regarding the class action settlement, please visit first visit www.BalanceShaftSettlement.com. If you still have questions regarding the claims process, e-mail [Dedicated KCC E-mail].

1. Capitalized terms in this Claim Form have the same meaning as provided in the "Definitions" Paragraph of the Class Action Settlement Agreement and Release, on file with the Court, and also available at the website above.

2. Type or print legibly in black ink. Do not use any highlighters. Provide **all** requested information to make a claim, attach supporting documentation (*i.e.*, repair orders or invoices), and sign all applicable certifications. You must use a separate Claim Form for each vehicle you believe qualifies.

3. You are eligible to make a claim in this litigation **only** if (1) you are a current or former owner or lessee of a Mercedes-Benz branded automobile equipped with a M272 or M273 engine bearing serial numbers up to 2729..30 468993 or 2739..30 088611, respectively (the "Subject Vehicle"), who purchased or leased the Subject Vehicle within the United States; (2) you are not requesting exclusion from the Settlement Class; (3) you have not settled with, released, or otherwise had claims adjudicated on the merits against Mercedes-Benz USA, LLC ("MBUSA") similar to those described in the Notice; (4) you are not otherwise excluded from the Settlement Class as described in the Notice; and (5) you otherwise meet the requirements specified in this Claim Form and the Settlement Agreement.

   Model years 2005-07 of the following model vehicles **may** fall within the engine serial number range above: ML350, SLK280/300, SLK 350, C230, C280, C350, C350 4Matic, C280 Wagon 4Matic, CLK350, CLK350 Cabriolet, E350, E350 4Matic, E350 Wagon, R350, R350 4Matic, ML550 4Matic, GL450 4Matic, GL550 4Matic, CLK550, CLK550 (Cabriolet), E550, E550 4Matic, CL550, CLS550, S550, S550 4Matic, SL550. Note, however, that **not** all such vehicles have qualifying engine serial numbers. To make a valid claim, you must have (among other things) an engine serial number within the range specified above.

4. You cannot make a claim for reimbursement for any expense if you already received reimbursement for it up to the limits specified in Section 4 of the Settlement Agreement; there is no double recovery permitted.

5. If you are claiming reimbursement for more than one repair, please fill out a Claim Form for each repair separately. Multiple Claim Forms can be submitted in the same package, mailed to the address below—but each Claim Form should describe only one repair.

6. You must submit your Claim Form under penalty of perjury by mail. If you are submitting a claim for a repair that occurred before _____, you must send your completed Claim Form and copies of any supporting documents **postmarked by** _____. If you are submitting a claim for a repair on or after _____, but before the Effective Date of the Settlement, you have forty-five (45) days from the date the repair was completed to submit your claim. The postmark on the envelope will determine the timeliness of the claim, and the Claim Form should be mailed to KCC Class Action Services, LLC, _____. The "Effective Date" of the Settlement is the date that the Court grants final approval to the Settlement and any time to appeal has expired, or any appeal which may have been taken has been withdrawn or concluded in a manner that conclusively affirms the Final Order and Judgment.

7. Reimbursement, if any, will be made in accordance with the Settlement Agreement given the information you provide herein and from the attached documentation you submit, as well as independent investigation.

Keep a copy of your completed Claim Form and all supporting documents. Any documents you submit with your Claim Form will not be returned. Do not send original documents. If your claim is rejected for any reason, you will be notified.

CBM-MERCEDES\SF651445-1

*For Claims Administrator Use Only*

1

Claim Number: _____

## PART A — PERSONAL INFORMATION

Name: _____

Address:_____

_____
City, State, Zip Code:

_____
Vehicle Model and Model Year:

_____
Engine Serial Number -- You can typically find the
engine serial number in on the repair order.

Company Name (if company vehicle):

_____

Daytime Phone Number:_____

Names of Any Joint Owner(s) of the Vehicle:

_____

_____
Vehicle Identification Number ("VIN")

_____
Dates you owned/leased the vehicle

## PART B — REIMBURSEMENT FOR SPROCKET REPAIRS

Date of replacement of balance shaft sprocket or idle gear: _____

Mileage at the time of replacement: _____

Name and address of facility diagnosing and making the repair: _____

You must attach (1) proof of ownership of the vehicle at the time of repair, (2) the repair order or invoice associated with the repair establishing per the procedures specified in the LI that the vehicle required repairs to the balance shaft sprocket or idle gear and that the required replacement was performed, and (3) proof of payment for the amount paid by you for which you seek reimbursement (*e.g.*, receipt).

Was the balance shaft sprocket or idle gear that was replaced the original "Subject Sprocket" (defined in the Settlement Agreement) that came with the Subject Vehicle, or if a replacement part, was the part a "Subject Sprocket" (*i.e.*, produced prior to November 2006)?
☐ Yes　　　☐ No

**When the repair was made, was the vehicle more than 10 years past its In Service Date or did the odometer register 125,000 miles or more?  If yes, you cannot make a claim.**

1.　　Only repairs associated with the replacement of the balance shaft sprocket or idle gear may be claimed. How much of the amount listed in the repair order/invoice is associated with the balance shaft sprocket or idle gear replacement?

_____

2.　　Was the repair made by an Authorized Mercedes-Benz Dealer?:　　☐ Yes　　　☐ No

CBM-MERCEDES\SF651445-1

*For Claims Administrator Use Only*

2

Claim Number: _____

3.      At the time of the repair, did you have any warranty coverage (e.g., extended warranty, certified pre-owned warranty) that covered any part or the whole of the cost of repair, or did you receive any "goodwill" from the dealership or MBUSA to help cover part of the repair, or did you receive payment assistance from any other party (e.g., insurance, third party warranty) towards the cost of the repair?

If yes, list the source(s) of payment(s) and amount received from all other sources?

_____

Please list and describe the documents you are attaching to support your claim:

_____

_____

_____

## PART C — CERTIFICATION

*I certify <u>under penalty of perjury</u> that the following information is true and correct:*

1.  I am a Settlement Class Member and the rightful owner of the claim described in this Claim Form;

2.  The documents described in Part B above and provided with this Claim Form are true and accurate copies showing the repairs or replacements conducted to replace the balance shaft sprocket or idle gear in my Subject Vehicle, as well as the amounts I paid for all expenses and amounts for which I am now claiming reimbursement;

3.  My Subject Vehicle was maintained in accordance with the guidelines set forth by the manufacturer;

4.  All information that I provided is true and correct to the best of my knowledge and belief; and,

5.  I agree to allow Mercedes-Benz to inspect my vehicle to verify the authenticity of my claim.

Consistent with Paragraph 6.4 of the Settlement Agreement, I confirm my agreement to the Release Obligations enumerated in Paragraphs 4.10-4.17 of the Settlement Agreement, and consent to the dismissal of any pre-existing action or proceeding relating to Subject Vehicles containing the Subject Sprockets, whether brought by me or by others on my behalf.

*If more than one person has rights to the claims asserted, the Claim Form must be signed by all persons.*

_____          ____/____/_____
Signature of Claimant                                          Date

_____          ____/____/_____
Signature of Claimant                                          Date

_____          ____/____/_____
Signature of parent or guardian                         Date
(if Claimant is a minor)

CBM-MERCEDES\SF651445-1                                            *For Claims Administrator Use Only*

                                           3          Claim Number: _____

# EXHIBIT 3 TO CLASS ACTION SETTLEMENT AND RELEASE

1  Troy M. Yoshino, No. 197850
   Matthew J. Kemner, No. 188124
2  Chad A. Stegeman, No. 225745
   **CARROLL, BURDICK & McDONOUGH LLP**
3  44 Montgomery Street, Suite 400
   San Francisco, CA  94104
4  Telephone:      415.989.5900
   Facsimile:      415.989.0932
5  Email:      tyoshino@cbmlaw.com
               mkemner@cbmlaw.com
6               cstegeman@cbmlaw.com

7  Attorneys for Defendant
   MERCEDES-BENZ USA, LLC
8
                  UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                    SAN FRANCISCO DIVISION
11

12
   MAJEED SEIFI, TRACEY DEAKIN,and          Case No. 12-CV-05493 (TEH)
13 RONALD REYNER On Behalf of
   Themselves and All Others Similarly Situated,  **[PROPOSED] ORDER PRELIMINARILY**
14                                          **APPROVING SETTLEMENT**
                                            **AGREEMENT, CERTIFYING**
15           Plaintiffs,                    **SETTLEMENT CLASS, APPOINTING**
                                            **SETTLEMENT CLASS COUNSEL,**
16       v.                                 **SETTING HEARING ON FINAL**
                                            **APPROVAL OF SETTLEMENT, AND**
17 MERCEDES-BENZ USA, LLC,                  **DIRECTING NOTICE TO THE CLASS**

18           Defendant.

19                                          Date:      March 23, 2015
                                            Time:      1:30 p.m.
20                                          Crtrm.:    12

21                                          Hon. Thelton E. Henderson

22

23

24

25

26

27

28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF649686-1                                        Case No. 12-CV-05493 (TEH)

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

1    Plaintiffs moved this Court for an Order preliminarily approving the parties' settlement,

2    certifying a settlement class, appointing settlement class counsel, setting a hearing on the final

3    approval of the settlement, and directing notice to the class (the "Motion").  Mercedes-Benz USA,

4    LLC ("MBUSA") joined in Plaintiffs' request for an order preliminarily approving the parties'

5    settlement.  Upon considering the Motion, the parties' Class Action Settlement Agreement and

6    Release and all exhibits thereto (collectively, the "Settlement Agreement" or "Settlement"), the

7    materials previously submitted in this case, the arguments of counsel, and other materials relevant to

8    this matter, it is hereby **ORDERED** that:

9        1.    The Court grants preliminary approval of the Settlement based upon the terms set

10   forth in the Settlement Agreement filed herewith.

11       2.    The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate

12   to allow dissemination of the Notice according to the Notice Plan.[1]  This determination is not a final

13   finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a

14   determination that there is good cause to submit the proposed Settlement Agreement to Settlement

15   Class Members and to hold a hearing concerning final approval of the proposed settlement, and

16   ultimately approve the settlement.

17       3.    The Parties have made a sufficient showing, under the provisions of Rule 23 of the

18   Federal Rules of Civil Procedure, as applicable in the context of settlement classes, to establish

19   reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing

20   to determine if a Class should be certified for settlement purposes only, consisting of persons who

21   meet the following criteria:

22       All current and former owners and lessees of Mercedes-Benz branded automobiles equipped
         with M272 or M273 engines bearing serial numbers up to 2729..30 468993 or 2739 ..30
23       088611, found in the Subject 2005 – 2007 Model Year Vehicles respectively (the "Subject
         Vehicles"), who purchased or leased their Subject Vehicles within the United States.
24

25       Excluded from the Settlement Class are:  Persons who validly and timely exclude
         themselves; Persons who have settled with, released, or otherwise had claims adjudicated on
26       the merits against MBUSA that are substantially similar to those alleged in this matter;

27   _____

     [1]  To the extent capitalized terms are not defined in this Order, they shall have the meaning set
28   forth in the Settlement Agreement.

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF649686-1                            -1-                    Case No. 12-CV-05493 (TEH)

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

Persons with only claims relating to personal injury, wrongful death or property damage (relating to property other than the Subject Vehicles) as a result of the defects alleged; employees of MBUSA; insurers or other providers of extended service contracts or warranties for the vehicles owned by settlement class members; and the Honorable Thelton E. Henderson and the Honorable Jacqueline Scott Corley and members of their respective families.

If, for any reason, the proposed settlement is not approved, any order certifying a settlement class shall be vacated *nunc pro tunc* and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to the Parties' rights to either request or oppose class certification for purposes of litigation.

4.      In making the findings set forth in Paragraph 3, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis.  Named Plaintiffs Majeed Seifi, Tracey Deakin and Ronald Reyner are designated as the Class Representatives.

5.      The Court hereby appoints the following attorneys as counsel for the Settlement Class: Roy A. Katriel of the Katriel Law Firm, and Gary S. Graifman of Kantrowitz Goldhamer & Graifman, P.C., and the successors of these law firms (collectively, "Class Counsel").  For purposes of these settlement proceedings, the Court finds that the Katriel Law Firm and Kantrowitz Goldhamer & Graifman, P.C., are competent and capable of exercising their responsibility as Class Counsel.

6.      This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

7.      The Settlement Agreement is for settlement purposes only.  Neither the fact of, any provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiffs and Settlement Class Members in the Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the Released Persons.  The Settlement Agreement shall not be offered or be admissible in evidence by or against Defendant or the Released Persons or cited or referred to in any other action or proceeding, except one (1) brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, (2) involving any Plaintiff or Settlement Class Member to support a defense of *res judicata*, collateral estoppel,

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF649686-1                                           -2-                                 Case No. 12-CV-05493 (TEH)
[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

1   release, or other theory of claim preclusion, issue preclusion, or similar defense, or (3) involving an

2   attempt to enforce a stay of other litigation pursuant to the terms set forth in the Settlement

3   Agreement and the Court's Order preliminarily approving the Settlement Agreement.

4       8.    The Notice and provisions for disseminating notice substantially as described in and

5   attached to the Settlement Agreement are hereby approved.  The Court approves the Notice attached

6   as Exhibit 1 to the Settlement Agreement, as well as the Claim Form, attached as Exhibit 2 to the

7   Settlement Agreement.  These materials (a) provide the best practicable notice, (b) are reasonably

8   calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the

9   action, the terms of the proposed settlement, and of their right to appear, object to, or exclude

10  themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and

11  sufficient notice to all persons entitled to receive notice, and (d) fully comply with federal law, the

12  United States Constitution, and all other applicable laws.

13      9.    KCC Class Action Services, LLC ("KCC"), selected pursuant to the terms of the

14  Settlement Agreement, shall be responsible for providing notice of the proposed settlement to the

15  Settlement Class Members in accordance with the provisions of the Settlement Agreement and as

16  directed under the Class Action Fairness Act (28 U.S.C. § 1715).  MBUSA will pay KCC's fees and

17  costs.

18      10.    To comply with their obligations under the Settlement Agreement, the parties must

19  obtain vehicle registration information for Settlement Class Members for the purpose of

20  disseminating notice of the proposed settlement to those persons and entities.  MBUSA and KCC are

21  hereby authorized to obtain vehicle registration information concerning Settlement Class Members

22  from R. L. Polk or a similar vendor for the sole purpose of providing notice to those persons and

23  entities.

24      11.    KCC  shall mail the Notice to the identified Settlement Class Members per the

25  Notice Plan within thirty-five (35) days of the entry of this Order.  On the same date, KCC will

26  make an informational settlement website available to the public, which website will include a copy

27  of this order, the Notice, the Settlement Agreement, the Claim Form, and other important

28  documents. Within fifteen (15) days after the deadline to mail the Notice, KCC shall file

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO
CBM-MERCEDES\SF649686-1    -3-    Case No. 12-CV-05493 (TEH)
[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

1 declarations to the Court, attesting to the measures undertaken to provide Notice to the Settlement

2 Class and as directed by CAFA.

3       12.    Anyone who wishes to be excluded from the Settlement Class must submit a written

4 request for exclusion (as described in the Notice and Settlement Agreement) by sending it to KCC

5 Class Action Services, LLC, by First-Class U.S. mail to the address provided in the Notice.

6 Requests for exclusion must contain all information described in the Settlement Agreement. The

7 envelope containing the Request for Exclusion must be postmarked on or before the date set forth in

8 the Notice, which shall be forty-five (45) days after the completion of mailing of the Notice pursuant

9 to the Settlement Agreement. The Court shall rule on the validity of exclusions at the Fairness

10 Hearing.

11       13.    Anyone who falls within the Settlement Class definition and does not submit a

12 Request for Exclusion in complete accordance with the deadlines and other specifications set forth in

13 this Order and the Settlement Agreement shall remain a Settlement Class Member and shall be

14 bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

15       14.    Any Settlement Class Member who wishes to object to the proposed Settlement must

16 send or file an objection with this Court. Objections must contain all information described in the

17 Settlement Agreement. The envelope containing the Objection to the Settlement must be

18 postmarked on or before the date set forth in the Notice, which shall be forty-five (45) days after

19 completion of mailing of the Notice pursuant to the Settlement Agreement. Objections may

20 otherwise be filed within forty-five (45) days after completion of mailing of the Notice pursuant to

21 the Settlement Agreement. Only Settlement Class Members may object to the Settlement. A copy

22 of such papers being filed in support of any Objection shall also be mailed to Class Counsel and

23 Defense Counsel within the forty five (45) day period set forth herein.

24       15.    Any Settlement Class Member who does not submit an Objection to the Settlement

25 in complete accordance with this Order and the applicable provisions of the Settlement Agreement

26 shall not be permitted to object to the settlement.

27       16.    Any objecting Settlement Class Member may appear at the hearing on the fairness of

28 the proposed settlement (the "Fairness Hearing") held by the Court, in person or by counsel, to show

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF649686-1      -4-      Case No. 12-CV-05493 (TEH)
[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

1   cause why the Settlement Agreement should not be approved as fair, reasonable and adequate, or to

2   object to any petitions for attorney fees and reimbursement of litigation costs and expenses;

3   provided, however, that the objecting Settlement Class Member must mail or file with the Clerk of

4   the Court, a notice of intention to appear at the Fairness Hearing (a "Notice of Intention to Appear")

5   on or before the date set forth in the Notice, which shall be forty-five (45) days after the completion

6   of mailing of the Notice pursuant to the Settlement Agreement.  The Notice of Intention to Appear

7   must include all information and documents required by the Settlement Agreement.  Any Settlement

8   Class Member who does not provide a Notice of Intention to Appear in complete accordance with

9   the deadlines and other specifications set forth in the Settlement Agreement, and who has not filed

10  an Objection to the Settlement in complete accordance with the deadlines and other specifications

11  set forth in the Settlement Agreement, will be barred from speaking or otherwise presenting any

12  views at any Fairness Hearing.

13      17.    KCC shall also have the obligations otherwise enumerated in the Settlement

14  Agreement.

15      18.    Class Counsel shall file with the Court their petition for payment of attorneys' fees

16  and reimbursement of litigation costs and expenses no later than fourteen (14) days before the

17  expiration of the deadline for submitting opt-outs from and Objections to the Settlement Agreement.

18  This request shall be consistent with the provisions of Section 9 of the Settlement Agreement.

19      19.    Seven (7) days prior to the date set for the Fairness Hearing, Plaintiffs and MBUSA

20  shall file their briefs in support of settlement approval.  Any memoranda or other materials replying

21  to an Objection to the Settlement shall be filed with the Clerk of this Court concurrently.  Any such

22  reply may, but need not, be combined with the briefs in support of settlement approval.  Such

23  memoranda and other briefing shall be served on any other attorneys who have entered an

24  appearance in this proceeding, and on any member of the Settlement Class to whose Objection to the

25  Settlement the memoranda or other briefing responds.

26      18.    On _____, 2015, the Court will hold the Fairness Hearing.  It shall be held in

27  Courtroom 12 of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California

28  94102 at a time and place to be set forth in the Mailed Notice.  The Fairness Hearing may be

1 continued or rescheduled by the Court with notice to Class Counsel and Defense Counsel and to any

2 objecting Settlement Class Member who has filed a Notice of Intention to Appear in accordance

3 with Paragraph 16 of this Order.  At the Fairness Hearing, or as soon thereafter as practicable, the

4 Court will determine whether the proposed settlement is fair, reasonable, and adequate and should be

5 approved by the Court.  At the Fairness Hearing, the Court will also consider the amount of attorney

6 fees and expenses that should be awarded to Class Counsel.  If appropriate, the Court will issue a

7 Final Order and Judgment memorializing its decision, in the form contemplated by the Settlement

8 Agreement.

9      19.     Pending further orders by this Court, all proceedings in this case and all other cases

10 raising the same issues—including but not limited to *Dugas v. Mercedes-Benz USA, LLC*, Case No.

11 6:12-CV-2885 (W.D. La.)—shall be stayed, except for proceedings pursuant to this Order.  A stay is

12 warranted because it will conserve the parties' and various courts' resources, minimize interference

13 with this Court's ability to rule on the proposed Settlement, avoid the risk of conflicting results, and

14 preserve the Settlement for a short period of time while class members receive notice and evaluate

15 their options.  The proposed Settlement will provide substantial benefits to Plaintiffs and the Class

16 that will be jeopardized by ongoing competing cases covering overlapping subclasses; maintaining

17 the status quo protects the integrity of the Settlement, while the Court evaluates whether it is fair,

18 reasonable and adequate.  The Court also finds that having ongoing litigation in different fora while

19 this Settlement Agreement is pending is likely to raise conflicting obligations on the Settling Parties,

20 especially with regard to MBUSA's obligations regarding any extended period of warranty provided

21 for under this Settlement Agreement.  A standstill of litigation will be efficient, promotes the public

22 policy favoring settlement and aids resolution of claims on a nationwide basis, which is in the public

23 interest.

24      As directed in Paragraph 3, the nationwide class is provisionally certified, and all members

25 of the Settlement Class under the jurisdiction of this Court are enjoined from commencing and

26 thereafter prosecuting any action, suit, proceeding, claim, or cause of action (except those based on

27 or relating to personal injury or wrongful death), in any jurisdiction or court against Defendant or the

28 Released Parties relating to or arising out of the subject matter of this action until such time as the

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF649686-1      -6-     Case No. 12-CV-05493 (TEH)
[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

1  class is decertified or pursuant to further orders of this Court.

2      20.     Class Counsel and Defense Counsel are authorized to establish other means

3  necessary to effectuate the terms of the Settlement Agreement.

4      **IT IS SO ORDERED.**

5

6      Dated: _____, 2015

7                                        _____
                                         Hon. Thelton E. Henderson
8                                        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF649686-1                    -7-              Case No. 12-CV-05493 (TEH)

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT