# EXHIBIT 3 TO JOINT GRAIFMAN AND KATRIEL DECLARATION

Roy A. Katriel (265463)
**THE KATRIEL LAW FIRM**
4225 Executive Square, Suite 600
La Jolla, CA 92037
Tel:    (858) 242-5642
Fax:    (858) 430-3719
E-mail: rak@katriellaw.com

Gary S. Graifman, Esq. (*pro hac vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, NJ 07645
Tel:    (201) 391-7000
Fax:    (201) 307-1086
E-mail: ggraifman@kgglaw.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJEED SEIFI, TRACEY DEAKIN, AND RONALD REYNER, On Behalf Of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | Case No. 12-cv-5493-TEH<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ROY A. KATRIEL IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND EXPENSES TO THE KATRIEL LAW FIRM**<br><br>**Judge: Hon. Thelton E. Henderson<br>Courtroom: 2, 17th Floor<br>Hearing Date: August 17, 2015<br>Hearing Time: 10:00 am** |

I, Roy A. Katriel, hereby declare:

1. I am a principal at The Katriel Law Firm, and am counsel of record for Plaintiffs and the Class in the above-entitled action. I submit this declaration in support of the application for an award of attorneys' fees and reimbursement of expenses in connection with services rendered in the course of the litigation (the "Litigation") of the within action against Mercedes-Benz U.S.A., LLC ("MBUSA"). I am over the age of 21, have personal knowledge of the facts stated herein, and, if sworn as a witness, can competently testify to the facts stated herein.

2. In this action, The Katriel Law Firm acted as Co-Lead Counsel for the putative class in the Litigation and the individual Plaintiffs.

3. My firm was involved since the inception of this action. In 2012, Plaintiffs Tracey Deakin and Majeed Seifi contacted Co-Lead Counsel-- my Firm and my co-counsel, Gary S. Graifman, of the law firm of Kantrowitz, Goldhamer & Graifman, P.C. ("KGG"), respectively. Both had experienced the balance shaft defect and had been denied coverage by MBUSA under the applicable warranty. KGG and my firm had both investigated the issue prior to being contacted. The Katriel Law Firm thereafter undertook to further investigate the degree of the problem using various databases and research tools we have used in the past in other defective automobile class cases litigated and consulted with an expert. We confirmed that the problem was significant and that, under California law, certain claims could be asserted based on a number of grounds. Thereafter, together with our co-counsel, KGG, we undertook further investigation and formulation, drafting, research and finalization of the initial complaint. That complaint was finalized and filed on behalf of Mssrs. Deakin and Seifi October 24, 2012 in the Northern District of California.

4. As one of the Co-Lead Counsel for Plaintiffs and the putative class, the attorneys and staff of my firm were involved in performing a varied number of tasks including, the following, among others: preliminary investigation and review of the balance shaft gear and idle gear problem, the extent of the problem and proper warranty coverage and related issues, MBUSA's warranty and field inspection database and information capture systems; preparation of the initial complaint; legal research and briefing on the Defendant's motion to transfer, motions to dismiss and motion to strike; vetting of potential class representatives for potential multi-state classes; investigation and preparation of first

1

1  amended complaint; drafting and revising of various Joint Case Management Statements and Reports;
2  travel and attendance at Court conferences, oral argument and Court appearances; appearances via
3  teleconference at certain Court conferences; meetings with Defendant's counsel; preparing and
4  propounding discovery requests to Defendant; receipt and review of discovery requests from
5  Defendant; review of requests with client; preparation of responses to discovery demands of
6  Defendant; meet and confer on MBUSA's discovery issues with Defendant's counsel; meet and confer
7  on Plaintiffs' discovery issues with Defendant's counsel; negotiation and drafting of a proposed
8  stipulation re MBUSA's discovery issues; research issues of service on German parent company;
9  preparation of non-party subpoena schedules for MBUSA dealers; receive and review all documents
10 produced by Defendant in response to Plaintiffs' document production demands; review videos relating
11 to balance shaft gear replacement; categorize and organize all documents produced by Defendant;
12 preparation of materials for Depositions of Defendant's 30(b)(6) witnesses and organize and prepare
13 exhibits for depositions; conducting of deposition (with Co-Lead Counsel) in Montvale, New Jersey;
14 review of materials and preparation with client, Plaintiff Deakin, for deposition; attend and defend
15 deposition of Plaintiff Deakin; review deposition with Plaintiff Deakin and arrange to produce post-
16 deposition documents; receive and review third party subpoenas from Defendant for German Auto;
17 conferences with German Auto and review German Auto documents; prepare for deposition of German
18 Auto; prepare for deposition of Judy Deakin; Prepare and organize physical inspection of Deakin
19 vehicle; prepare and organize physical inspection of Deakin defective balance shaft gear; participation
20 in conferences among Co-Lead Counsel involving litigation strategies and prosecution; preparation,
21 legal research, review and revision of Plaintiffs' Motion for Partial Summary Judgment; preparation,
22 legal research, review and revision of portions of Plaintiffs' Motion to Compel; discussions with
23 Louisiana counsel; discussion with scores of putative class members; legal research and initial drafting
24 of class certification motion; draft, review, revise and finalize Second Amended Complaint; arrange
25 and prepare for the private mediation, including preparation of mediation briefing and exhibits; travel to
26 San Francisco and attendance at and participation in private mediation; conferences with Defendant's
27 counsel to organize potential settlement meetings; preparation of materials for further settlement
28 discussions; attendance with co-counsel at multiple settlement discussions with mediator and/or

defendant's counsel;  preparation, review and multiple revisions of settlement term sheet agreement; communications with Plaintiffs regarding settlement discussions and settlement proposals;  review and revisions of Settlement Agreement, class notices, preliminary approval order drafts and final approval order drafts;  preparation, research, drafting and finalization of Plaintiffs' brief and motion in support of preliminary approval and conditional certification of class; review objections and organize them; review of confirmatory discovery documents; preparation, research and initial drafting of final approval papers; coordination of class settlement administration; communications with claims administrator and defendant's counsel; email and phone communications with multiple class members regarding claims questions and issues; and, retain and consult with an expert metallurgist and materials science expert in this case.

  4.  As the principal at The Katriel Law Firm and Co-Lead counsel on this case, I argued each and every single adversarial motion in this action.  I also had primary responsibility for drafting either each and every motion and its reply brief, or any opposition brief to any motion filed by Defendant.  As Co-Lead counsel, I attended not only every single oral argument (and argued the case), but also appeared in person for every single Case Management Conference.  Aside from that, I was involved directly in discovery and was the attorney who took the deposition of Defendant's Rule 30(b)(6) Corporate designee, Daniel Edwards, in Montvale, New Jersey.   Similarly, I defended the depositions of Mr. Seifi and Ms. Seifi taken by Defendant in this action.  I had primary responsibility for handling the settlement discussions that eventually took place and ultimately led to the Settlement Agreement.  I drafted the Mediation Brief that was presented to Retired Magistrate Judge Infante in advance of the parties' mediation.  That mediation resulted in the classwide Settlement at that has been preliminarily approved by the Court, and the fee award being sought was proposed by Magistrate Judge Infante's Mediator's Proposal.

  5. In addition to my nearly 20 years' experience as a litigation attorney, I hold degrees in Applied Physics and Engineering from the University of Miami and Boston University, respectively. These technical degrees, as well as my years working in th engineering field prior to entering law school provided invaluable insight to understanding the technical and engineering concepts that underlie this case.  My law degree was earned from American University's Washington College of Law

3

*Seifi, et al. v. Mercedes-Benz USA, LLC*    Decl. of Roy A. Katriel re: Fees and Expenses
Case No.  12-cv-5493-TEH

in Washington, D.C., from which I graduated First in my Class and *summa cum laude*.  I am the co-author, along with the late Professor Paul R. Rice, of *Evidence: Federal Rules and the Common Law*, a legal textbook in use by numerous law schools across the country.   I was an Adjunct Professor of Law at American University's Washington College of Law where, for several years, I taught an advanced law school class on Expert Scientific Evidence.

6. Before I founded The Katriel Law Firm, I was a litigation associate for a number of years at the Washington, D.C. office of Arnold & Porter, a renowned, multi-national law firm.  There, I worked on several complex litigation matters involving product liability class actions, antitrust cases, and patent infringement actions.  Following my tenure at Arnold & Porter, I joined the law firm of Finkelstein, Thompson & Loughran in Washington, D.C., a class action litigation boutique firm doing only class action matters.   After spending several years at Finkelstein, Thompson & Loughran, I left to found The Katriel Law Firm some eight years ago.  The Katriel Law Firm was founded in Washington, D.C. Approximately four years after its founding and after several of its class action matters had been settled or otherwise resolved successfully, the firm opened its California office in the San Diego area.  I currently spend most of my time working at the San Diego office, returning to the D.C. office of The Katriel Law Firm as necessary.

7. In addition to my teaching, I have testified before the Advisory Committee on the Federal Rules of Evidence in connection with proposed amendments to those Federal Rules.  I have testified in courts across the country as an expert witness in a variety of product liability actions.  I have appeared as a panelist in numerous nationally televised programs, including CNN, Fox Business channels, and others, in connection with some of the class action matters that my firm was litigating at the time.

8. The Katriel Law Firm's practice is, and has always been, focused exclusively on plaintiffs' class action litigation.  I have litigated dozens of such class actions in the areas of product liability, antitrust, consumer fraud, and other complex matters.   Specifically, The Katriel Law Firm has litigated and settled a number of automobile defect consumer class actions.  Some of these recent automobile defect cases have included:

4

- *In re Navistar Diesel Engine Product Liab. Litig.*, No. 11-C2496, MDL 2223 (N.D. Ill.) (The Katriel Law Firm was a member of the Plaintiffs' Executive Committee in this Multidistrict Litigation involving dozens of law firms across the country);

- *Vizzi v. Mitsubishi Motors North America*, No. 08-cv-650-JVS (C.D. Cal.) (The Katriel Law Firm was co-lead counsel in this class action that settled on a nationwide class basis);

- *Holliday v. Volkswagen Group of America,* No. 04-cv-512 (D. Utah) (The Katriel Law Firm was lead counsel in this nationwide product defect class action that settled on nationwide class basis);

- *Davison v. Kia Motors of America,* No. 15-cv-239-CJC (C.D. Cal.) (The Katriel Law Firm is co-lead counsel in this ongoing nationwide class action);

6.  In the *In re Navistar Diesel Engine Litigation*, the settlement had many attributes which are also present herein. The alleged defect pertained to various components of the Navistar 6.0 L diesel engine that powered numerous Ford trucks. Numerous class actions against Navistar and Ford were filed across the country by approximately 40 or more plaintiffs' firms representing various putative state classes. My firm was appointed to be part of the Plaintiffs' Executive Committee. The case ultimately settled on a nationwide class basis in 2013, and similar to this settlement, that agreement provided for partial reimbursement as well as a provision for future repair obligation. The Court approved fees based on hourly rates of $750 for lead partners, such as was my role in that case.

8.  In this case, there has been intense phone and email contact sought by Class Members as a result of the notice disseminated in this Settlement. My staff and I receive daily emails or calls from Class members seeking assistance with or information about the settlement. Based on my prior experience with similar settlements, I expect that the level of calls and emails will only escalate after Final Approval is granted.

9.  In this case, I was assisted at my firm by one mid-level associate attorney, whom I hire on an as needed contractual basis, as well as by a paralegal and a legal secretary. My firm incurred a total of 1,343.00 hours in attorneys' billable time from the inception of the Litigation through the present. In addition, my firm incurred a total of 156 hours of paralegal time in this case, 123 hours of secretarial work, and 110.4 hours performed by summer interns. The hourly rates and lodestar of the attorneys

and other personnel from my firm who participated in the Litigation are as follows:

| NAME | HOURLY RATE | HOURS | LODESTAR[1] |
|---|---|---|---|
| Roy A. Katriel (P) | $795.00 | 1014.0 | $806,130.00 |
| Michael Hum (A) | $375.00 | 329.0 | $123,375.00 |
| Becky Kirrane (PL) | $195.00 | 156.0 | $ 30,420.00 |
| Kathy McDonald (LS) | $ 95.00 | 123.0 | $ 11,685.00 |
| Odell Svorai (Summ) | $ 75.00 | 139.8 | $ 10,485.00 |
| **TOTAL** | | | **$982,095.00** |

(P)=Partner, (SA)= Senior Associate, (A)=Associate, (PL)=Paralegal, (LS) = Legal Secretary, (Summ) = Summer Associate or Extern

10. The total lodestar for work performed by my firm in this case (inclusive of all paralegal and secretarial work) equals **$982,095.00**. This information was prepared from contemporaneous time records regularly maintained by my firm, which are available for in camera review at the Court's request. Time spent in preparing this declaration in support of my firm's application for an award of fees and reimbursement of expenses, and any other time related to billing or periodic time reporting, has not been included. A more detailed breakdown of the categories of time spent in this Litigation by The Katriel Law Firm is set forth in the chart compiling the Lodestar annexed hereto as Exhibit "A."

11. My firm incurred a total of **$30,245.88** in unreimbursed expenses in connection with the prosecution of the Litigation, broken down into categories in the chart attached hereto as Exhibit "B."

12. The expenses incurred pertaining to this case are reflected in the books and records of my firm. These books and records are prepared from expense vouchers and check records prepared in the normal course of business, and are an accurate record of the expenses incurred.

13. With respect to the standing of counsel in this case and each of the attorneys and paralegals therein, attached hereto as Exhibit "C" is a brief Firm Resume for The Katriel Law Firm.

I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

---

[1] Amounts are rounded to the nearest dollar.

1 | Executed on June 12, 2015, in La Jolla, California.
2 |                                                             /s/ Roy A. Katriel

7

*Seifi, et al. v. Mercedes-Benz USA, LLC*           Decl. of Roy A. Katriel re: Fees and Expenses
Case No.  12-cv-5493-TEH

8

*Seifi, et al. v. Mercedes-Benz USA, LLC*                                    Decl. of Roy A. Katriel re: Fees and Expenses
Case No.  12-cv-5493-TEH

# EXHIBIT A TO KATRIEL DECLARATION IN SUPPORT OF FEES AND REIMBURSABLE EXPENSES OF THE KATRIEL LAW FIRM

*SEIFI V. MERCEDES-BENZ USA*, LLC, No. 3:12-CV-5493-TEH

**THE KATRIEL LAW FIRM LODESTAR SUMMARY BREAKDOWN**

| Name | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Roy A. Katriel (P) |  | 37.5 | 335.75 | 0 | 59.5 | 211.5 | 27 | 145.25 | 114.5 | 37.5 | 22.5 | 1014 | $806,130 |
| Michael Hum (SA) | 4.75 |  | 14.25 |  | 77 | 112 | 16.75 |  | 11.25 |  | 93 | 329 | $123,375 |
| Becky Kirrane (PL) | 2.75 | 16.5 | 21.25 |  |  | 17.5 |  |  | 28.5 |  | 69.5 | 156 | $30,420 |
| Kathy McDonald (LS) |  |  |  |  |  |  |  |  |  |  |  | 123* | $11685 |
| Odell Svorai (Summ) | 39.5 |  | 21 |  |  | 36 |  | 6.5 | 11 |  | 6.3 | 19.5 | 139.8 | $10,485 |
| **TOTAL** |  |  |  |  |  |  |  |  |  |  |  |  | $982,095 |

Category Key

1. Investigation, research, and drafting original complaint
2. Conferences with counsel, clients, and class members
3. Motion practice—motion to dismiss, to strike, default judgment, Motion to compel, summary judgment
4. Removal motion (jurisdiction)
5. Investigation, research and drafting amended complaint
6. Discovery
7. Investigation, research, and drafting Second Amended Complaint
8. Settlement Negotiation Process and Documentation, & Settlement Briefing
9. Post-settlement documentation and briefing (prelim. approval, final approval, fees)
10. Preparation and drafting class certification motion
11. Class Certification Claims Administration Issues
* General legal secretarial duties

# EXHIBIT B TO KATRIEL DECLARATION IN SUPPORT OF FEES AND REIMBURSABLE EXPENSES OF THE KATRIEL LAW FIRM

*SEIFI V. MERCEDES-BENZ USA*, LLC, No. 3:12-CV-5493-TEH

### THE KATRIEL LAW FIRM EXPENSE SUMMARY

| Description | Amount |
|---|---|
| Legal Research Databases (Westlaw, LEXIS, PACER) | $7889.38 |
| Travel Expenses To/From Court Hearings, Depositions, and Mediation | $8813.25 |
| Copying Costs And Bates-Stamp Printing For Discovery Production | $898.75 |
| Mediation and Expert Witness Fees | $7985.00 |
| Court Reporter, Deposition and Court Transcripts | $4659.50 |
| **TOTAL EXPENSES** | **$30,245.88** |

# EXHIBIT C TO KATRIEL DECLARATION

# IN SUPPORT OF FEES AND REIMBURSABLE EXPENSES TO KATRIEL LAW FIRM

## THE KATRIEL LAW FIRM

**WASHINGTON, DC OFFICE**
1101 30th Street, NW  Suite 500
Washington, DC 20007
Telephone: (202) 625-4342
Facsimile: (202) 330-5593
email: rak@katriellaw.com

**SAN DIEGO, CA OFFICE**
4225 Executive Square, SUITE 600
La Jolla, CA 92037
Telephone: (858) 242-5642
Facsimile: (858) 430-3719
email: rak@katriellaw.com

### ABOUT OUR FIRM

The Katriel Law Firm is a law firm specializing in class action litigation.  We represent classes of litigants, primarily aggrieved consumers, in litigating their claims on a classwide basis, where litigating consumers' individual claims separately would prove to be unfeasible.  Our primary areas of focus are antitrust, consumer fraud/false advertising, and product liability class action litigation.  We have represented millions of class members in a variety of class action suits, and have successfully settled numerous class action lawsuits.

### PRACTICE AREAS

Our class action litigation practice focuses primarily on the areas of antitrust, consumer fraud/false advertising, and product liability litigation.  Occasionally, however, we litigate specific class action cases that fall outside the foregoing practice areas.

**Antitrust**

Antitrust law seeks to ensure that markets are subject to competitive forces in our free-enterprise system, and remain free from unlawful market manipulation devices like price-fixing, market allocation, monopolization, tying, and other agreements in restraint of trade.  By forbidding such practices, antitrust law ensures that businesses and ultimately consumers benefit from the fruits of competition—production of the best possible goods in a competitive market environment.  Our firm represents and has represented consumers in class action cases alleging that particular defendant manufacturers, sellers, or dealers have engaged in unlawful monopolization, price-fixing, market allocation, and other agreements in restraint of trade.

**Consumer Fraud/False Advertising**

A host of federal and state laws regulate fair market practices that protect consumers against unfair and deceptive business practices.  These unfair practices include false and deceptive advertising or marketing, false labeling, consumer fraud, violations of implied or express warranties, and violations of various statutory and regulatory requirements aimed at ensuring consumer protection.  Our firm represents and has represented consumers in class action cases who allege that they have been injured as a result of manufacturers' or sellers' unfair or deceptive business practices.

**Product Liability**

Product liability law, a subset of tort law, addresses the injury caused to users and purchasers of products that are defectively designed, manufactured, or improperly labeled.   Potential remedies for such violations may include compensatory money damages, statutory or punitive damages, as well as appropriate equitable or injunctive relief to remedy the harm caused by the allegedly defective product.  Our firm represents and has represented consumers in class action cases involving a whole host of industries and consumer products that are alleged to be defective.

## REPRESENTATIVE CLASS ACTIONS AND SETTLEMENTS

Sevier v. Time Warner Cable and Knight v. Time Warner Cable.  The Katriel Law Firm was lead counsel in this successful settlement of an antitrust class action lawsuit brought on behalf of millions of subscribers of Time Warner Cable high-speed Internet service.  The complaint alleged that defendants unlawfully tied the sale of their subscription service to the leasing of a cable modem device from defendants.  After zealous and successful litigation by The Katriel Law Firm, which included litigation before the United States Court of Appeals for the Second Circuit, the district court entered its final order approving a class action settlement benefiting the class.

Holliday v. Volkswagen of America.  The Katriel Law Firm was lead counsel in this successful settlement of a product liability class action lawsuit brought on behalf of owners and lessees of thousands of Volkswagen Jetta automobiles, who alleged that the electric seat heaters in the vehicles were defective.  After successful litigation by The Katriel Law Firm in federal district court, the court issued its final order approving the class action settlement.

King v. The Home Depot.  The Katriel Law Firm successfully settled this class action case in which plaintiffs alleged that Home Depot, Inc. deceptively allocated consumers' account payments in its "no payment no interest" store credit card.  After successful litigation by The Katriel Law Firm in federal court, and by other plaintiffs' firms in

various state courts, this matter was settled as part of a nationwide class action settlement that benefited the class.

Park v. The Thomson Corp., The Katriel Law Firm was lead counsel in this antitrust class action brought on behalf of hundreds of thousands of consumers of BAR/BRI bar examination preparation courses.  The case alleged antitrust claims for tying and monopolization.  After successful litigation in which The Katriel Law Firm was successful in defeating defendants' motion for summary judgment and in obtaining partial summary judgment in plaintiff's favor, a class action settlement was reached.

Schipaanboord v. Volkswagen of America, The Katriel Law Firm was lead counsel in this consumer product liability class action, which alleged defects in the 2000-2003 model year Volkswagen Passats for their alleged undue propensity to catch fire.  After successful litigation by The Katriel Law Firm, a class action settlement was reached that provided meaningful relief to all class members.

Conroy v. The 3M Corp., The Katriel Law Firm was co-lead counsel in this consumer federal antitrust class action that alleged that defendant monopolized the U.S. market for clear and transparent tape for home and office use.  After prolonged litigation, including an appeal to the United States Court of Appeals for the Ninth Circuit in which The Katriel Law Firm was lead counsel, a multi-million dollar, nationwide, class action settlement was reached.

Franz, Inc. v. Quantum Corp., The Katriel Law Firm was lead counsel in this consumer antitrust class action that alleged that defendants violated the Cartwright Act and California's Unfair Competition Law, stemming from their alleged conspiracy to restrain trade in the market for Digital Linear Technology Tapes.  After successfully obtaining class certification, The Katriel Law Firm negotiated a multi-million class action settlement.

Vizzi v. Mitsubishi Motors North America, Inc., The Katriel Law Firm was co-lead counsel in this product liability class action that alleged that the paint in certain model Mitsubishi was defective, causing it to delaminate prematurely and excessively. After successfully litigating the action, The Katriel Law Firm negotiated a multi-million dollar, nationwide class action settlement.

Sharlow v. Mitsubishi Motors North America, Inc., The Katriel Law Firm is co-lead counsel in this product liability putative class action that alleges that certain models of convertible Mitsubishi automobiles were equipped with a defective rooftop, causing it to tear or puncture excessively and prematurely.

In re Apple iPod iTunes Antitrust Litig., The Katriel Law Firm was appointed Co-Lead Class Counsel in this ongoing antitrust litigation brought on behalf of purchasers of digital music files from Apple's iTunes Music Store.  The Class Action Complaint alleges claims for unlawful tying and other antitrust offenses, stemming from Apple's

practice of barring iTunes Music files from being played on any portable digital music player other than an Apple iPod.

Estwick v. Mountains Reserve Conservation Authority: The Katriel Law Firm was Co-Lead Counsel in this class action complaint that challenges the Mountains Reserve Conservation Authority's ("MRCA") practice of issuing moving violation citations within MRCA parklands.

Dang v. San Francisco Forty-Niners, Ltd. et. al.: The Katriel Law Firm is Lead Counsel in this pending class action that challenges the NFL Teams' practice of licensing on a blanket and exclusive basis their teams' respective intellectual property for use in apparel.

Seifi v. Mercedes-Benz USA, LLC: The Katriel Law Firm is Co-Lead Counsel in this product liability class action that centers around allegations that certain engines of Mercedes-Benz vehicles had defective balance shaft gears that cause the engine to malfunction and require repair at a cost of several thousand dollars.

Stewart v. Gogo, Inc.: The Katriel Law Firm was Lead Counsel in this antitrust class action litigation that challenged the alleged exclusive dealing practices of Gogo Inc. in its dealing with various airlines for the provision of inflight internet services.  After successful litigation by The Katriel Law Firm and its co-counsel, the case settled.

Riva v. Pepsico Inc.: The Katriel Law Firm is counsel in this class action litigation challenging the presence of an alleged carcinogen, known as 4-MeI, in certain beverages sold by Pepsico.  The complaint seeks classwide medical monitoring as relief.

In re Navistar 6.0 L Powerstroke Diesel Engine Litig.: The Katriel Law Firm was appointed to the Plaintiffs' Executive Steering Committee in this nationwide MDL class action that involved dozens of Plaintiffs' class action law firms.  The action centered on allegations that Navistar's 6.0 L Powerstroke Diesel engine that powered certain Ford vehicles was defective.  After intensive litigation in the United States District Court for the Northern District of Illinois, the case was settled on a multi-million dollar classwide basis.

## **FIRM PRINCIPAL**

The Katriel Law Firm was founded and is headed by Roy A. Katriel.  Mr. Katriel graduated *summa cum laude* and First in His Class from American University's Washington College of Law in Washington, D.C.  Mr. Katriel also holds undergraduate degrees in Applied Physics and Biomedical Engineering from the University of Miami and Boston University, respectively.  He was the youngest person ever awarded a Bachelor of Science degree in Applied Physics from the University of Miami, graduating at the age of 18.  While at Boston University, Mr. Katriel interned at the Beth Israel Hospital, a teaching hospital affiliated with Harvard University's School of Medicine.  Prior to law school, Mr. Katriel testified as an expert witness in dozens of product liability and personal injury trials, depositions, and arbitrations.

Upon graduation from law school, Mr. Katriel joined the law firm of Arnold & Porter in Washington, D.C., a preeminent national law firm.  There he practiced product liability, patent, and antitrust litigation.  Thereafter, Mr. Katriel joined Finkelstein, Thompson & Loughran, a well-respected plaintiffs' class action boutique firm in Washington, D.C.  Following that tenure, Mr. Katriel established The Katriel Law Firm, with its initial office in Washington, D.C., and later expanding to a second office location in San Diego.  Mr. Katriel has also taught as an Adjunct Professor of Law at American University's Washington College of Law, teaching courses in Evidence as well as an advanced seminar in Expert Scientific Evidence.  He is co-author of *Evidence: Federal Rules and the Common Law*, published by Matthew Bender & Co. (owned by LexisNexis), a college textbook on Evidence, used by law schools across the country.

The quality of Mr. Katriel's and The Katriel Law Firm's representation has been recognized in numerous court opinions.  He has appeared as a panelist, or otherwise been featured or interviewed, on various media outlets, including CNN, USA Today, and others.