UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJEED SEIFI, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>MERCEDES-BENZ U.S.A., LLC,<br><br>      Defendant. | Case No. 12-cv-05493-TEH<br><br>**ORDER DENYING CHARLES M. KELLY'S MOTION TO INTERVENE AND CHANGE VENUE** |

This matter is before the Court on non-party Charles M. Kelly's motion to intervene, change venue, and object to the pending class action settlement. Mot. at 1 (Docket No. 189). The Court has received and considered the motion, as well as a response by Defendant Mercedes-Benz, U.S.A. ("MBUSA"). *See* Opp'n (Docket No. 191). The motion was not noticed for hearing, and the Court finds it suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). The Court hereby DENIES Mr. Kelly's motion for the reasons set forth below.

First, Mr. Kelly's motion was improperly filed. The Federal Rules of Civil Procedure require that a motion to intervene be served on the parties. Fed. R. Civ. P. 24(c). Mr. Kelly did not serve his motion. Opp'n at 9. Instead, it appears that he (or his counsel)[1] mailed the motion to the Court, and the parties became aware of the motion through the clerk's entry of it on the electronic docket. *Id.* Nor does the motion comply with any of the requirements of Civil Local Rules 7-1 and 7-2: it does not notice a hearing; it does not comply with any of the requirements of form; and it does not include a proposed order or any affidavits or declarations.

---

[1] Mr. Kelly's motion was sent in an envelope with a return address of the "Law Offices of Schwartz and Zona" in Naples, Florida. Mot. at 2. However, no attorney has entered an appearance on his behalf, and his motion is only signed by Mr. Kelly personally. *See* Mot. at 1.

1    Second, Mr. Kelly has not shown that his motion to intervene should be granted.
2 Mr. Kelly claims that he is an "owner of [a] 2006 MB SLK 280" who "has suffered
3 mechanical failure and physical injury as a result of engine malfunction in his SLK280."
4 Mot. at 1. This is the entirety of his argument for intervention. There are no citations, no
5 further arguments, and no declarations in evidence.

6    Intervention may either be required as of right or permissive. Fed. R. Civ. P. 24(a)-
7 (b). Intervention as of right is required where a party: has timely moved to intervene; has a
8 significantly protectable interest relating to the subject of the action; whose ability to
9 protect that interest will be impaired or impeded by the disposition of the action; and is not
10 adequately represented by existing parties. Fed. R. Civ. P. 24(a); *Arakaki v. Cayetano*, 324
11 F.3d 1078, 1083 (9th Cir. 2003). Permissive intervention may be appropriate where a
12 party: has timely moved to intervene; shows an independent ground for jurisdiction; and
13 has a question of fact or law in common with the action. *S. Cal. Edison Co. v. Lynch*, 307
14 F.3d 794, 803 (9th Cir. 2002). However, even where these threshold requirements are met,
15 the court has discretion to deny permissive intervention. *Id.*

16    Here, Mr. Kelly has not shown either that he is entitled to intervene as of right, or
17 that he should be granted permissive intervention. He has not shown how filing the motion
18 after preliminary approval and within two months of the final approval hearing is timely,
19 when this case has been pending for three years. *See Zamora v. Ryder Integrated*
20 *Logistics, Inc.*, No. 13-cv-2679-CAB, 2014 WL 9872803, at *2 (S.D. Cal. Dec. 23, 2014);
21 *In re Wachovia Corp. "Pick-A-Payment" Mortg. Marketing and Sales Practices Litig.*, No.
22 09-md-2015-JF, 2011 WL 1877630, at *6 (N.D. Cal. May 17, 2011).

23    Nor has Mr. Kelly shown that he has a significantly protectable interest at stake that
24 was related to this action. Mr. Kelly stated that he suffered injuries as the result of "engine
25 malfunction" in his Mercedes-Benz SLK 280. He provided no evidence regarding the type
26 of engine malfunction that he alleges occurred in his vehicle; the Court therefore cannot
27 determine whether his alleged injuries are related to the balance shaft dispute at issue in
28 this case.

2

1    Furthermore, the Court finds that Mr. Kelly's ability to protect his interests will not
2  be impaired or impeded by denying his motion to intervene, and that he is adequately
3  represented by the named Plaintiffs.  If Mr. Kelly seeks relief for problems with his vehicle
4  related to the balance shaft at issue in this litigation, then he could either proceed as a
5  member of the class (if he is a valid member), or he could opt-out – either way, the action
6  will not impede his interests in that regard.  To the extent that Mr. Kelly seeks relief for
7  physical injuries or for problems with his vehicle that are not related to the balance shaft at
8  issue in this case, such claims are excluded from those released by the Settlement
9  Agreement.  Settlement Agreement ¶ 1.21 (Docket No. 142-2); *see also* Joint Statement at
10 7 (Docket No. 147).

11   For the reasons stated above, Mr. Kelly has not demonstrated his entitlement to
12 intervene as of right.  For similar reasons, the Court declines to grant him permissive
13 intervention.  Mr. Kelly has not shown that his motion was timely, or that he has an
14 independent basis for jurisdiction, or that he actually has a question in common with the
15 class.

16   Finally, Mr. Kelly requests that the Court transfer the case to the Middle District of
17 Florida, "because his vehicle was sold in [F]lorida, bought in Florida and all parties do
18 business in Florida."  Mot. at 1.  However, while the Court may transfer a case to another
19 district where the case could have been brought "[f]or the convenience of parties and
20 witnesses, [and] in the interest of justice," 28 U.S.C. § 1404(a), Mr. Kelly does not actually
21 show, with any evidence, that this case could have been brought in the Middle District of
22 Florida, or that the parties in this case, including the named Plaintiffs and other class
23 members, would find the Middle District of Florida to be more convenient.
24 ///
25 ///
26 ///
27 ///
28 ///

3

For the reasons set forth above, Mr. Kelly's motion to intervene and transfer venue to the Middle District of Florida is hereby DENIED. Defendant MBUSA shall serve this order on Mr. Kelly, and shall file proof of service with the Court no later than one week after entry of this order.

**IT IS SO ORDERED.**

Dated: 07/29/15

_____
THELTON E. HENDERSON
United States District Judge