Roy A. Katriel (265463)
**THE KATRIEL LAW FIRM**
4225 Executive Square, Suite 600
La Jolla, CA 92037
Tel:     (858) 242-5642
Fax:     (858) 430-3719
E-mail: rak@katriellaw.com

Gary S. Graifman, Esq. (*pro hac vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, NJ 07645
Tel:     (201) 391-7000
Fax:   (201) 307-1086
E-mail: ggraifman@kgglaw.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAJEED SEIFI, TRACEY DEAKIN, and RAYMOND REYNER, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | Case No. 12-CV-05493 (TEH)<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**Hon. Thelton E. Henderson**<br>**Courtroom: 2, 17th Floor**<br>**Hearing Date:  August 17, 2015**<br>**Hearing Time: 10:00 am** |

1    Plaintiffs' Motion for Final Approval of Class Action Settlement was heard by the Court

2    on August 17, 2015, at 10:00 a.m.  Appearances were noted for the record.  The Court has

3    reviewed the materials submitted by the parties and has heard arguments presented at the hearing.

4    For the reasons cited on the record as well as those stated hereinafter, the Court finds and orders as

5    follows:

6    The Court, having considered the documents filed by the Parties in connection with the

7    class action settlement and the arguments of counsel, hereby grants final approval of the

8    Settlement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

9    1.    The Settlement Agreement is incorporated herein by reference, and except as

10   otherwise specified, the Court for purposes of this Final Approval Order adopts all defined terms

11   set forth in the Settlement Agreement.

12   2.    This Court has jurisdiction over the subject matter of this litigation and all claims

13   raised in this action and released in the Settlement Agreement, and personal jurisdiction over

14   Plaintiffs, MBUSA and all Settlement Class Members.

15   3.    Pursuant to this Court's Preliminary Approval Order filed April 8, 2015, Dkt. 149,

16   the Notice of Pendency and Proposed Settlement of Class Action ("Notice") was mailed by first-

17   class mail on May 13, 2015, to 579,578 Class  Members.  Notices that were initially returned

18   undeliverable were re-mailed to new addresses determined after investigation.  The Notices

19   advised the Class Members of the pertinent terms of the proposed settlement, namely, the claims

20   to be resolved by way of the settlement, the consideration for past claims and extended warranty

21   for future claims, the proposed class representative incentive awards and the maximum amount for

22   attorney's fees and litigation costs.  It further informed the Settlement Class Members of the

23   manner in which to request exclusion or to object to the Settlement, the deadlines for each, and

24   their right to appear in person or by counsel at the final approval hearing.  A second deadline for

25   exclusion and objections was provided in the remail notices to allow those who did not initially

26   receive the Notice additional time to consider the Settlement.  Adequate periods of time were

27   provided for each of these procedures as set forth in the Settlement Agreement approved by this

28

1   Court.

2       4.      Also in compliance with the Court's Preliminary Approval Order, the Settlement

3   Administrator caused an informational settlement website to be established at

4   www.BalanceShaftSettlement.com on May 13, 2015.  The website allows the public opportunity

5   to review the Settlement Agreement, the Court's Preliminary Order, the Notice, and to validate

6   whether they have a vehicle within the class of vehicles at issue, and to download a Claim Form.

7   The website also provides background and answers to common questions about the Settlement,

8   deadlines, and ongoing updates to the class regarding the status of Settlement approval and

9   whether the Effective Date has come to pass.

10      5.      The Court finds and determines that this notice procedure afforded adequate

11  protections to Settlement Class Members and provides the basis for the Court to make an informed

12  decision regarding approval of the Settlement based on the responses of the Settlement Class

13  Members.  The Court finds and determines that the notice provided in this case was the best notice

14  practicable, which satisfied the requirements of law and due process.

15      6.      As of the date of this hearing, there were 19 objections filed with the Court

16  (counting as one objection, the original filed and then refiled objection of Mr. Fanciullo at Dkts.

17  164 and 183), as well as ~~17~~ **19** letters filed with the Court that did not comply with the objection

18  requirements or assert specific substantive grounds for objection.  *See* Dkts. 152, 153, 154, 156,

19  157, 158, 159, 162, 170, 175, 177, 180, 181, 188, 190, 193, ~~and~~ 194, **and 204**.  To the extent any

20  of these letters could be construed as an objection, they are overruled.

21      7.      After consideration of each of the objections, as well as the various letters filed

22  with the Court, the Objections are overruled.

23      8.      Many objectors argued for more consideration or additional time in the extended

24  warranty in one form or another.  But "[s]ettlement is the offspring of compromise; the question

25  we address is not whether the final product could be prettier, smarter or snazzier, but whether it is

26  fair, adequate and free from collusion."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir.

27  1998).  Moreover, the settlement must be evaluated by "[w]eighing the uncertainty of relief

28

against the immediate benefit provided in the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005).  Liability was hotly contested and the Court finds the compromise here provides substantial benefits to Settlement Class Members now, instead to waiting years to adjudicate claims that are subject to dispute.

9.     The percentage of replacement costs reimbursed or to be paid by MBUSA for future repairs was determined by a vigorously-disputed and highly-negotiated schedule according to the number of miles driven or the amount of time the subject vehicles have been on the road.  In negotiations over the portion of the replacement costs to be reimbursed/covered under the Settlement, plaintiffs faced real litigation risk from MBUSA's defenses.  Plaintiffs acknowledge these challenges (*see* Dkt. 166 at 3:17-19, 23:2-7), and in light of these risks, the Settlement's reimbursement and extended warranty schedules are reasonable and a fair compromise for the Class.  The objections of Ford (Dkt. 160), Criswell (Dkt. 151), Davidson (Dkt. 172), Fanciullo (Dkts. 164/183), Pawlikowski (Dkt. 176), Askew (Dkt. 184), Dager (Dkt. 163), Nelson (Dkt. 174), Caggan (Dkt. 187) and Lindo (Stegeman Decl. Ex. A) are overruled.

10.     "Age and mileage limitations are common in automotive defect cases, and reflect manufacturers' strong arguments that vehicles ordinarily fail after a number of years or miles due to wear and tear." *Aarons v. BMW of N. Am., LLC*, 2014 WL 4090564, at *12 (C.D. Cal. Apr. 29, 2014); *see also Alin v. Honda Motor Co.*, 2012 WL 8751045, at *15 (D.N.J. Apr. 13, 2012) ("The parties weighed the obligation to cover those damages against the reality that Honda cannot act as a perpetual insurer for all compressor breakdowns, and they ultimately settled on a sliding scale that ends at eight years and 96,000 miles . . . . It was reasonable to exclude older, more traveled vehicles from coverage . . . .").  The Court also finds this Settlement is similar to other approved automotive class action settlements, which overruled the same types of objections.  *See, e.g.*, *Milligan v. Toyota Motor Sales, U.S.A., Inc.*, 2012 WL 10277179 (N.D. Cal. Jan. 6, 2012); *Eisen v. Porsche Cars N. Am., Inc.*, 2014 WL 439006 (C.D. Cal. Jan. 30, 2014); *In re Nissan Radiator/ Transmission Cooler Litig.*, 2013 WL 4080946 (S.D.N.Y. May 30, 2013); *Henderson v. Volvo Cars of N. Am., LLC*, 2013 WL 1192479 (D.N.J. Mar. 22, 2013).  Time/mileage limitations are

inherent to automotive settlements that are regularly approved by courts, and the limitations here represent a compromise that was negotiated at arms'-length through a venerated mediator by experienced counsel after extensive discovery and consultation with their experts. **The Court further finds that the Settlement's provision of compensation for qualifying past repairs sufficiently addresses the objection raised by Ms. Caggan's counsel at the hearing, and by other objecting class members in their letters, that the Settlement's time and mileage limitations will preclude a third of the class from obtaining any recovery. These objections fail to recognize the real and substantial benefit that reimbursement for qualifying past repairs will provide to class members for whom the time and mileage restrictions would otherwise apply. Only class members whose vehicles did not experience the alleged defect within the time and mileage restrictions will be prevented from recovering under the Settlement, a result which the Court finds to be fair.** The objections of Lee (Dkt. 150), Davidson (Dkt. 172), Kramer (Dkt. 182), Dager (Dkt. 163), Nelson (Dkt. 174), Dannov (Dkt. 161**/ Stegeman Decl. Ex. H**), Fanciullo (Dkt. 164/183), ~~and~~ Caggan (Dkt. 187)**, and Boughn (Stegeman Decl. Ex. G)** are overruled.

11.     The Court does not find Dager's characterization of the benefits as illusory well-taken and overrules the objection. Dkt. 163. Despite providing more than 8 years and a significant number of miles of driving benefits, a recovery of 37.5% the cost of a balance shaft replacement "provides significant monetary relief to class members in relation to the value of their claims and the risks of this litigation." *See Gascho v. Global Fitness Holdings, LLC*, 2014 WL 1350509, at *21 (S.D. Ohio Apr. 4, 2014).

12.     The Court also finds the $4,000 repair cost cap for repairs that were not made by an authorized Mercedes-Benz repair shop, by technicians trained, certified and supported by MBUSA to be fair, reasonable, and adequate. For these reasons and because Morales (Dkt. 186) does not provide evidence that a non-Mercedes repair facility properly has charged him more, his objection is overruled.

13.     There is no basis to believe a recall would be an appropriate remedy in this case.

Among other things, there is no evidence that the National Highway Transportation Safety Administration opened an investigation for a possible recall. It is also questionable whether a recall could be ordered by a court as a remedy to a lawsuit, instead of by NHTSA.  The Askew (Dkt. 184) and Morales (Dkt. 186) objections are overruled.

14.     The diminished value objections (Frates (Dkt. 173), Zmudzin (Dkt. 178), Garland (Stegeman Decl. Ex. B) and Brown (Dkt. 185)), are overruled for lack of concrete evidence of a claim, and because "[w]hen a settlement is fair, reasonable, and adequate to the class as a whole […] objections that apply only to an individual class member are insufficient to defeat the settlement." *American Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, 2012 WL 651727, at *11 (N.D. Ill. Feb. 28, 2012) ("*AIG*").  "Without doubting the strength of their particular claims, diminution in value cases face significant obstacles regarding proof.  Here, it was reasonable for the parties to focus on enhanced warranty benefits and the provision of monetary compensation for class members who could document out-of-pocket repair costs." *Milligan*, 2012 WL 10277179, at *7 (citing *Vaughn v. Am. Honda Motor Co.*, 627 F. Supp. 2d 738, 749 (E.D. Tex. 2007) ("[i]t does not make the settlement unfair or unreasonable that the class has to release speculative claims for diminution in value")); *see also Eisen*, 2014 WL 439006, at *8 (overruling objections relating to diminution claims); *In re Nissan*, 2013 WL 4080946, at *14 (same).  The unique and highly hypothetical circumstances of these few objectors do not warrant rejection of the substantial benefits to hundreds of thousands of class members.  Moreover, if these objectors wanted to litigate their claims, they had the option to exclude themselves from the Settlement.  *AIG*, 2012 WL 651727, at *11.

15.     The Court finds it is relatively simple to determine class membership, and the one-page Claim Form is easy to fill out with reasonable requirements for supporting documentation. The Notice Plan and claims process comply with due process and the requirements of Rule 23. Fanciullo's objections (Dkts. 164/183) are overruled.

16.     The additional claims and causes of action proffered by Foust, Dager, and Nelson are subsumed by the claims made by the representative Plaintiffs, and arise from the same nucleus

1   of operative facts.  *See Hanlon*, 150 F.3d at 1020 ("[R]epresentative claims are 'typical' if they are

2   reasonably co-extensive with those of absent class members; they need not be substantially

3   identical."); *In re LDK Solar Secs. Litig.,* 255 F.R.D. 519, 532 (N.D. Cal. 2009).  Some of the

4   claims these objectors had argued for (e.g., common law fraud or Lemon Law violations) are not

5   the proper subject of classwide litigation or classwide relief and hence were appropriately not

6   included in this action.  The Court finds the representative Plaintiffs adequately represent the

7   claims set forth by Foust (Dkt. 192), Dager (Dkt. 163), and Nelson (Dkt. 172), and their objections

8   are overruled.

9        17.     Lindo (Stegeman Decl. Ex. A) and Garland (Stegeman Decl. Ex. B) were never

10  filed, and Foust's objection (Dkt. 192)**, Boughn's (Stegeman Decl. Ex. G), and Dannov's**

11  **second objection (Stegeman Decl. Ex. H)** ~~was~~ **were** untimely.  Kelly (Dkt. 189) and Foust (Dkt.

12  192) failed to provide complete Vehicle Identification Numbers for their subject vehicles.  Askew

13  (Dkt. 184), Frates (Dt. 173), and Kelly (Dkt. 189) do not provide dates of ownership for their

14  respective vehicles.  Askew (Dkt. 184), Caggan (Dkt. 187), Frates (Dkt. 173), Kelly (Dkt. 189)

15  and Lee (Dkt. 150) do not include statements that they have read the class definition, they

16  understand they are Class Members, and that they have not opted-out.  While the Court has

17  considered and overruled these objections on the merits above, the objections are separately

18  overruled for failing to comply with the requirements set forth in the Preliminary Order and Notice

19  of Pendency of Settlement.  *See Nwabueze v. AT&T Inc.*, 2013 WL 6199596, at *7 (N.D. Cal.

20  Nov. 27, 2013), *appeal dismissed* (9th Cir. Mar. 19, 2014).

21        18.     Kelly (Dkt. 189) does not set forth any factual or legal basis for an objection.

22  Objectors must raise "cogent factual objections to the settlement."  *Weinberger v. Kendrick*, 698 F.

23  2d 61, 79 (2d Cir. 1982), *cert. denied*, 464 U.S. 818 (1983).  The objection is overruled.

24        19.     The Court addresses Plaintiffs' motion for attorneys' fees, objections thereto, as

25  well as Plaintiffs' request for costs, and the class representative service awards in a separate order.

26        20.     LaMar (Dkt. 179) does not make cognizable objection, where she sought to avoid

27  the cost of a diagnostic testing of her car if it was found she did not need a balance shaft

28

1  replacement.  She had warranty coverage for the repair.  If she sought diagnosis and did not have

2  the alleged defect, she is unclear how she could make a claim for damages.  Her objection is

3  overruled.

4      21.    The Court finds and determines that the terms of the Settlement are fair, reasonable

5  and adequate to the Settlement Class, that the Settlement is ordered finally approved, and that all

6  terms and provisions of the Settlement should be and hereby are ordered to be consummated.  The

7  Court finds that Plaintiffs faced significant risks in litigating this case; but that the Settlement

8  provides a fair amount of relief for Settlement Class Members' federal and state consumer

9  protection claims given the strength of those claims.  The Court also finds that the Settlement

10  Agreement was reached as a result of informed and non-collusive arms'-length negotiations

11  through a respected and capable mediator.  In addition to the reasons set forth in the Court's

12  statements in the Preliminary Approval Order (Dkt. 149) and above, the fact that only 19

13  Settlement Class Members out of nearly 600,000 filed objections, and that very few Settlement

14  Class Members opted out, further supports the Court's finding that the Settlement is fair,

15  reasonable, and adequate.

16      22.    The Parties are hereby ordered to comply with and carry out the terms of the

17  Settlement Agreement.

18      23.    Solely for purposes of effectuating this Settlement, this Court certifies a Settlement

19  Class consisting of persons who meet the following criteria:

20      All current and former owners and lessees of Mercedes-Benz branded
        automobiles equipped with M272 or M273 engines bearing serial numbers up to
21      2729..30 468993 or 2739 ..30 088611, found in the Subject 2005 – 2007 Model
        Year Vehicles respectively (the "Subject Vehicles"), who purchased or leased
22      their Subject Vehicles within the United States.

23      Excluded from the Settlement Class are:  Persons who validly and timely exclude
        themselves; Persons who have settled with, released, or otherwise had claims
24      adjudicated on the merits against MBUSA that are substantially similar to those
        alleged in this matter; Persons with only claims relating to personal injury,
25      wrongful death or property damage (relating to property other than the Subject
        Vehicles) as a result of the defects alleged; employees of MBUSA; insurers or
26      other providers of extended service contracts or warranties for the vehicles owned
        by settlement class members; and the Honorable Thelton E. Henderson and the
27      Honorable Jacqueline Scott Corley and members of their respective families.

28

24.     This class was provisionally certified in the Preliminary Approval Order, Dkt. 149. With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds and concludes that: (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class which predominate over any individual issues; (c) the claims of Class Representatives Majeed Seifi, Tracey Deakin, and Raymond Reyner are typical of the claims of the members of the Class; (d) each Class Representative has fairly and adequately protected the interests of the members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, *i.e.*, Class Counsel, are qualified to serve as counsel for Plaintiffs in their individual and representative capacities and for the Settlement Class.  The Court's findings are based on Plaintiffs' motions for preliminary approval and final approval, and on the fact that Defendant has not opposed class certification for the limited purpose of the Settlement.  The Court further recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes.

25.     At their request, the individuals who sought exclusion from the Settlement Class on a timely basis as identified in the Supplemental Declaration of Lacey Racines re Notice Procedures, Exhibit A, are excluded from the Settlement Class.  The parties do not object to requested exclusions by individuals who filed untimely exclusion requests, including those individuals listed in Exhibit B to the Supplemental Declaration of Lacey Racines re Notice Procedures.  Those individuals listed in Exhibit B are also excluded from the Settlement Class.

26.     The Settlement Agreement is not an admission by MBUSA or by any other Released Party, nor is this order a finding of the validity of any allegations or of any wrongdoing by Defendant or any Released Party.  Neither this order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or

1   liability whatsoever by or against MBUSA or any of the other Released Parties.

2        27.     All Settlement Class Members were given a full and fair opportunity to participate

3   in the Final Approval Hearing, and all members of the Settlement Class wishing to be heard have

4   been heard.  Members of the Settlement Class also have had a full and fair opportunity to exclude

5   themselves from the Settlement and the Settlement Class.  Accordingly, every Settlement Class

6   Member, except for those excluded from the Settlement Class as defined above, shall be bound by

7   the Settlement Agreement and be deemed to release and forever discharge all Released Claims and

8   as outlined in Sections 4.10-4.17 of the Settlement Agreement.  To effectuate the Settlement, the

9   Court hereby orders that all Class Members who did not timely exclude themselves from the

10  Settlement are barred, enjoined, and restrained from commencing, prosecuting, or asserting any

11  Released Claim against MBUSA or any other Released Party.

12       28.     The Court retains jurisdiction over the administration and effectuation of the

13  Settlement.

14       29.     The Court enters judgment and dismissal of the entire action with prejudice, as of

15  the filing date of entry of this final order.

18  **IT IS SO ORDERED.**

20  Dated:  08/17/15

_IT IS SO ORDERED_
_AS MODIFIED_
Judge Thelton E. Henderson

_____
HON. THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

Case No. 12-CV-05493 (TEH)
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT