Roy A. Katriel (265463)
**THE KATRIEL LAW FIRM**
4225 Executive Square, Suite 600
La Jolla, CA 92037
Tel:   (858) 242-5642
Fax:   (858) 430-3719
E-mail: rak@katriellaw.com

Gary S. Graifman, Esq. (*pro hac vice*)
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, NJ 07645
Tel:   (201) 391-7000
Fax:  (201) 307-1086
E-mail: ggraifman@kgglaw.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAJEED SEIFI, TRACEY DEAKIN, and RAYMOND REYNER, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | Case No. 12-CV-05493 (TEH)<br><br>**[PROPOSED] ORDER GRANTING AWARD OF ATTORNEYS FEES, REIMBURSEMENT OF EXPENSES AND CLASS REPRESENTATIVE AWARD**<br><br>**Hon. Thelton E. Henderson<br>Courtroom: 2, 17th Floor<br>Hearing Date:  August 17, 2015<br>Hearing Time: 10:00 am** |

Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, Incentive Award to Class Representatives, was heard by the Court on August 17, 2015, at 10:00 a.m. The Court has reviewed the materials submitted by the parties and has heard arguments presented at the hearing. For the reasons cited on the record as well as those stated hereinafter, the Court finds and orders as follows:

The Court, having considered the documents filed by the Parties in connection with the class action settlement and the arguments of counsel, hereby grants final approval of the Settlement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1. The Settlement Agreement is incorporated herein by reference, and except as otherwise specified, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over Plaintiffs, MBUSA and all Settlement Class Members.

3. Pursuant to this Court's Preliminary Approval Order filed April 8, 2015, Dkt. 149, the Notice of Pendency and Proposed Settlement of Class Action ("Notice") was mailed by first-class mail on May 13, 2015, to 579,578 Class Members. Notices that were initially returned undeliverable were re-mailed to new addresses determined after investigation. The Notices advised the Class Members of the pertinent terms of the proposed settlement, including, inter alia, the amount of attorney's fees and litigation costs that Class Counsel would seek and the proposed class representative incentive awards. It further informed the Settlement Class Members of the manner in which to request exclusion or to object to the Settlement, the deadlines for each, and their right to appear in person or by counsel at the final approval hearing. A second deadline for exclusion and objections was provided in the remail notices to allow those who did not initially receive the Notice additional time to consider the Settlement. Adequate periods of time were provided for each of these procedures as set forth in the Settlement Agreement approved by this Court.

4. Also in compliance with the Court's Preliminary Approval Order, the Settlement Administrator caused an informational settlement website to be established at www.BalanceShaftSettlement.com on May 13, 2015. The website allows the public opportunity to review the Settlement Agreement, the Court's Preliminary Order, the Notice, and to validate whether they have a vehicle within the class of vehicles at issue, and to download a Claim Form. The website also provides background and answers to common questions about the Settlement, deadlines, and ongoing updates to the class regarding the status of Settlement approval and whether the Effective Date has come to pass.

5. The Court finds and determines that this notice procedure afforded adequate protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement and an award of attorneys' fees, reimbursement of expenses and incentive awards, based on the responses of the Settlement Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6. As of the date of this hearing, there were 19 objections filed with the Court (counting as one objection, the original filed and then refiled objection of Mr. Fanciullo at Dkts. 164 and 183), as well as ~~17~~ **19** letters filed with the Court that did not comply with the objection requirements or assert specific substantive grounds for objection. *See* Dkts. 152, 153, 154, 156, 157, 158, 159, 162, 170, 175, 177, 180, 181, 188, 190, 193, ~~and~~ 194**, and 204**. To the extent any of these letters could be construed as an objection to the Award of Attorneys' Fees and Reimbursement of expenses, they are overruled. No Objection was made to the request for an incentive award to the class representatives.

7. The Court has determined by separate Order that the terms of the Settlement are fair, reasonable and adequate to the Settlement Class, that the Settlement is finally approved, and that all terms and provisions of the Settlement are Ordered to be consummated. The Court finds that Plaintiffs faced significant risks in litigating this case; but that the Settlement provides a fair amount of relief for Settlement Class Members' federal and state consumer protection claims

given the strength of those claims. The Court also finds that the Settlement Agreement was reached as a result of informed and non-collusive arms'-length negotiations between experienced and capable counsel for the parties, and through a respected and capable mediator.

8. Class Counsel request that the Court grant approval of the requested award of Counsel Fees in the sum of Two Million Four Hundred Eleven Thousand Eight Hundred Eighty Two Dollars ($2,411,882). This request is not opposed by Defendant Mercedes-Benz USA, LLC. It appears that utilizing the percentage-of-fund method of calculation, the requested Counsel Fee is well below the twenty five percent (25%) benchmark recognized in the Ninth Circuit. For cases using the percentage-of-the-fund method, twenty five percent (25%) of the overall figure is considered a "benchmark award for attorneys' fees." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998). The negotiated Counsel Fees amount here appear to be approximately ten percent (10%) of the value of the benefit conferred in this matter and is therefore well below the benchmark and is fair and reasonable. The award is also comparable to, or less than, fee awards in other similar automotive defect class action settlements. *See, e.g., Parkinson v. Hyundai Motor America*, 796 F. Supp.2d 1160, 1165 (C.D.Ca. 2010) (awarding $ 3.7 million for settlement of defective flywheel transmissions where class members received 50%-100% in cash reimbursement of repair based on mileage at the time of repair); *Sadowska v. Volkswagen Group of Am.*, No. CV-11-00665-BRO, Dkt. No. 127 (C.D. Cal. Sep. 25, 2013) (awarding $2.2 million in fees to counsel who obtained a new warranty for transmission parts for the class); *Falk v. General Motors Corp.*, No. C07-0291-JCC (W.D. Wash. Nov. 7, 2008) (approving fees of $2.372 million on a settlement providing for a 7 year/70,000 mile warranty for repair and replacement of defective speedometer); *Browne v. American Honda Motor Co., Inc.*, No. CV 09-06750 (C.D. Cal. 2010) (awarding $2 million in fees for settlement authorizing partial reimbursement to class members for costs of replacing brake pads); *Alin v. Honda Motor Co.*, No. 08-4825 (D.N.J. 2012) (awarding $2.515 million in fees after counsel obtained a settlement providing for reimbursement of certain repairs on an air conditioning part).

9. A lodestar cross-check independently confirms that the negotiated fee is reasonable. Plaintiffs' Counsel's total lodestar amounts to $1,884,015.00, as documented in the Joint

-3-     Case No. 12-CV-05493 (TEH)
[PROPOSED] ORDER GRANTING **AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND CLASS REPRESENTATIVE AWARD**

Declaration of Gary S. Graifman and Roy A. Katriel, Class Counsel, in Support of Approval of Class Settlement and Award of Attorneys' Fees, filed on June 12, 2015 [ECF No. 165-5]. The attorney hourly billing rates documented in that Joint Declaration are reasonable and consistent with the hourly rates of similarly qualified and experienced attorneys in this district.  Thus, this lodestar amount confirms the reasonableness of the requested fee previously calculated to be approximately 9.84 percent of the common Settlement benefit. Applying a modest 1.28 multiplier to the lodestar makes the fee award calculated by the lodestar method coincide with the fee amount calculated by resort to the percent-of-the-benefit approach.

10.  Class Counsel also requests reimbursement of expenses of $63,118 which are included in the request of the total award of Two Million Four Hundred Seventy Five Thousand Dollars ($2.475M) as and for Counsel Fees and Reimbursement of Expenses. This request for reimbursement of expenses is also not opposed by Defendant Mercedes-Benz USA, LLC.  The Court finds the expenses as reasonable and that such expenses are the type of expenses regularly advanced in class action litigation and therefore, the reimbursement of expenses of Sixty Three Thousand One Hundred Eighteen Dollars ($63,118) is approved.

11.  Accordingly, the Court hereby awards Class Counsel the requested amount of Two Million Four Hundred Seventy Five Thousand Dollars ($2,475,000) as and for Counsel Fees and Reimbursement of Expenses.

12.  In addition, Class Counsel and Plaintiffs have requested an incentive award to Plaintiffs of $21,000, comprised of $9,000 for Plaintiff Seifi, $9,000 for Plaintiff Deakin and $3,000 for Plaintiff Reyner.  These incentive awards have been agreed to by the parties within the Settlement Agreement, subject to Court approval.  The incentive awards sought are justified and in line with incentive awards approved by this Court. *See Bellinghausen v. Tractor Supply Co.*, No. 13-cv-2377-JSC, 2015 WL 1289342, at *17 (N.D. Cal. Mar. 20, 2015) (awarding named class plaintiff $15,000 incentive award "in light of the time and effort Plaintiff expended for the benefit of the class."); *Navarro v. Servisair*, No. 08-cv-2716, MHP,  2010 WL 1729538, at *4 (N.D. Cal. Apr. 27, 2010) ("Based on this active participation, an incentive award of $10,000.00 is reasonable.").

-4- Case No. 12-CV-05493 (TEH)
[PROPOSED] ORDER GRANTING **AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND CLASS REPRESENTATIVE AWARD**

13. The Plaintiffs each came forward to initiate actions on behalf of Class Members in connection with their respective Class Vehicles and cooperated in every respect with Plaintiffs' Counsel. They provided documentation to counsel as evidence for their claims and the claims of the putative Class. In the case of Plaintiffs' Deakin and Seifi, they provided additional documents when requested, answered interrogatory requests and then supplemental requests, prepared for their depositions with Co-Lead Counsel and travelled to the offices of Defendants' counsel and answered questions during full day videotaped depositions. In addition, their respective spouses prepared for depositions and, in the case of Ms. Seifi, submitted to a deposition. Both Plaintiffs Seifi and Deakin participated in having their vehicles brought to a location selected by Defendant's counsel and allowed their respective vehicles to be physically inspected. Both also produced the damaged Subject Sprocket parts for inspection. Finally, all Plaintiffs have been involved in this action, have provided insight, assistance and remained in constant conduct with counsel to discuss the Litigation and the eventual Settlement; all Plaintiffs reviewed and approved the pleadings and motions filed while they were Plaintiffs and communicated with counsel about settlement discussions.

14. In light of the foregoing the incentive award of $21,000 as allocated hereinabove among the three (3) Class Representatives, is hereby approved.

15. The Court retains jurisdiction over the administration and effectuation of the Settlement.

16. The Court enters judgment and dismissal of the entire action with prejudice, as of the filing date of entry of this final order.

**IT IS SO ORDERED.**

Dated:  08/17/15

_____
HON. THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE



IT IS SO ORDERED AS MODIFIED
Judge Thelton E. Henderson

-5-    Case No. 12-CV-05493 (TEH)
[PROPOSED] ORDER GRANTING **AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND CLASS REPRESENTATIVE AWARD**